UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CORSI *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> INFOWARS, LLC *et al.*, <br><br> *Defendants*. | Civil Action No. 19-656 (TJK) |

## MEMORANDUM OPINION AND ORDER

This is a defamation case involving several political commentators, authors, and media personalities. Before the Court is Defendants' Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). For the reasons explained below, Defendants' motion will be granted in part because venue is improper in the District of Columbia, and the Court will transfer the case to the Western District of Texas.

**I.   Background**

Jerome Corsi is a self-styled "author and political commentator," and Larry Klayman is a "public interest legal advocate" and "media personality and author, columnist and syndicated radio talk show host." ECF No. 1 ("Compl.") ¶¶ 4–5. The duo sued InfoWars, LLC; Free Speech Systems, LLC; Alex Jones; David Jones; and Owen Shroyer for defamation, intentional infliction of emotional distress, assault, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). *Id.* at 2. In their complaint, Plaintiffs describe Alex Jones as a "well-known extreme 'conspiracy theorist' and media personality who creates content that is broadcasted on the radio and posted on the internet at www.infowars.com." *Id.* ¶ 8. He also

owns InfoWars and a related entity, Free Speech Systems. *Id.* ¶ 11; ECF No. 7 at 2 & n.2. David Jones is Alex Jones's father and the Director of Human Resources at Free Speech Systems. Compl. ¶ 9.[1] Shroyer is an InfoWars "newscaster" and co-host of a show with Roger Stone, an author and political operative recently convicted of various obstruction crimes after a trial in this District that, as explained below, plays a role in Plaintiffs' theory of venue. Compl. ¶¶ 10, 13; *see United States v. Stone*, No. 19-cr-18 (ABJ), 2020 WL 917295 (D.D.C. Feb. 20, 2020).

Plaintiffs' claims arise from statements made by Alex Jones and Stone (who is not named as a defendant) in several InfoWars videos—one from October 2018 and others from January 2019. They allege that Alex Jones falsely stated that Corsi "seemed to be extremely mentally degraded to the point of . . . dementia," had a stroke, and does not tell the truth, and that Stone likewise falsely stated that Corsi was fired from a prior job, is an alcoholic, often lies, is willing to perjure himself, has "betrayed" Stone, and is a "deep state" operative and a "fraud" who seeks to make political conservatives look bad. Compl. ¶¶ 42–55, 65–70. Plaintiffs also allege that in one of the videos, Stone—directing his comments at Corsi—says, "I look forward to our confrontation. I will demolish you," which Plaintiffs interpret as a threat intended to cause Corsi "to have heart attacks and strokes." *Id.* ¶¶ 29, 67, 70. Finally, they allege that Stone also attacked Klayman's reputation in an exchange with Shroyer in one of the videos, falsely stating that Klayman "could be the single worst lawyer in America," has "never actually won a courtroom victory in his life," and is an "idiot" and an "egomaniac." *Id.* ¶¶ 56, 60. Plaintiffs do

---

[1] Plaintiffs also allege that David Jones is a co-owner of InfoWars and Free Speech Systems, but Defendants deny this assertion. In any event, whether this is so does not affect the Court's analysis. Compl. ¶¶ 9, 11; ECF No. 7 at 2.

not allege that Shroyer himself made any of the relevant statements, and they make no allegations about David Jones's conduct at all.

According to Plaintiffs, Defendants made and ratified these statements because they were "working in concert with Stone to defame, intimidate, and threaten Plaintiffs" to influence the outcome of Stone's criminal trial. Compl. ¶¶ 22–28, 38, 40; *see* ECF No. 10 at 5–6.[2] Plaintiffs contend that Corsi, a former associate of Stone, was "Person 1" described in Stone's indictment, and Corsi anticipated he might be called as a witness at Stone's trial. Compl. ¶¶ 25, 28, 30. Plaintiffs allege that Stone intended his defamation campaign to diminish Corsi's value as a potential witness by besmirching Corsi's credibility and that of his attorney Klayman, deflecting blame for Stone's own acts onto Corsi, and coercing Corsi to testify falsely if called as a witness. *Id.* ¶¶ 5, 28, 30–31. They also allege that Stone intended to persuade potential donors to give to Stone's legal defense fund rather than Corsi's. *Id.* ¶¶ 28, 30.[3] According to Plaintiffs, Defendants conspired with Stone and acted as his surrogates to help him achieve these goals. *Id.* ¶¶ 9, 28, 31–33, 37, 47. Finally, Plaintiffs also allege that because Defendants are "conservative media personalities," who compete in the same market as Plaintiffs, their actions constitute unfair competition in violation of the Lanham Act. *Id.* ¶¶ 71–75, 105.

