## UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| DR. JEROME CORSI and LARRY KLAYMAN, | CIVIL ACTION NO. 1:20-CV-00298-LY |
| Plaintiffs, | |
| vs. | |
| INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, and OWEN SHROYER, | SUPPLEMENT TO MOTION FOR ADMISSION *PRO HAC VICE* OF MARC J. RANDAZZA |
| Defendants. | |

In supplement to the accompanying Motion for Admission *Pro Hac Vice*, Marc J. Randazza sets forth as follows:

1. The bars to which Applicant has been admitted is attached as **Exhibit 1**.

2. Applicant has been disciplined by the Supreme Court of Nevada (and reciprocally elsewhere).

3. More specifically, a stayed suspension was issued by the Nevada Supreme court in *In re Marc J. Randazza*, Bar No. 12265, No. 76543 (Nev. Oct. 10, 2018) pursuant to an Order Approving Conditional Guilty Plea.

4. Copies of the Order and Conditional Guilty Plea are enclosed as **Exhibits 2 and 3**.

5. The Order arises from a negotiated agreement between myself and the Southern Nevada Disciplinary Board.

6. The stipulated facts forming the basis of the discipline are as set forth in the enclosed Conditional Guilty Plea.

7. As set forth in the Conditional Guilty Plea, the discipline arose from a specific circumstance where Applicant represented a company as in-

house counsel, along with its sister entity.  Those circumstances will not repeat themselves as Applicant is not in-house counsel for any of his clients and he now recognizes where he misunderstood his ethical obligations.

8. The primary discipline imposed was a 12-month suspension, stayed for 18 months, during which time Applicant is fully permitted to practice law without restriction, so long as no further discipline is imposed.

9. Applicant is otherwise abided the other conditions of the Order and Applicant is aware of no other grievances, with the exception of reciprocal proceedings arising from the discipline, and a "screening" by the State Bar of Arizona which involves the same set of operative facts as the underlying discipline in Nevada.[1]

10. Reciprocal discipline in the nature of a probation or stayed suspension has been imposed by the State of Arizona, the Commonwealth of Massachusetts, and the State of California.  See **Exhibits 4, 5 & 6**. Reciprocal discipline of a stayed suspension was imposed by the U.S. District Court for the District of Massachusetts and by the U.S. Patent & Trademark Office.  See **Exhibits 7 & 8.**  Reciprocal discipline in the nature of an active suspension was imposed by the U.S. District Court for the District of Nevada, which expires on April 10, 2020.  See **Exhibit 9.**

11. Reciprocal discipline proceedings remain pending in the State of Florida and the U.S. District Court for the Southern District of Florida.

---

[1] This screening arises from the complaint of a non-client with no involvement in the proceeding. This individual has also filed complaints in the State of California and the State of Florida that have not proceeded beyond the investigation process.

# Exhibit 1

# Marc J. Randazza, Esq.

### State Bar Admissions

| State | Date of Admission | Bar No. | Good Standing |
|---|---|---|---|
| Commonwealth of Massachusetts | 01/24/2002 | 651477 | Yes |
| State of Florida | 03/25/2003 | 625566 | Yes |
| State of California | 05/20/2010 | 269535 | Yes |
| State of Arizona | 08/26/2010 | 027861 | Yes |
| State of Nevada | 01/06/2012 | 12265 | Yes |

### Federal Court Admissions

| Title of Court | Date of Admission | Good Standing |
|---|---|---|
| Supreme Court of the United States | 02/28/2005 | Yes |
| U.S. Court of Appeals for the First Circuit | 05/08/2003 | Yes |
| U.S. Court of Appeals for the Fourth Circuit | 11/06/2015 | Yes |
| U.S. Court of Appeals for the Sixth Circuit | 07/30/2013 | Yes |
| U.S. Court of Appeals for the Seventh Circuit | 11/06/2009 | Yes |
| U.S. Court of Appeals for the Ninth Circuit | 09/04/2009 | Yes |
| U.S. Court of Appeals for the Tenth Circuit | 11/03/2011 | Yes |
| U.S. Court of Appeals for the Eleventh Circuit | 06/20/2003 | Yes |
| U.S. Court of Appeals for the Federal Circuit | 09/01/2006 | Yes |
| U.S. District Court for the District of Massachusetts | 06/12/2002 | Yes |
| U.S. District Court for the Northern District of Florida | 05/17/2005 | Yes |
| U.S. District Court for the Middle District of Florida | 06/09/2003 | Yes |
| U.S. District Court for the Southern District of Florida | 08/04/2006 | Yes |
| U.S. District Court for the Northern District of Texas | 11/12/2009 | Yes |
| U.S. District Court for the Eastern District of California | 06/08/2010 | Yes |
| U.S. District Court for the Southern District of California | 06/08/2010 | Yes |
| U.S. District Court for the Central District of California | 06/08/2010 | Yes |
| U.S. District Court for the Northern District of California | 06/22/2010 | Yes |
| U.S. District Court for the District of Arizona | 10/19/2010 | Yes |
| U.S. District Court for the District of Colorado | 03/28/2011 | Yes |
| U.S. District Court for the District of Nevada | 02/01/2012 | Suspended until 4/10/20 |
| U.S. District Court for the Eastern District of Wisconsin | 06/18/2010 | Yes |
| U.S. District Court for the Northern District of Ohio | 02/13/2012 | Yes |
| U.S. District Court for the Eastern District of Michigan | 06/30/2009 | Yes |

