IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEROME CORSI and LARRY KLAYMAN, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.1:20-CV-00298-LY |
| INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, and OWEN SHROYER, | § § § § § | |
| Defendants. | § § | |

### DEFENDANT DAVID JONES'S
### STATUS REPORT AND REQUEST FOR STATUS CONFERENCE

Defendant David Jones submits this status report and request for a status conference in light of (i) the unusual posture and procedural history of this case recently transferred from the United States District Court for the District of Columbia, (ii) Plaintiffs' counsel's failure to appear in response to this Court's March 20 Order, (iii) Defendants' unresolved Rule 12(b)(6) motion to dismiss for failure to state a claim, and (iv) recent rulings in Plaintiff Larry Klayman's copycat suit in the United States District Court for the Southern District of Florida.

Addressing these matters as soon as practicable is particularly important to Defendant David Jones who, regardless of the merits of Plaintiffs' allegations, does not belong in this lawsuit. The Complaint contains no allegations that David Jones did anything wrong, and therefore fails to state any cognizable claim against him.

**The D.C. Action**

On March 7, 2019, Plaintiffs sued Defendants in the United States District Court for the District of Columbia. Plaintiffs' Complaint (Doc. 1) asserts claims for defamation, intentional infliction of emotional distress, assault, and unfair competition under the Lanham Act, stemming from statements by Defendant Alex Jones and non-party Roger Stone in Internet YouTube videos. As the DC court summarized, "This is a defamation case involving several political commentators, authors, and media personalities." (Mem. Op. & Order at 1 (Doc. 21).)

Because neither David Jones nor the other Defendants have minimum contacts with D.C. and Plaintiffs' claims are without legal merit, on April 8, 2019, Defendants moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. (Doc. 7.)

On March 10, 2020, the D.C. court granted Defendants' motion in part, finding venue improper and transferring the case to this Court, pursuant to 28 U.S.C. § 1406(a), because all Defendants reside in this District and the case could have been brought here. (Mem. Op. & Order at 6 (Doc. 21).)

Importantly for this Court, the D.C. court did not address Plaintiffs' Rule 12(b)(6) Motion but expressly noted that Plaintiffs *"make no allegations about David Jones's conduct at all."* (*Id.* at 3 (emphasis added).)

**Case Transferred to This Court**

On March 20, 2020, this Court ordered counsel in this action "to file a Motion to Appear *Pro Hac Vice* not later than 14 days from the date of this order." (Order (Doc. 23).) On April 2 and 3, 2020, Motions to Appear *Pro Hac Vice* were filed on behalf of counsel for the Defendants. (Docs 26, 27, 29.) Those Motions were granted on April 7, 2020. (Docs. 30-32.) But despite the

Court's Order, Plaintiffs' counsel has not filed a Motion to Appear *Pro Hac Vice* and no attorney has entered an appearance in this Court on behalf of Plaintiffs.[1]

### The S.D. Fla. Action

Instead, on April 8, 2020, Plaintiffs' counsel Larry Klayman, who is also a named Plaintiff in this action, initiated a *pro se* action against Defendants in the United States District Court for the Southern District of Florida (Case No. 9:20-cv-80614-RKA). (Ex. 1.) The Florida Complaint is basically the same as the Complaint here, except Plaintiff Jerome Corsi, who was represented by Mr. Klayman in the D.C. action, was not named as a Florida Plaintiff (although the Florida Complaint refers to him throughout as "Plaintiff Corsi"). In addition, the claims for intentional infliction of emotional distress and assault were omitted from the Florida Complaint, and a claim for violation of the Florida Deceptive and Unfair Trade Practices Act was added.[2]

On April 13, 2020, before Plaintiff Klayman had attempted to serve Defendants, United States District Judge Roy K. Altman issued an Order Requiring More Definite Statement. (Ex. 2.) In his Order, Judge Altman reduced the allegations in the Florida Complaint to their essence ("Larry Klayman was upset when Roger Stone called him 'incompetent' on national television") and concluded that it was a "shotgun pleading…replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." (Order at 1 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1322 (11th Cir. 2015)).) Judge Altman further found the Complaint to be "littered with ostentatious irrelevancy." (*Id.* at 2.) He also found the Lanham Act claim failed to allege injuries "within the 'zone of interests' the statute was intended to protect," indicating that Plaintiff Klayman lacked standing to pursue that claim. (*Id.* at 3.)

---

[1] If Plaintiffs intend to proceed *pro se* in this action, they have not so advised Defendants or this Court.
[2] The Florida Complaint suffers from the same fatal procedural infirmities as the D.C. Complaint. None of the Defendants has minimum contacts with the forum and venue is improper for the same reason found by the D.C. court.

