Bradley J. Reeves (TX Bar No. 24068266)
Reeves Law, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701
Telephone: 512-827-2246
brad@brtx.law

Marc J. Randazza (*pro hac vice*)
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Infowars, LLC, Free Speech Systems, LLC,
Alex E. Jones, and Owen Shroyer

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**DR. JEROME CORSI** and
**LARRY KLAYMAN**,

        Plaintiffs,

    vs.

**INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES,** and **OWEN SHROYER**,

        Defendants.

CIVIL ACTION NO. 1:20-CV-00298-LY

**REQUEST FOR TELEPHONIC STATUS CONFERENCE**

       Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, and Owen Shroyer ("Defendants"), hereby request the Court hold a status conference in this matter.  In support hereof, Defendants state as follows:

## **BACKGROUND**

**A.    The Rule 12(b)(6) Portion of the Motion to Dismiss Remains Undecided**

1.      On April 8, 2019, Defendants moved to dismiss this action, originally filed in the U.S. District Court for the District of Columbia, Case No. 1:19-cv-00656-TJK, pursuant to Fed. R. Civ. P. 12(b)(2), (3) & (6).  That motion was fully briefed.  *See* Dkt. Nos. 10, 11 & 12.

2.      On March 10, 2020, the D.C. Court found that the District of Columbia was an improper venue and transferred the matter to this Court.  *See* Dkt. No. 21.

3.      The March 10 Order disposed of the motion pursuant to Rule 12(b)(3) and rendered the motion pursuant to Rule 12(b)(2) moot.  However, that portion of the motion brought under Rule 12(b)(6), for failure to state a claim, was neither discussed nor adjudicated.

**B.    Plaintiffs have not Entered their Appearances**

4.      On March 20, 2020, the case was officially transferred and the Court ordered counsel for the parties to move to appear *pro hac vice* within fourteen days thereof.  *See* Dkt. Nos. 23 & 24.  Thereupon, all Defendants  appeared by local counsel and their counsel otherwise moved for and were admitted *pro hac vice*.  *See* Dkt. Nos. 25-32.

5.      To date, counsel for Plaintiffs has not appeared by local counsel or moved for admission *pro hac vice*.

**C.    Mr. Klayman Filed and Dismissed an Overlapping Action in the Face of Judicial Scrutiny**

6.      Separately, Plaintiff Larry Klayman, allegedly on his own behalf, but nonetheless referring to Dr. Corsi as a plaintiff therein, on April 8, 2020, filed a new suit in the U.S. District Court for the Southern District of Florida, Case No. 9:20-cv-80614-RKA ("SDFL Action"), raising substantially similar claims (oft verbatim) in that action as in this one.  *See* **Exhibit 1**, Complaint in SDFL Action.

7.      On April 14, 2020, Hon. Roy K. Altman *sua sponte* issued an "Order Requiring More Definite Statement" finding that the complaint in the SDFL Action was "a shotgun pleading" with "problematic" and "deficient" allegations, with significant attention brought to the implausible Lanham Act claim.  **Exhibit 2**, Order of April 14, 2020.  Judge Altman invited Mr. Klayman to file an amended complaint to avoid dismissal.

8.      Rather than amend the complaint, Mr. Klayman filed a notice of voluntary dismissal the following day, which was so ordered.  *See* **Exhibits 3 & 4**.

### ANALYSIS

Because the D.C. court did not adjudicate that portion of the motion to dismiss brought under Rule 12(b)(6), if this Court is so inclined, it would appear proper to consider it to be a live motion that could be decided on the existing 12(b)(6) briefing.   Accordingly, the defendants would appreciate a status conference in which to discuss this with the Court, prior to expending significant party and judicial resources .

Further, Plaintiffs have not taken steps to appear in this action and at least Mr. Klayman filed and dismissed overlapping claims in the Florida Action, so it is unclear if they intend to prosecute their claims in this matter, or if it would even be proper to do so.  Thus, it would be helpful for the parties to discuss the status of this case with the Court.[1]

/ / /

/ / /

/ / /

---

[1]    Counsel for Defendants attempted to confer with Mr. Klayman, but the one-hour Mr. Klayman offered his time, Defendants' counsel was unavailable.

WHEREFORE, Defendants respectfully request that the Court set this matter for a telephonic status conference.

Dated: May 1, 2020.          Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Bradley J. Reeves (TX Bar No. 24068266)
REEVES LAW, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701

Attorneys for Defendants
Infowars, LLC, Free Speech Systems, LLC,
Alex E. Jones, and Owen Shroyer

Civil Action No.: 1:20-CV-00298-LY

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 1st day of May, 2020, a true and correct copy of the foregoing document is being served via  Notice of Electronic Filing through the Court's the CM/ECF system as well as via electronic and first-class mail, postage pre-paid to:

Larry E. Klayman, Esq.
Klayman Law Group, P.A.
2020 Pennsylvania Avenue, NW
Washington, DC 20006
<leklayman@gmail.com>

Respectfully Submitted,

/s/Marc J. Randazza
Marc J. Randazza