## II.  Legal Standard

When venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of establishing that the district she has chosen is a proper venue. *Crowley v. Napolitano*, 925 F. Supp. 2d 89, 91 (D.D.C. 2013). The Court "accepts the plaintiff's well-pled factual

---

[2] Although Stone was indicted after he and Alex Jones made the statements at issue, Plaintiffs allege that Defendants, expecting that Stone would be prosecuted, were by then trying to interfere with the trial that would follow. *See* Compl. ¶ 28.

[3] Corsi was not called as a witness at Stone's trial. *See United States v. Stone*, No. 19-cr-18 (ABJ) (D.D.C.) (docket).

allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). The Court need not, however, "accept the plaintiff's legal conclusions as true," *id.* at 277, and may consider material outside the pleadings, *see Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

### III. Analysis

Under 28 U.S.C. § 1391(b), the general venue statute, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

For starters, venue for this action is only even potentially proper in this District under 28 U.S.C. § 1391(b)(2); that is, if a "substantial part of the events or omissions giving rise to the claim occurred" here. Plaintiffs allege that venue would also be proper here under 28 U.S.C. § 1391(b)(3). Compl. ¶ 3. But that venue provision—limited to circumstances when "there is no district in which an action may otherwise be brought"—does not apply because venue would be proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1), where the individual defendants reside and the corporate defendants have their principal place of business. *See* 28 U.S.C. § 1391(b)(3); ECF No. 7 at 2, 13.

4

Defendants argue that venue is improper here under 28 U.S.C. § 1391(b)(2) because "none of the alleged events, let alone a substantial part, occurred in the District of Columbia." ECF No. 7 at 6.  As noted above, the individual defendants reside in Texas and the two corporate defendants are Texas entities with their principal places of business in Austin, Texas. Compl. ¶¶ 6–10.  They argue that all the statements at issue were made "on programs originating from" Texas, and none were made in the District of Columbia.  ECF No. 7 at 12.[4]  Plaintiffs do not contest these representations.  Thus, Defendants are right that venue is improper here because "a substantial part of the events or omissions giving rise to the claim[s]" did not occur in the District of Columbia.  28 U.S.C. § 1391(b)(2).

Plaintiffs say, to the contrary, that venue is proper in this District because Defendants: (1) "broadcast [their statements] into this judicial district by virtue of their availability on the internet," and (2) "targeted" their statements at the District of Columbia, because they intended to influence Stone's criminal prosecution here.  *See* ECF No. 10 at 10–11.  But the mere fact that a website hosting the allegedly defamatory statements is accessible from the District of Columbia does not create venue here under § 1391(b)(2) because it has nothing to do with where the acts "giving rise to the claim"—here, Alex Jones's statements, Stone's statements, and the alleged ratification of Stone's statements—occurred.  *See Nigerians in Diaspora Org. Americas v. Ogbonnia*, 203 F. Supp. 3d 45, 47 (D.D.C. 2016).  And Defendants' motivation for their conduct is equally irrelevant.  Plaintiffs cite no cases in which courts have adopted this novel venue theory, and this Court recently rejected the same theory in a closely related lawsuit

---

[4] Stone appeared on the videos remotely, and he apparently made his statements from his home in Fort Lauderdale, Florida.  *See Corsi v. Stone*, No. 19-324 (TJK), 2020 WL 999053, at *2 (D.D.C. Mar. 1, 2020).  In any case, no party alleges that any of the statements at issue were made in the District of Columbia.

brought by Corsi (represented by Klayman) against Stone. *Corsi v. Stone*, No. 19-324 (TJK), 2020 WL 999053 (D.D.C. Mar. 1, 2020). The Court does so again here, for the same reasons it explained in more depth in that case.

When venue is improper, a district court must either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This decision is committed to the sound discretion of the court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interest of justice requires transfer rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

Here, venue is proper in the Western District of Texas, because Defendants all reside there, and the case could have been brought there. *See* 28 U.S.C. §§ 1391(b)(1).[5] Defendants ask the Court to dismiss the case rather than transfer it, mainly because they would be unable at this point to move to dismiss under the Texas Citizens Participation Act (TCPA), Texas's anti-SLAPP statute. ECF No. 7 at 13. But since Defendants moved to dismiss, the Fifth Circuit decided that the TCPA does not apply in federal court. *Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019). And because Texas has a one-year statute of limitations for libel and slander, Plaintiffs would be unable to refile those claims in the Western District of Texas were the Court to dismiss their suit. Tex. Civ. Prac. & Rem. Code § 16.002. Because Plaintiffs would be prejudiced by dismissal but it appears Defendants will not be prejudiced by transfer, the Court will transfer the case to the Western District of Texas in the interest of justice.

---

[5] Venue also appears proper in the Northern District of Texas because "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* 28 U.S.C. § 1391(b)(2).

6

## IV. Conclusion

For the all the above reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF No. 7, is **GRANTED IN PART**.  The Court further **ORDERS** that the above-captioned action shall be **TRANSFERRED** to the Western District of Texas.

      **SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: March 10, 2020