# Exhibit 2

FILED

Case No.:  OBC15-0747

JUN 05 2018

STATE BAR OF NEVADA
BY: _____
OFFICE OF BAR COUNSEL

STATE BAR OF NEVADA

SOUTHERN NEVADA DISCIPLINARY BOARD

STATE BAR OF NEVADA,                    )
                                        )
        Complainant,                    )
                                        )     CONDITIONAL GUILTY PLEA
    vs.                                 )     IN EXCHANGE FOR A STATED
                                        )     FORM OF DISCIPLINE
MARC J. RANDAZZA, ESQ.,                 )
                                        )
        Nevada Bar No. 012265,          )
        Respondent.                     )

        Marc J. Randazza ("Respondent"), Bar No. 012265 hereby tenders to Assistant Bar Counsel for the State Bar of Nevada a Conditional Guilty Plea ("Plea") pursuant to Supreme Court Rule ("SCR") 113(1) and agrees to the imposition of the following Stated Form of Discipline in the above-captioned cases.

I.
CONDITIONAL GUILTY PLEA

        Through the instant Plea, Respondent agrees and admits as follows:

        1.      Respondent is now and at all times since January 6, 2012 was a licensed attorney in the State of Nevada.

        2.      The State Bar filed a Formal Complaint on the above referenced case on January 25, 2016.   Thereafter, the State Bar filed an Amended Complaint on December 16, 2016. Respondent filed various Motions to Dismiss the Amended Complaint and then ultimately filed a Verified Response to the Amended Complaint on October 23, 2017.

        3.      In accordance with the Stipulation of Facts herein, Respondent pleads guilty and admits that he violated Rules of Professional Conduct ("RPC") as follows:

SBN EXH 1, PG.0001

## II.
## STIPULATION OF FACTS

The facts stipulated to and agreed upon between Respondent and the State Bar of Nevada in support of this conditional plea are as follows:

1.     Respondent is now a licensed attorney in the states of Nevada, California, Florida, Arizona, and Massachusetts.  Respondent became licensed in the State of Nevada on or about January 6, 2012 and has been assigned Bar No. 12265.

2.     In or about June 2009, Respondent entered into an agreement with Excelsior Media Corp ("Excelsior") which provided, among other things, that Respondent would become in-house general corporate counsel for Excelsior ("Legal Services Agreement").   The Legal Services Agreement did not prohibit Respondent from also maintaining a private legal practice to provide legal services to clients other than Excelsior.

3.     At the time the Legal Services Agreement was entered into, Excelsior was headquartered in California and Respondent was licensed to practice law in the State of Florida. For a period of time following execution of the Legal Services Agreement, Respondent relocated to California, obtained admission to the State Bar of California, and maintained his primary office to perform legal work for Excelsior in California.

4.     At the time the Legal Services Agreement was entered into, Excelsior had a subsidiary or affiliate called Liberty Media Holdings, LLC ("Liberty").   Liberty was engaged in the business of production and distribution of pornography.  After entering into the Legal Services Agreement, Respondent provided legal services to both Excelsior and Liberty, although no separate agreement was entered into by and between Liberty and Respondent.

5.     In or about February 2011, Excelsior relocated its corporate headquarters to Las Vegas, Nevada.  In or about June 2011, Respondent relocated to Las Vegas, Nevada and continued working as general corporate counsel for Excelsior.  Prior to June 2011, Respondent was not

**SBN EXH 1, PG.0002**

engaged in the practice of law in the State of Nevada in any capacity, except to the extent such was in his capacity as a member of the bar of the U.S. District Court for the District of Nevada.

6.    At the direction of Excelsior, Respondent pursued violations of Liberty's intellectual property rights by third parties through his separate law firm.

7.    On or about June 20, 2012, Respondent, on behalf of Liberty, filed a lawsuit in US District Court, District of Nevada against FF Magnat Limited d/b/a Oron.com ("Oron") for alleged violations of Liberty's intellectual property. See Case No. 2:12-cv-01057-GMN-RJJ (hereinafter "Oron Litigation").

8.    On or about June 21, 2012, Respondent obtained an injunction in the Oron Litigation freezing certain accounts and funds belonging to Oron.

9.    On July 1, 2012, Respondent and attorneys for Oron signed a letter memorializing settlement terms in regards to the Oron Litigation and a similar case between the two parties in Hong Kong (hereinafter "Settlement Letter"). An essential part of the Settlement Letter was that Oron would pay Liberty the sum of $550,000 with said sum payable to Respondent's Attorney-Client Trust Account.