3

Because Judge Altman was "not prepared (at least not yet) to say that the Complaint is 'patently frivolous,'" he ordered Plaintiff Klayman to file an Amended Complaint by April 23, 2020 that complied with "the Eleventh Circuit's holding in *Weiland*, the Federal Rules of Civil Procedure, and this Order" and to "remove all references to irrelevant, conclusory, and scandalous material." (*Id.* at 5-6.) The court further ordered that if Plaintiff Klayman "chooses to include his Lanham Act claim in his Amended Complaint, he must **SHOW CAUSE,** by **April 27, 2020,** that he has standing to pursue that claim." (*Id.* at 6 (emphasis in original).)

Rather than complying with Judge Altman's Order, Plaintiff Klayman the next day filed a Notice of Voluntary Dismissal in Florida.

### The Court Should Hold a Status Conference to Address Plaintiffs' Failure to Appear, Adjudication of Defendants' 12(b)(6) Motion, Issues Raised by the Florida Court, and Plaintiffs' Lack of a Legitimate Basis for Including David Jones in This Case

As an initial matter, the Court should require Plaintiffs to indicate whether they will prosecute this case given their counsel's failure to comply with the Court's March 20 Order and Mr. Klayman's attempt to pursue the case in a different forum by filing essentially the same Complaint on his own behalf in the U.S. District Court for the Southern District of Florida.

If Plaintiffs intend to move forward, then Plaintiffs' Complaint is ripe for dismissal for failure to state a claim. Defendants' 12(b)(6) Motion has been fully briefed. In granting Defendants' motion to dismiss for improper venue, the D.C. court did not address Plaintiffs' failure to state a claim. That issue is ready to be decided by this Court on the papers previously submitted.

To the extent the 12(b)(6) Motion has been affected by the transfer, then the Court should first consider the deficiencies in the Complaint, which mirror those in Mr. Klayman's Florida Complaint as identified by the Florida court. Before requiring anything further from Defendants, the Court should likewise order Plaintiffs to amend their Complaint to address the infirmities identified by Judge Altman.

Finally, the Court should order Plaintiffs to show cause why Defendant David Jones should not be dismissed from this action, or to show cause, pursuant to Rule 11(c)(3), why including David Jones as a Defendant in this action has not violated Rule 11(b). As recognized by the D.C. court, Plaintiffs have failed to allege that David Jones has done anything (much less anything to harm Plaintiffs). He is not accused of disseminating *any* statements—defamatory or otherwise. According to the Complaint, David Jones's only connection to this suit is that he is the father of Defendant Alex Jones and "holds the official title of Director of Human Relations for Defendant Free Speech Systems." (Compl. ¶ 9.) Neither fact provides any basis for liability. Although Plaintiffs allege "on information and belief" that David Jones "is the owner of Defendants InfoWars and Free Speech Systems" and "manages the business activities" for these entities (*id.*), those allegations are false and, regardless, fail to provide a basis for liability. Notably, Plaintiffs' opposition to Defendants' Rule 12(b)(6) Motion contains only a single mention of David Jones, on page 23, reciting an alleged statement by non-party Roger Stone that accuses Plaintiff Corsi of "ma[king] up lies about David Jones." (Pls. Opp. at 23 (Doc. 10).)

## Conclusion & Prayer for Relief

For these reasons, Defendant David Jones respectfully requests that the Court: (1) schedule and conduct a status conference with counsel for all parties and parties for whom counsel has not made an appearance to address any failures to comply with the Court's March 20, 2020 Order (Doc. 23); (2) thereafter, issue an order on Defendants' pending Rule 12(b)(6) Motion to Dismiss and requiring Plaintiffs to show cause why David Jones should not be dismissed from this action and why continuing to include him as a party does not violate Rule 11(b); and, (3) grant Defendant David Jones any further relief to which he may be entitled.

Dated:  May 1, 2020 	Respectfully submitted,

*s/David S. Wachen*
David S. Wachen
Admitted Pro Hac Vice
WACHEN LLC
11605 Montague Court
Potomac, MD  20854
(240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

Gregory P. Sapire
State Bar of Texas No. 00791601
SOLTERO SAPIRE MURRELL PLLC
7320 N MoPac Expy., Ste. 309
Austin, TX  78731
(737) 202-4875
(f) (512) 359-7996
greg@ssmlawyers.com

**COUNSEL FOR DEFENDANT DAVID JONES**

**Certificate of Service**

On May 1, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system. Because Plaintiffs' counsel has not appeared in this Court, I also caused the foregoing to be sent by U.S. Mail, postage prepaid, to:

>Larry E. Klayman, Esq.
>KLAYMAN LAW GROUP, PA
>2020 Pennsylvania Avenue, NW
>Suite 800
>Washington, DC  20006
>*Counsel for Plaintiffs*

>*s/David S. Wachen*
>David S. Wachen