10.    A dispute arose after the Settlement Letter was signed. On behalf of Liberty, Respondent filed a Motion to Enforce Settlement.

11.    By Order dated August 7, 2012, the United States District Court found that the Settlement Letter constituted an enforceable contract as there was a "meeting of the minds as to all material terms on July 5, 2012." A Judgment was entered in the docket of the above-entitled Court in favor of Liberty as Judgment Creditor and against Oron as Judgment Debtor for $550,000.00.

12.    By Order dated August 21, 2012, the United States District Court ordered PayPal, Inc., to transfer funds belonging to Oron to satisfy the Judgment by paying $550,000.00 to the trust account of Randazza Legal Group.

13. Between August 7, 2012 and August 13, 2012, Respondent and Oron continued discussions regarding reducing the terms of the Settlement Letter and the Judgment into a more definitive written agreement although the District Court had already enforced the settlement and reduced the $550,000.00 settlement amount ("Settlement Amount") to judgment ("Post-Judgment Discussions").

14. During the Post-Judgment Discussions, Oron informed Respondent that it wanted to enter into an agreement to retain Respondent for bona fide legal services, which would have the practical effect of potentially conflicting off Respondent from ever representing a client in litigation against Oron in the future.

15. Subject to the agreement of Liberty and Liberty's execution of a written agreement, Respondent negotiated a separate agreement with Oron whereby $75,000 of Oron's frozen funds would be released to Oron's counsel with the understanding, but no guarantee, that such funds would be used to retain Respondent as counsel for Oron for the payment of $75,000, which would have the practical effect of potentially conflicting Respondent off any future litigation against Oron ("Post-Judgment Agreement").

16. On or about August 13, 2012, Respondent informed Liberty of the proposed Post-Judgment Agreement by presenting a copy thereof to Liberty's CEO Jason Gibson for his review, approval and signature. The Post-Judgment Agreement encompassed the payment of the $550,000 Settlement Amount and Judgment by Oron to Liberty as well as the release of $75,000 of Oron's frozen funds to Oron's counsel.

17. On or about August 13, 2012, Respondent and Jason Gibson discussed the proposed unfreezing of $75,000 of Oron's funds. Jason Gibson expressed concerns to Respondent about the disposition of that $75,000 and did not consent to such unfreezing.

18. As a result of the August 13, 2012 discussion between Jason Gibson and Respondent, the Post-Judgment Agreement was not executed. Oron's frozen funds were not

released, Respondent did not receive a $75,000 payment, and Respondent did not become counsel for Oron which might have conflicted him off from opposing Oron in future litigation.

19.    In response to the District Court's Order dated August 21, 2012, PayPal transferred $550,000 of Oron's funds to pay the $550,000 Settlement Amount and Judgment in favor of Liberty.  A full and proper accounting of those funds has occurred with Liberty receiving its appropriate share.

20.    During August of 2012, Respondent and Jason Gibson also discussed pursuing further litigation on behalf of Liberty against Oron and/or its affiliates or related parties in overseas jurisdictions.  Respondent estimated additional litigation costs and expenses (not to include attorney's fees) in an amount approximating $50,000.  Mr. Gibson informed Respondent that Liberty was prepared to advance $25,000 for additional costs and expenses if Respondent would advance the other half.  Respondent informed Mr. Gibson that he would personally advance the additional required $25,000.  To memorialize the $25,000 as an advancement of costs and expenses, Respondent requested Liberty execute a promissory note to that effect.

21.    On or about August 21, 2012, pursuant to Respondent's advancement to Liberty of the $25,000, Mr. Gibson signed a promissory note on Liberty's behalf noting the terms of repayment.

22.    Respondent did not advise Liberty, in writing, of its right to seek the advice of independent counsel with regards to the promissory note.

23.    Respondent's employment by Excelsior ceased on or about August 29, 2012 after he indicated a likely need to withdraw from representing Liberty.  Respondent and Excelsior dispute whether Respondent resigned or was terminated by Excelsior.

24.    RPC 5.6 reads, in part, that "[a] lawyer shall not participate in offering or making ... [a]n agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy."  As part of the negotiations culminating in the drafting of the proposed

Post-Judgment Agreement to which Liberty was a proposed party and signatory, Respondent offered to enter into an agreement which would have the likely effect of restricting Respondent's right to practice law.

25.    RPC 1.8(a) mandates that "a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory security or other pecuniary interest adverse to a client  unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client, and(b) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction." Respondent did not advise Liberty, in writing, of the desirability or advisability of seeking the advice of independent legal counsel on the fairness of the $25,000 advance or give Liberty the reasonable opportunity to seek the advice of independent counsel before accepting the advance and signing the promissory note.

## AGGRAVATION / MITIGATION

1.    Pursuant to SCR 102.5(1) (Aggravation and mitigation), the Parties considered the following *aggravating* factors in considering the discipline to be imposed:

(i)    Substantial experience in the practice of law.

2.    Pursuant to SCR 102.5(2) (Aggravation and mitigation), the Parties considered the following *mitigating* factors in considering the discipline to be imposed:

(a) Absence of prior disciplinary record;

(e) Full and free disclosure to disciplinary authority or cooperative attitude toward proceeding including Respondent's self-reporting of the results of an arbitration proceeding which reopened this matter after the initial complaint had been closed;

(j)     Delay in disciplinary proceedings recognizing that all allegations relate to alleged conduct occurring almost 6 and 7 years prior to this Conditional Guilty Plea with no further complaints filed with the bar subsequent to that time.

## III.
## STATED FORM OF DISCIPLINE

Based upon the above and foregoing, the Parties agree to recommend attorney discipline subject to the following conditions:

1.      The Respondent agrees to accept a term of suspension of 12 months, with the suspension stayed; said suspension is to begin on the date of the Nevada Supreme Court's Order approving the conditional guilty plea in this matter.

2.      The Respondent will be placed on an eighteen-month term of probation, said probation to begin on the date of the Nevada Supreme Court's order approving the conditional guilty plea in this matter.

3.      The Respondent will "stay out of trouble" during his term of probation, meaning that he will have no new grievance arising out of conduct post-dating the date of this Conditional Guilty Plea resulting in the imposition of actual discipline (a Letter of Reprimand or above- SCR 102) against him during his term of probation.

4.      The Respondent will successfully complete twenty hours of Continuing Legal Education ("CLE"), in addition to his normal CLE requirements, during his term of probation. The twenty CLE hours will all be ethics credits, cannot be used as credit against any other CLE requirements, and will be reported to the State Bar of Nevada.

5.      The Respondent will seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period.

6.    The Respondent agrees to pay SCR 120(1) fees in the amount of $2,500.00, and to pay the actual costs of the disciplinary proceeding.  That amount is to be paid in full within thirty days of receipt of a billing from the State Bar.

7.    If any of these terms is violated by the Respondent, it will be grounds for the State Bar to seek to impose the stayed portion of the suspension.

IV.
## CONDITIONAL AGREEMENT BY THE STATE BAR

Conditional to approval by the Nevada Supreme Court of the instant Plea, the State Bar agrees to:

1.    Dismiss all remaining allegations of violations of Rules, with prejudice.

V.
## APPROVAL OF RESPONDENT

Having read the Plea and being satisfied with it, the same is hereby approved by Respondent.

Respondent acknowledges that he has had the opportunity to discuss this Plea with counsel of his choosing.  Respondent fully understands the terms and conditions set forth herein and enters into this Plea freely and voluntarily.

DATED this 22 day of May, 2018.

Marc J. Randazza, Esq.
Nevada Bar No. 012265
c/o Dominic Gentile. Esq.
410 South Rampart Boulevard, Suite 420
Las Vegas, NV 89145

V.
## APPROVAL OF BAR COUNSEL

Having read the Plea tendered by Respondent and being satisfied with the contents therein,

I hereby approve and recommend the Plea for approval by the Formal Hearing Panel.

DATED this ___4___ day of ~~May,~~ 2018.
                          June

                              STATE BAR OF NEVADA
                              Janeen V. Isaacson, Acting Bar Counsel

                              By: _____
                                  Matthew Carlyon
                                  Assistant Bar Counsel
                                  Nevada Bar No. 12712
                                  3100 W. Charleston Blvd., Suite 100
                                  Las Vegas, Nevada, 89102

# Exhibit 3

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

**FILED**

OCT 10 2018


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marc J. Randazza. Under the agreement, Randazza admitted to violating RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice) in exchange for a 12-month suspension, stayed for a period of 18 months subject to conditions.

Randazza has admitted to the facts and the violations alleged in two counts set forth in the amended complaint.[1] The record therefore establishes that Randazza violated the above-listed rules by loaning money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline

---

[1]In exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining seven counts in the amended complaint.

18-39837

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client. The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings). Considering all the factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already.  The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.                    _____, J.
Cherry                                   Gibbons

_____, J.                    _____, J.
Pickering                                Hardesty

_____, J.                    _____, J.
Parraguirre                              Stiglich

cc:     Chair, Southern Nevada Disciplinary Panel
        Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
        Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

# Exhibit 4

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA, <br><br> **MARC J. RANDAZZA,** <br> **Bar No. 027861** <br><br> Respondent. | **PDJ-2018-9110** <br><br> **FINAL JUDGMENT AND ORDER OF REPRIMAND AND PROBATION** <br><br> [State Bar No. 18-3420-RC] <br><br> **FILED JANUARY 14, 2019** |

Under Rules 54(h) and 57(b), *Reciprocal Discipline*, Ariz. R. Sup. Ct.,[1] a certified copy of the Supreme Court of Nevada's Order Approving Conditional Guilty Plea Agreement was received by the Presiding Disciplinary Judge (PDJ).

The Order imposed a 12-month suspension, which was stayed for 18 months subject to conditions. The conditions include the following terms: Respondent shall have no new grievances out of conduct post-dating the date of the plea which results in the imposition of discipline; 2) successfully complete during the period of probation 20 hours of continuing legal education (CLE) in ethics in addition to any yearly CLE requirements; 3) seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflict of interest waivers during the period of probation; 4) pay actual costs of disciplinary

---

[1] Unless otherwise stated, all rule references are to the Ariz. R. Sup. Ct.

proceeding including $2,500.00 under SCR 120. The suspension was for Mr. Randazza's failure to avoid conflict of interests with clients and failure to advise the client of their right to seek the advice of independent counsel regarding a promissory note.

Notice of the filing of that Order was issued to the parties on November 11, 2018, in compliance with Rule 57(b)(2). Under Rule 57(b)(3), the PDJ "shall impose the identical or substantially similar discipline" unless Bar Counsel or Respondent establishes by preponderance of the evidence one of the four elements listed under that rule. Both the State Bar and Mr. Randazza filed responses. The State Bar asserts under Rule 57(b)(3), no factors are applicable, and a sanction of reprimand and probation are appropriate under the facts of this matter. Mr. Randazza asserts suspension in this matter is not warranted and would in fact be punitive. He states the appropriate resolution in this matter is to stay these proceedings until successful completion his term of probation in Nevada and to then dismiss this matter.  In the alternative, Mr. Randazza requests a reprimand, or at most, be placed on probation with no additional terms.

Arizona does not recognize a stayed suspension subject to conditions. Rule 60, Ariz. R. Sup. Ct. Therefore, the imposition of an identical sanction is not appropriate and a suspension in Arizona may not be stayed in favor of probation.

We are reminded that the objective of lawyer discipline proceedings is to protect the public, the profession, and the administration of justice, and not to punish the lawyer. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297. Imposing a reprimand and probation serves to advise the Bar and the public that Mr. Randazza engaged in conduct that violated the Rules of Professional Conduct. It serves the purpose of protecting the public, the integrity of the profession, educating other lawyers, and instilling confidence in the integrity of the disciplinary process. A reprimand and eighteen (18) months of probation is substantially similar discipline

Now Therefore,

**IT IS ORDERED** imposing reciprocal discipline of reprimand and eighteen (18) months of probation upon Respondent, **MARC J. RANDAZZA, Bar No. 027861,** effective immediately.

**IT IS FURTHER ORDERED** Mr. Randazza shall be placed on probation for eighteen (18) months to run concurrently with the terms and conditions as set forth in the Nevada Order Approving Guilty Plea Agreement dated October 10, 2018.

**IT IS FURTHER ORDERED** Mr. Randazza shall be responsible for the costs associated with this matter in the amount of $1,200.00.

**DATED** this 14th day of January 2019.

*William J. O'Neil*
_____
**William J. O'Neil, Presiding Disciplinary Judge**

3

Copy of the foregoing e-mailed/mailed
this 14th day of January 2019, to:

Jon Weiss                                    Maret Vessella
Lewis Roca Rothgerber Christie LLP            Chief Bar Counsel
201 E. Washington Street, Suite 1200          State Bar of Arizona
Phoenix, AZ  85004-2595                       4201 North 24th Street, Suite 100
Email: jweiss@lrrc.com                        Phoenix, AZ 85016-6288
Respondent's Counsel                          Email: LRO@staff.azbar.org


by: AMcQueen

# Exhibit 5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPREME JUDICIAL COURT
                                      FOR SUFFOLK COUNTY
                                      NO:  BD-2018-110

IN RE: MARC JOHN RANDAZZA

<u>ORDER OF TERM SUSPENSION/STAYED</u>

This matter came before the Court, Gaziano, J., on a
Petition for Reciprocal Discipline pursuant to S.J.C. Rule 4:01,
§ 16, and the Order entered in the Supreme Court of the State of
Nevada filed by the Office of Bar Counsel on December 11, 2018.

On December 12, 2018, an Order of Notice issued and was
served on the lawyer in the manner specified in S.J.C. Rule
4:01, § 21, directing him to inform the Court within thirty
(30) days why the imposition of the identical discipline would
be unwarranted in the Commonwealth of Massachusetts. On January
15, 2019, the lawyer filed his response to the petition and a
hearing was scheduled for March 26, 2019. On March 19, 2019,
counsel for the lawyer filed a motion to continue the hearing,
which was allowed by this Court and the hearing was rescheduled
for May 2, 2019.  Bar Counsel's reply to the lawyer's response
was filed by Acting Bar Counsel on April 2, 2019, and the lawyer
then filed his memorandum in response to Acting Bar Counsel's
reply on April 26, 2019.

RECEIVED
5/14/2019 2:54 PM
MAURA S. DOYLE, CLERK
SUPREME JUDICIAL COURT
THE COUNTY OF SUFFOLK

Upon consideration thereof, and after a hearing attended by acting bar counsel, the lawyer and his counsel;

It is ORDERED that:

Marc John Randazza is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of twelve (12) months, with the execution of the suspension stayed for a period of eighteen (18) months, retroactive to October 10, 2018, conditioned upon the lawyer's compliance with the Order entered in the Supreme Court of Nevada, attached hereto and incorporated herein.

After eighteen (18) months from October 10, 2018, the lawyer may file an affidavit of compliance with the Office of Bar Counsel and the Clerk of the Supreme Judicial Court for the County of Suffolk, that he has complied with this Order.  Upon receipt, and with the assent of the Office of Bar Counsel, the lawyer may then request that this court issue an order that he is no longer subject to the twelve (12) month suspension for the misconduct that gave rise to the instant petition for discipline.

By the Court, (Gaziano, J.)

Assistant Clerk

Entered:   May 14, 2019



EXHIBIT

*A*

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

# FILED

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marc J. Randazza. Under the agreement, Randazza admitted to violating RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice) in exchange for a 12-month suspension, stayed for a period of 18 months subject to conditions.

Randazza has admitted to the facts and the violations alleged in two counts set forth in the amended complaint.[1] The record therefore establishes that Randazza violated the above-listed rules by loaning money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline

---

[1] In exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining seven counts in the amended complaint.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-39837

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client. The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings). Considering all the factors, we conclude that the agreed-upon discipline is appropriate.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already. The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.                    _____, J.
Cherry                                          Gibbons

_____, J.                    _____, J.
Pickering                                       Hardesty

_____, J.                    _____, J.
Parraguirro                                     Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cc:   Chair, Southern Nevada Disciplinary Panel
      Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
      Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court

# Exhibit 6

SUPREME COURT
F I L E D

DEC 1 1 2019

Jorge Navarrete Clerk

_____

Deputy

(State Bar Court No. SBC-19-J-30338)

**S258331**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MARC JOHN RANDAZZA on Discipline

The court orders that Marc John Randazza (Respondent), State Bar Number 269535, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and Respondent is placed on probation for one year subject to the following conditions:

1. Respondent must comply with the conditions of probation recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed on August 13, 2019; and

2. At the expiration of the period of probation, if Respondent has complied with the terms of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

Respondent must provide to the State Bar's Office of Probation proof of taking and passing the Multistate Professional Responsibility Examination as recommended by the Hearing Department in its Order Approving Stipulation filed on August 13, 2019. Failure to do so may result in suspension. (Cal. Rules of Court, rule 9.10(b).)

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

**CANTIL-SAKAUYE**

_____

*Chief Justice*

# Exhibit 7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE:  MARC J. RANDAZZA, )
)
Respondent. )        Misc. Business Docket No.
)        18-mc-91490-FDS
)
)
)

## ORDER CONCERNING RECIPROCAL DISCIPLINE

**SAYLOR, J.**

On October 29, 2018, respondent Marc J. Randazza notified the court that he had been subject to attorney discipline by the Supreme Court of Nevada.  On November 19, 2018, the court issued an order to respondent pursuant to Local Rule 83.6.9(b) to show cause within 28 days why this Court should not impose the identical discipline.  On December 12, 2018, respondent filed a response to the order to show cause.

It appears that the discipline imposed by the Supreme Court of Nevada was effectively a term of probation, with a suspension stayed until April 10, 2020, with the respondent subject to certain conditions, including that he "stay out of trouble" and complete additional ethics training.

Under Local Rule 83.6.9(d), "[i]n the event the [disciplinary] action imposed in the other jurisdiction has been stayed there, any reciprocal action taken by this court shall be deferred until such stay expires."  Under the circumstances, this Court will not take reciprocal disciplinary action until the Nevada stay expires on April 10, 2020; provided, however, that this Court reserves the right to vacate or modify this Order pending further developments in Nevada or elsewhere.  Respondent is directed to notify the Court of the status of the Nevada matter within

14 days after the stay in that proceeding expires.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
United States District Judge

Dated:  December 19, 2018

# Exhibit 8



## UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF THE GENERAL COUNSEL

July 23, 2019

Mr. Marc J. Randazza                    CERTIFIED MAIL _7017 2620 0000 0105 7585_
Randazza Legal Group, PLLC              RETURN RECEIPT REQUESTED
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

PERSONAL AND CONFIDENTIAL
Re: File No. D2019-25

FINAL ORDER PURSUANT TO 37 C.F.R. § 11.24

Dear Mr. Randazza:

Enclosed please find a service copy of a Final Order signed on behalf of the Under Secretary of
Commerce for Intellectual Property and Director of the United States Patent and Trademark
Office.

The Final Order will be published on the USPTO FOIA web page
(https://foiadocuments.uspto.gov/oed/) and the Notice of Stayed Suspension will be published in
the Official Gazette.

If you require any additional information or records, you may contact the Office of Enrollment
and Discipline at 571-272-4097, or by writing to Mail Stop OED, U.S. Patent and Trademark
Office, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Sincerely,

Tricia Choe
Associate Counsel
Office of General Law

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| Marc J. Randazza, | ) | Proceeding No. D2019-25 |
| | ) | |
| Respondent | ) | |
| | ) | |

## FINAL ORDER PURSUANT TO 37 C.F.R. § 11.24

Pursuant to 37 C.F.R. § 11.24(b), Marc J. Randazza ("Respondent") is hereby suspended from the practice of trademark and other non-patent law before the United States Patent and Trademark Office ("USPTO" or "Office") for one year, stayed for eighteen months subject to conditions, for violation of 37 C.F.R. § 11.804(h).

### Background

By Order dated October 10, 2018, the Supreme Court of the State of Nevada in its order in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453, suspended Respondent for one year, stayed for eighteen months subject to conditions, from the practice of law in that jurisdiction.

On June 11, 2019, a "Notice and Order Pursuant to 37 C.F.R. § 11.24" ("Notice and Order"), was sent by certified mail (receipt no. 70172620000001058230) notifying Respondent that the Director of the Office of Enrollment and Discipline ("OED Director") had filed a "Complaint for Reciprocal Discipline Pursuant to 37 C.F.R. § 11.24" ("Complaint") requesting that the Director of the USPTO impose reciprocal discipline upon Respondent identical to the discipline imposed by the Supreme Court of the State of Nevada on October 10, 2018 in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453. The Notice and Order was delivered to Respondent on June 14, 2019.

The Notice and Order provided Respondent an opportunity to file, within forty (40) days,

a response opposing the imposition of reciprocal discipline identical to that imposed by the State of Nevada, based on one or more of the reasons provided in 37 C.F.R. § 11.24(d)(1). Respondent filed a timely letter dated July 15, 2019 responding to the Notice and Order.

### Analysis

In his response, Respondent indicates that he is "amenable to the imposition of discipline identical to that imposed by the Supreme Court of the State of Nevada in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453." (Ex. 1). He further states that he "[does] not believe there is any genuine issue of material fact that the imposition of identical discipline would be unwarranted." *Id.*

Given that Respondent believes that it is appropriate for the USPTO to impose reciprocal discipline on the same terms and conditions as those set forth in the October 10, 2018 Order of the Supreme Court of the State of Nevada in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453, it is hereby determined that there is no genuine issue of material fact under 37 C.F.R. § 11.24(d), and that it is the appropriate discipline to suspend Respondent from the practice of trademark and other non-patent law before the USPTO for one year, stayed for eighteen months, subject to Respondent's successful compliance with conditions during the eighteen-month stay, as set by the Supreme Court of the State of Nevada.

ACCORDINGLY, it is hereby ORDERED that:

1.    Respondent be, and hereby is, suspended from the practice of trademark and other non-patent law before the USPTO for one year, stayed for eighteen months, subject to Respondent's successful compliance with conditions during the eighteen-month stay, as set by the Supreme Court of the State of Nevada, effective the date of this Final Order;

2.    The OED Director publish a notice in the Official Gazette that is materially consistent with the following:

2

## Notice of Stayed Suspension

This notice concerns Marc J. Randazza of Las Vegas, Nevada, who is authorized to practice before the Office in trademark and non-patent matters. In a reciprocal disciplinary proceeding, the Director of the United States Patent and Trademark Office ("USPTO") has ordered that Mr. Randazza be suspended from practice before the USPTO in trademark and other non-patent matters for one year, stayed for eighteen months subject to conditions, for violating 37 C.F.R. § 11.804(h), predicated upon being suspended (stayed) from the practice of law by a duly constituted authority of a State. Mr. Randazza is not authorized to practice before the Office in patent matters.

Mr. Randazza was suspended for one year, stayed for eighteen months subject to conditions set by the Supreme Court of the State of Nevada, for knowingly violating duties owed to his client (conflict of interest) and the legal profession (restrictions on the right to practice) arising out of a matter in which Mr. Randazza loaned money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

This action is taken pursuant to the provisions of 35 U.S.C. § 32 and 37 C.F.R. § 11.24. Disciplinary decisions are available for public review at the Office of Enrollment and Discipline's FOIA Reading Room, located at: https://foiadocuments.uspto.gov/oed/;

and

3.     The OED Director give notice pursuant to 37 C.F.R. § 11.59 of the public

discipline and the reasons for the discipline to disciplinary enforcement agencies in the state(s)

where Respondent is admitted to practice, to courts where Respondent is known to be admitted,

and to the public.

23 July 2019

Date

David Shewchuk
Deputy General Counsel for General Law
United States Patent and Trademark Office

on delegated authority by

Andrei Iancu
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

3

cc:

OED Director

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Final Order Pursuant to 37 C.F.R. § 11.24 was mailed by first-class certified mail, return receipt requested, on this day to the Respondent at the address listed by the Nevada State Bar for Respondent and to where the OED Director reasonably believes Respondent receives mail::

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

7/23/2019
Date

United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## Notice of Stayed Suspension

This notice concerns Marc J. Randazza of Las Vegas, Nevada, who is authorized to practice before the Office in trademark and non-patent matters. In a reciprocal disciplinary proceeding, the Director of the United States Patent and Trademark Office ("USPTO") has ordered that Mr. Randazza be suspended from practice before the USPTO in trademark and other non-patent matters for one year, stayed for eighteen months subject to conditions, for violating 37 C.F.R. § 11.804(h), predicated upon being suspended (stayed) from the practice of law by a duly constituted authority of a State. Mr. Randazza is not authorized to practice before the Office in patent matters.

Mr. Randazza was suspended for one year, stayed for eighteen months subject to conditions set by the Supreme Court of the State of Nevada, for knowingly violating duties owed to his client (conflict of interest) and the legal profession (restrictions on the right to practice) arising out of a matter in which Mr. Randazza loaned money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

This action is taken pursuant to the provisions of 35 U.S.C. § 32 and 37 C.F.R. § 11.24. Disciplinary decisions are available for public review at the Office of Enrollment and Discipline's FOIA Reading Room, located at: https://foiadocuments.uspto.gov/oed/.


23 July 2019
_____
Date

_____
David Shewchuk
Deputy General Counsel for General Law
United States Patent and Trademark Office

on delegated authority by

Andrei Iancu
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

# Exhibit 9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

In re: Marc J. Randazza,
Attorney at Law, Bar No. 12265

Case No. 2:19-cv-01765-MMD

ORDER OF SUSPENSION

## I.    SUMMARY

This is an attorney discipline matter. Before the Court is Marc J. Randazza's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on October 10, 2018. (ECF Nos. 1 (OSC), 3 (the "Response").) As further explained below, the Court will suspend Mr. Randazza from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Randazza's compliance with the probationary conditions the NSC imposed on him. However, Mr. Randazza may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

## II.    BACKGROUND

Mr. Randazza was suspended by the NSC following his conditional guilty plea to a charge that he violated "RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice)." (ECF No. 3 at 15.) While Mr. Randazza's suspension was stayed, he is currently subject to several probationary conditions imposed by the NSC. (*Id.* at 17.) Until at least April 10, 2020, Mr. Randazza must: (1) "stay out of trouble;" (2) successfully complete 20 hours of ethics CLE in addition to his normal CLE requirements; and (3) seek the advice of an independent and unaffiliated

1  ethics attorney in each relevant jurisdiction before obtaining any conflicts of interest

2  waivers. (*Id.* at 3, 15, 17.)

3        This Court issued the OSC as to why Mr. Randazza should not be suspended from

4  practice in this Court on September 6, 2019. (ECF No. 1.) Mr. Randazza timely filed his

5  Response on October 3, 2019. (ECF No. 3.) In his Response, he argues that this Court

6  should allow him to continue practicing before it because he is still allowed to practice law

7  before the Nevada state courts, and he is currently complying with the probationary

8  conditions the NSC imposed on him. (*Id.* at 3-5.) He also argues that his suspension from

9  practice by this Court would either be gravely unjust, or his misconduct does not justify

10  suspension by this Court. (*Id.* at 3.) He further notes that other federal court have

11  continued to allow him to practice while he is subject to the NSC's probationary conditions.

12  (*Id.* at 5-6.)

13  **III.  DISCUSSION**

14        This Court imposes reciprocal discipline on a member of its bar when that person

15  is suspended or otherwise disciplined by a state court unless it determines that the state's

16  disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir.

17  2002). Specifically, the Court will only decline to impose reciprocal discipline if the

18  attorney subject to discipline presents clear and convincing evidence that:

19      (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an

20  infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on

21  that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's

22  conclusion(s).

23  LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney

24  bears the burden by clear and convincing evidence).

25        The Court will suspend Mr. Randazza from practice before this Court because the

26  NSC's disciplinary adjudication regarding Mr. Randazza following his conditional guilty

27  plea appears to have been proper, and he presents no clear and convincing evidence to

28  the contrary. Procedurally, Mr. Randazza did not submit a certified copy of the entire

record from the NSC or present any argument as to why less than the entire record will suffice. *See* LR IA 11-7(e)(3). Substantively, while Mr. Randazza does appear to be allowed to practice in the Nevada state courts, he is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 3 at 17.) And the Court sees no substantial reasons not to suspend Mr. Randazza based on its review of the record. *See* LR IA 11-7(e)(3). The Court will therefore suspend Mr. Randazza.

That said, Mr. Randazza is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Mr. Randazza has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC.

## IV.    CONCLUSION

It is therefore ordered that Marc J. Randazza, Bar No. 12265, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 22nd day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3