```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
 2                         AUSTIN DIVISION

 3  JEROME CORSI, LARRY KLAYMAN,              ) AU:20-CV-00298-LY
                                             )
 4     Plaintiffs,                           )
                                             )
 5  v.                                       ) AUSTIN, TEXAS
                                             )
 6  INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, )
    ALEX E. JONES, DAVID JONES, OWEN SHROYER,)
 7                                           )
       Defendants.                           ) MAY 21, 2020
 8
            *********************************************
 9              TRANSCRIPT OF TELEPHONE CONFERENCE
              BEFORE THE HONORABLE LEE YEAKEL
10          *********************************************

11  APPEARANCES:

12  FOR THE PLAINTIFFS:   LARRY KLAYMAN
                          KLAYMAN LAW GROUP P.A.
13                        2020 PENNSYLVANIA AVENUE NW, SUITE 800
                          WASHINGTON, D.C. 20006
14
    FOR THE DEFENDANTS:   JAY MARSHALL WOLMAN
15                        RANDAZZA LEGAL GROUP, PLLC
                          100 PEARL STREET, 14TH FLOOR
16                        HARTFORD, CONNECTICUT 06103

17                        BRADLEY JORDAN REEVES
                          REEVES LAW, PLLC
18                        702 RIO GRANDE STREET, SUITE 306
                          AUSTIN, TEXAS 78701
19
                          MARC J. RANDAZZA
20                        RANDAZZA LEGAL GROUP, PLLC
                          2764 LAKE SAHARA DRIVE, SUITE 109
21                        LAS VEGAS, NEVADA 89117

22                        DAVID SCOTT WACHEN
                          WACHEN LLC
23                        11605 MONTAGUE COURT
                          POTOMAC, MARYLAND 20854
24

25
```

```
 1                        GREGORY P. SAPIRE
                          SOLTERO SAPIRE MURRELL PLLC
 2                        7320 NORTH MOPAC EXPRESSWAY, SUITE 309
                          AUSTIN, TEXAS 78731-2311
 3
    COURT REPORTER:       ARLINDA RODRIGUEZ, CSR
 4                        501 WEST 5TH STREET, SUITE 4152
                          AUSTIN, TEXAS 78701
 5                        (512) 391-8791

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Proceedings recorded by computerized stenography, transcript

25  produced by computer.
```

| | | |
|---|---|---|
| 09:31:35 | 1 | (In chambers) |
| 09:31:35 | 2 | THE COURT:  Good morning.  Let me start with the |
| 09:31:46 | 3 | plaintiff, and announce who is on the line representing the |
| 09:31:49 | 4 | plaintiff, please. |
| 09:31:53 | 5 | MR. KLAYMAN:  Larry Klayman for Dr. Jerome Corsi and |
| 09:31:57 | 6 | for myself, *pro se*, Your Honor. |
| 09:31:59 | 7 | THE COURT:  All right.  And who is on the line for |
| 09:32:01 | 8 | the defendants? |
| 09:32:08 | 9 | (Unintelligible response) |
| 09:32:08 | 10 | THE COURT:  You're going to have to start over and do |
| 09:32:09 | 11 | it one at a time. |
| 09:32:10 | 12 | MR. REEVES:  My apologies, Your Honor. |
| 09:32:14 | 13 | This is Brad Reeves, representing every defendant |
| 09:32:17 | 14 | except for David Jones, as local counsel. |
| 09:32:23 | 15 | MR. RANDAZZA:  And, Your Honor, this is |
| 09:32:22 | 16 | Marc Randazza, Mr. Reeves' colleague. |
| 09:32:28 | 17 | MR. WACHEN:  And, Your Honor, good morning.  This the |
| 09:32:30 | 18 | David Wachen.  I am counsel for David Jones, defendant, along |
| 09:32:34 | 19 | with Greg Sapire, who is local counsel. |
| 09:32:39 | 20 | MR. WOLMAN:  And, Your Honor, this is Jay Wolman on |
| 09:32:41 | 21 | the line.  I also represent the defendants, except for |
| 09:32:43 | 22 | David Jones. |
| 09:32:47 | 23 | THE COURT:  All right.  Well, thank you-all for being |
| 09:32:49 | 24 | available this morning.  At the request of at least one of the |
| 09:32:55 | 25 | parties, I set this case for a telephonic status conference. |

| 09:33:00 | 1 | As you all know, the case didn't originate here.  I received it |
| 09:33:04 | 2 | as a gift from the East that I will think about for a long |
| 09:33:10 | 3 | time. |
| 09:33:11 | 4 | A couple of things I want to mention, and then we'll |
| 09:33:15 | 5 | get into see what the status of this is. |
| 09:33:18 | 6 | Mr. Klayman, I know you've had discussions with our |
| 09:33:24 | 7 | court about *pro hac vice*.  Of course, you can continue to |
| 09:33:29 | 8 | represent yourself *pro hac*, but you can't represent anyone |
| 09:33:33 | 9 | else, for instance, Mr. Corsi, unless you're either admitted to |
| 09:33:38 | 10 | this court as a member of the bar of this court or admitted |
| 09:33:42 | 11 | *pro hac vice*.  So this will be the last time you get to appear |
| 09:33:53 | 12 | for Mr. Corsi until the paperwork gets in order or he has other |
| 09:33:57 | 13 | counsel.  Do you understand that? |
| 09:34:00 | 14 | MR. KLAYMAN:  I do understand, Your Honor.  We'll be |
| 09:34:02 | 15 | submitting the application today.  I apologize.  Everything |
| 09:34:04 | 16 | kind of got lost in communication during the whole coronavirus |
| 09:34:09 | 17 | crisis.  My office has been scattered all over the place. |
| 09:34:16 | 18 | THE COURT:  All right.  So I can't for the life of me |
| 09:34:17 | 19 | recall which one of you requested this conference, but whoever |
| 09:34:21 | 20 | did, I will start with you, and then I will hear from everyone |
| 09:34:25 | 21 | else who is on the line who wants to speak.  So tell me what |
| 09:34:30 | 22 | the status of this case is, where we are, and what needs to be |
| 09:34:34 | 23 | done with it. |
| 09:34:37 | 24 | MR. KLAYMAN:  Your Honor, this is Mr. Klayman.  I |
| 09:34:39 | 25 | mean, we're really at square one because the gift that you got |

| | | |
|---|---|---|
| 09:34:44 | 1 | from the east coast by Judge Timothy Kelly, the dismissal -- |
| 09:34:49 | 2 | rather, the transfer was only based on *forum non conveniens*. |
| 09:34:52 | 3 | He didn't rule on the merits.  In fact, I think your humor is |
| 09:34:58 | 4 | well-taken there because he could have kept the case.  There |
| 09:35:00 | 5 | was jurisdiction and venue in D.C.  But I think because it was |
| 09:35:05 | 6 | InfoWars and that kind of thing, he didn't want the hot potato |
| 09:35:09 | 7 | in the courtroom.  So he sent it to you-all out there. |
| 09:35:12 | 8 | But the case is on square one, and, you know, it's |
| 09:35:19 | 9 | teed up in many ways to move forward and we're prepared to move |
| 09:35:23 | 10 | forward. |
| 09:35:23 | 11 | THE COURT:  Well, when you say square one, square one |
| 09:35:25 | 12 | what?  What's pending? |
| 09:35:30 | 13 | MR. KLAYMAN:  Well, there's motions to dismiss |
| 09:35:32 | 14 | pending that have never really been decided on the merits.  The |
| 09:35:35 | 15 | judge simply transferred the case before he got to it, having |
| 09:35:38 | 16 | sat on the case for nearly a year.  So that's where we are |
| 09:35:41 | 17 | right now. |
| 09:35:43 | 18 | THE COURT:  Well, one of the things I'm sure the |
| 09:35:45 | 19 | people you've talked to locally will tell you, hot potatoes |
| 09:35:52 | 20 | don't bother us.  Almost all our cases are hot potatoes here. |
| 09:35:56 | 21 | MR. KLAYMAN:  Okay. |
| 09:35:56 | 22 | THE COURT:  I would welcome some cold, uncooked |
| 09:36:01 | 23 | potatoes sometime, but that apparently is not what our docket |
| 09:36:04 | 24 | is to be down here. |
| 09:36:06 | 25 | So we've got some pending motions to dismiss that |

| | | |
|---|---|---|
| 09:36:09 | 1 | came down with the case -- or a pending motion to dismiss. |
| 09:36:13 | 2 | What exactly do we have, because I haven't gone through the |
| 09:36:17 | 3 | docket in detail on this. |
| 09:36:22 | 4 | MR. WACHEN:  Your Honor this is David Wachen.  I |
| 09:36:23 | 5 | requested the status conference on behalf of David Jones, |
| 09:36:26 | 6 | defendant. |
| 09:36:26 | 7 | And what Mr. Klayman said is actually not accurate. |
| 09:36:29 | 8 | The judge in D.C. found that there was no venue.  And rather |
| 09:36:36 | 9 | than dismiss the case outright, because of possible concern |
| 09:36:38 | 10 | about statute of limitations for the plaintiffs, he transferred |
| 09:36:41 | 11 | it for their benefit, really, to this court, where there is |
| 09:36:45 | 12 | venue and where there is jurisdiction over the defendants. |
| 09:36:49 | 13 | The motions that have been filed in D.C. by all of |
| 09:36:53 | 14 | the defendants, including mine, were for lack of venue, lack of |
| 09:36:58 | 15 | personal jurisdiction, which the judge there didn't need to get |
| 09:37:02 | 16 | to, and failure to state a claim, 12(b)(6). |
| 09:37:05 | 17 | The 12(b)(6) motion has been fully briefed, |
| 09:37:09 | 18 | Your Honor.  It's been fully briefed probably since almost a |
| 09:37:12 | 19 | year ago, maybe a year ago, and it's ripe for disposition. |
| 09:37:18 | 20 | And this is a defamation case, basically, is what it |
| 09:37:23 | 21 | boils down to.  But the one thing I wanted to mention on behalf |
| 09:37:26 | 22 | of my client, Mr. Jones -- David Jones, is that regardless of |
| 09:37:33 | 23 | what we think about the case as to the other defendants, my |
| 09:37:35 | 24 | client is -- does not belong in the case at all.  The D.C. |
| 09:37:39 | 25 | judge made it clear in his order that the plaintiffs have made |

| | | |
|---|---|---|
| 09:37:43 | 1 | no allegations about David Jones' conduct at all.  That's a |
| 09:37:47 | 2 | direct quote from page 3 of the decision.  There are no |
| 09:37:53 | 3 | allegations that he did anything wrong.  There are no |
| 09:37:55 | 4 | allegations that he did anything. |
| 09:37:56 | 5 | THE COURT:  All right.  Wait a minute.  Stop right |
| 09:37:58 | 6 | there.  I don't want to hear argument on any of the motions |
| 09:38:00 | 7 | right there. |
| 09:38:01 | 8 | MR. WACHEN:  Your Honor, I understand that.  But he's |
| 09:38:03 | 9 | in a unique circumstances, because I really think he -- he is |
| 09:38:06 | 10 | in the case maybe because he's the father of Alex Jones, who is |
| 09:38:10 | 11 | an adult and is competent to defend himself.  And I think -- |
| 09:38:14 | 12 | and we asked in our -- |
| 09:38:16 | 13 | THE COURT:  No.  Mr. Wachen, that's still argument. |
| 09:38:21 | 14 | I don't want to hear about the substance of the motions right |
| 09:38:23 | 15 | now.  This is a status conference.  And I am sure you're right |
| 09:38:27 | 16 | about the uniqueness of your client, but I can't tell you how |
| 09:38:31 | 17 | many times I hear about the uniqueness of clients and how |
| 09:38:36 | 18 | they're differently situated than anybody else.  That's an |
| 09:38:41 | 19 | issue for another day. |
| 09:38:42 | 20 | What I want to know today is what's pending right |
| 09:38:45 | 21 | now.  And what I've heard you say is it's now in a court that |
| 09:38:55 | 22 | has venue, and there are at least one -- one by your client and |
| 09:39:07 | 23 | perhaps others -- fully briefed motion to dismiss under |
| 09:39:09 | 24 | Rule 12(b)(6) that are ripe for me to rule on. |
| 09:39:15 | 25 | Are there any other motions that I need to pay |

09:39:18   1   attention to at this time?

09:39:22   2          MR. WACHEN:  The only thing I would mention,

09:39:23   3   Your Honor -- and I apologize.  I'm not trying to make an

09:39:25   4   argument.  But in our status report we did ask the court to

09:39:30   5   consider an order to show cause that David Jones doesn't belong

09:39:38   6   in the case.

09:39:39   7          THE COURT:  What good would that do above and beyond

09:39:42   8   your 12(b)(6) motion?

09:39:50   9          MR. WACHEN:  Well, if Your Honor is going to take up

09:39:51  10   the 12(b)(6) motion, I guess it would be addressed there.  I'm

09:39:54  11   just looking out for my client.  He really does not want to be

09:39:58  12   in this case and doesn't belong in this case.

09:40:00  13          THE COURT:  I understand.  I have never encountered a

09:40:03  14   defendant that wanted to be in a lawsuit or be sued.  Never

09:40:06  15   happened in private practice.  None of my clients were ever

09:40:09  16   properly sued when I was in private practice.  Everyone I sued

09:40:14  17   when I represented plaintiffs deserved to be in the lawsuit.

09:40:22  18          So if it will solve your problem with your clients,

09:40:25  19   then I'm inclined to take up that on the pending motions and

09:40:32  20   not have an additional show cause.  One of the things that has

09:40:36  21   happened to you when you got moved down here from Washington is

09:40:41  22   that you got put right in the middle of one of the largest

09:40:45  23   United States District Court dockets in the country.  When I

09:40:50  24   say all hot potatoes, I wasn't joking.  We have a very complex

09:40:55  25   civil docket as well as a large civil docket here.

| | | |
|---|---|---|
| 09:41:00 | 1 | We are perhaps the most under-judged division in the |
| 09:41:05 | 2 | country.  We have only two United States district judges in the |
| 09:41:09 | 3 | Austin Division.  The last time we had a new position added was |
| 09:41:15 | 4 | 1991.  And if you look at the population growth in the last |
| 09:41:21 | 5 | 29 years and you consider the legal activity in an area is |
| 09:41:26 | 6 | generally a direct relation to the number of people you put in |
| 09:41:30 | 7 | an area, the population of the Austin Division has more than |
| 09:41:34 | 8 | doubled and you have the same number of judges, the same number |
| 09:41:38 | 9 | of law clerks, et cetera, looking at what is a docket roughly |
| 09:41:42 | 10 | twice the size of what it was in '91.  So I do not go out of my |
| 09:41:48 | 11 | way to encourage people to file additional motions. |
| 09:41:53 | 12 | So are there any other motions other than any |
| 09:41:57 | 13 | 12(b)(6) motions that are lying around? |
| 09:42:03 | 14 | MR. WACHEN:  No, Your Honor. |
| 09:42:04 | 15 | THE COURT:  All right.  What else did anybody want to |
| 09:42:07 | 16 | bring up at this status conference?  What else do -- what do I |
| 09:42:12 | 17 | need to know? |
| 09:42:17 | 18 | MR. KLAYMAN:  This is Mr. Klayman. |
| 09:42:19 | 19 | In terms of this status conference, there's nothing |
| 09:42:21 | 20 | further. |
| 09:42:21 | 21 | THE COURT:  Well, let me tell you what I need you to |
| 09:42:24 | 22 | do.  You all need to review our local rules, and you need to |
| 09:42:31 | 23 | prepare a scheduling order for me that complies with our local |
| 09:42:36 | 24 | rules.  And you need to agree on it. |
| 09:42:39 | 25 | I will tell you all up front, I don't care how |

| | |
|---|---|
| 09:42:43 | 1 |
| 09:42:49 | 2 |
| 09:42:54 | 3 |
| 09:42:58 | 4 |
| 09:43:02 | 5 |
| 09:43:07 | 6 |
| 09:43:11 | 7 |
| 09:43:16 | 8 |
| 09:43:22 | 9 |
| 09:43:27 | 10 |
| 09:43:31 | 11 |
| 09:43:34 | 12 |
| 09:43:38 | 13 |
| 09:43:43 | 14 |
| 09:43:48 | 15 |
| 09:43:56 | 16 |
| 09:43:58 | 17 |
| 09:44:04 | 18 |
| 09:44:10 | 19 |
| 09:44:14 | 20 |
| 09:44:17 | 21 |
| 09:44:22 | 22 |
| 09:44:25 | 23 |
| 09:44:28 | 24 |
| 09:44:29 | 25 |

1   controversial one or more of the defendants may be.  I don't

2   care how the lawyers feel about each other.  I really don't

3   care how your clients feel about each other.  Your job as

4   lawyers is to get this case resolved.  I expect you to demean

5   yourselves at all times like the professionals you are, and I

6   expect you to make reasonable accommodation to one another.

7          You will see when you review my form of scheduling

8   order that is on the court website -- and go to my form,

9   because Judge Pitman has a different form, Senior Judge Sparks

10  has a different form, and Senior Judge Nowlin may have a

11  different form.  So don't make a mistake; look at my form --

12  you will see you are to agree on all of the dates leading up to

13  a final pretrial conference and a trial month.  You are to

14  leave those blank, and I will schedule an initial pretrial

15  conference which we will probably do by telephone and go over

16  things with you.

17          I expect you to agree on all of the dates up to the

18  final pretrial conference and the trial month, which I will

19  set.  I will not take kindly if you cannot agree on it.  I do

20  not like little ticky-tacky disputes among lawyers.  I

21  particularly don't like it if I get two or three different

22  forms of scheduling order because you're arguing over the

23  length of time that may be needed for discovery or this or

24  that.

25          In the life of a lawsuit, a month here or three

| | | |
|---|---|---|
| 09:44:34 | 1 | months here doesn't mean anything.  I realize this case may |
| 09:44:38 | 2 | have sat around in the previous court for a while.  That's not |
| 09:44:43 | 3 | your fault; that's not my fault.  I got it for new when it got |
| 09:44:49 | 4 | filed this year, and that's what I'm picking up with. |
| 09:44:54 | 5 | You're going to have to figure how much time you want |
| 09:45:00 | 6 | because once I get it set, once I fill in after a subsequent |
| 09:45:06 | 7 | conference your trial month and final pretrial conference date |
| 09:45:16 | 8 | and time, you're not likely to get a continuance or a |
| 09:45:20 | 9 | postponement. |
| 09:45:21 | 10 | So sit down, presume for the moment that the motion |
| 09:45:28 | 11 | to dismiss is denied, and schedule your case accordingly.  And |
| 09:45:33 | 12 | then if the motions to dismiss are granted, then it just got |
| 09:45:36 | 13 | easier for everybody.  So put those dates firmly in your mind |
| 09:45:45 | 14 | because, as I said, once I have scheduled you for final |
| 09:45:50 | 15 | pretrial conference and trial, I am not likely to change those |
| 09:45:55 | 16 | dates. |
| 09:45:55 | 17 | You'll hear about this again.  I've told you about |
| 09:45:59 | 18 | the large dockets we have.  It creates far too big a ripple |
| 09:46:03 | 19 | effect through my docket if I start trying to reset things, so |
| 09:46:08 | 20 | I simply don't do it. |
| 09:46:10 | 21 | Each of you needs to understand you only have one |
| 09:46:12 | 22 | role in this case, and that's to resolve it.  And you can do in |
| 09:46:17 | 23 | one of three ways -- and you will hear this again -- you could |
| 09:46:21 | 24 | settle it or I could grant a well-taken dispositive motion for |
| 09:46:26 | 25 | one or more defendants, be it a motion to dismiss or a motion |

| | | |
|---|---|---|
| 09:46:32 | 1 | for summary judgment or any other nature of dispositive motion, |
| 09:46:37 | 2 | or you can try the case.  And I don't care which of the three |
| 09:46:40 | 3 | alternatives it is. |
| 09:46:42 | 4 | I like to try lawsuits.  If I had my way and could |
| 09:46:47 | 5 | pass one law, I would do away with motion practice altogether, |
| 09:46:51 | 6 | and you would either settle your case or try your case, the way |
| 09:46:55 | 7 | it was in the olden days.  And it was a much better system |
| 09:47:00 | 8 | before we developed this cottage industry about discovery and |
| 09:47:04 | 9 | motions practice. |
| 09:47:05 | 10 | So I'm not going to get you back here before your |
| 09:47:07 | 11 | trial and knock you around about why you haven't settled. |
| 09:47:12 | 12 | You're not going to be pushed as you go along to get your case |
| 09:47:16 | 13 | settled.  If you get it settled, that will be fine.  But that |
| 09:47:20 | 14 | is not anything that particularly bothers me. |
| 09:47:23 | 15 | I also don't care about controversial cases or |
| 09:47:28 | 16 | parties, and I don't care how long it takes to try a case. |
| 09:47:31 | 17 | Lengthy cases do not bother me.  However, I will tell you now |
| 09:47:36 | 18 | that you will get put on a clock.  At the appropriate point in |
| 09:47:43 | 19 | this case we will discuss how much time you're going to get to |
| 09:47:46 | 20 | try in your case, so you need to factor into what you're doing |
| 09:47:49 | 21 | that you're not going to get unlimited time to try your case. |
| 09:47:52 | 22 | So how long do you think you need to get in a |
| 09:47:56 | 23 | scheduling order for me? |
| 09:48:02 | 24 | MR. KLAYMAN:  Your Honor, I think we can do it in |
| 09:48:04 | 25 | ten days. |

| | | |
|---|---|---|
| 09:48:04 | 1 | THE COURT:  Is everybody in agreement on that? |
| 09:48:09 | 2 | MR. REEVES:  Agreed. |
| 09:48:10 | 3 | MR. WACHEN:  Yes, Your Honor. |
| 09:48:11 | 4 | THE COURT:  All right.  I believe ten days puts you |
| 09:48:13 | 5 | on a Sunday, so I'll give you eleven.  I'll give you until |
| 09:48:16 | 6 | June 1st to get a proposed scheduling order in. |
| 09:48:20 | 7 | In the interim, we will begin review and |
| 09:48:27 | 8 | consideration of the 12(b)(6) matter and see where we go from |
| 09:48:33 | 9 | there and try to get it ruled on as quickly as possible, |
| 09:48:36 | 10 | knowing that although I consider it ripe, you may not get a |
| 09:48:44 | 11 | ruling tomorrow, you may not get a ruling in ten days, because |
| 09:48:47 | 12 | of everything else we have going on here at this point. |
| 09:48:50 | 13 | So let me say a little bit about the situation we're |
| 09:48:53 | 14 | in with the pandemic, just to try to head off some questions. |
| 09:49:01 | 15 | I think all of the 677 active United States district |
| 09:49:08 | 16 | judges in this country, when all positions are filled, and the |
| 09:49:11 | 17 | senior judges who are doing things are all probably handling |
| 09:49:16 | 18 | the situation differently.  Right now -- and this is not going |
| 09:49:23 | 19 | to affect you in the near run -- we're not summoning any jurors |
| 09:49:28 | 20 | through June, not having any jury trials through June.  I don't |
| 09:49:31 | 21 | know if that will be extended into July or not.  There are a |
| 09:49:36 | 22 | lot of moving parts here. |
| 09:49:39 | 23 | But what you need to know that does affect your case |
| 09:49:42 | 24 | is that everything doesn't stop because of the pandemic.  I |
| 09:49:48 | 25 | still want a scheduling order, I'm still going to schedule this |

09:49:52  1  case, and we're still going to move forward with it.  I'm not

09:49:55  2  delaying things because it's harder to take depositions because

09:50:03  3  it's harder to contact people.

09:50:04  4          Everybody is in a world they haven't been operating

09:50:06  5  in before, including the lawyers, so you need to figure out how

09:50:12  6  to get your case ready for trial.  I'm not going to figure it

09:50:15  7  out for you.  If that means that you don't take as many

09:50:18  8  depositions as you're used to taking, then you don't take them.

09:50:20  9  Maybe you have to take them by phone or by video -- Zoom,

09:50:26 10  something like that -- which is not the best way to do it, but

09:50:30 11  it's a way to do it.

09:50:32 12          Everybody needs to make adjustments to the current

09:50:35 13  situation we're in.  It is not business as usual.  It's not the

09:50:40 14  way you're used to doing things.  And I'm not going to sit down

09:50:44 15  and wade through every one of my cases and figure out how to

09:50:48 16  get it ready for trial.  That is up to you as lawyers, and I

09:50:53 17  expect you to cooperate on it and I expect you to get it done.

09:50:59 18          So get your scheduling order done.  Be in constant

09:51:03 19  contact with one another on getting your discovery done.  I'm

09:51:09 20  not going to have sympathy if I hear in month or two, "Well, we

09:51:13 21  couldn't take so and so's deposition because they weren't going

09:51:16 22  to be available at such and such a time."  You need to figure

09:51:20 23  out how to best get your case in shape to try it on the

09:51:24 24  schedule we come up with, and that's not probably going to be

09:51:29 25  the way you have historically and traditionally handled your

09:51:34  1    law practice.  Without belaboring the point, we're in a new

09:51:38  2    world and it requires everybody to find new ways to get legal

09:51:42  3    matters resolved.

09:51:44  4            At least in my court, I can tell you everything

09:51:48  5    doesn't go back -- when we see the end of this, everything

09:51:52  6    doesn't go back to the way it was the day before we started

09:51:56  7    down this road and everything just picks up from there.  I'm

09:52:03  8    carrying several cases forward because we also did not impanel

09:52:08  9    juries in April and May, but I'm not pushing my entire docket

09:52:13  10   forward in increments.  Those cases that are ready to go to

09:52:18  11   trial are being held until I see when we're going to start

09:52:23  12   impaneling juries again, and I will work them in.

09:52:27  13           But if you were to go on the website and look at our

09:52:30  14   docket, everything else remains moving on the schedule it's on,

09:52:36  15   and I expect the lawyers to figure out how to comply with that

09:52:39  16   schedule.  So bear that in mind, since most of you are

09:52:43  17   relatively new to my court.

09:52:45  18           So, with that having been said, I'll start with the

09:52:49  19   plaintiff.  Mr. Klayman, any other questions, any other

09:52:53  20   comments, anything you wish to make the Court aware of?

09:52:57  21           MR. KLAYMAN:  Thank you, Your Honor.  In light of my

09:53:01  22   esteemed counsel's claim that David Jones doesn't belong in

09:53:05  23   this case and the delay that's occurred thus far in the case

09:53:10  24   through no fault of Your Honor, I'd like to be in discovery

09:53:13  25   right now with regard to deposing Mr. Jones.

| | | |
|---|---|---|
| 09:53:15 | 1 | THE COURT:  Well, let me tell you:  I'm not going to |
| 09:53:18 | 2 | take up any motions right now, Mr. Klayman.  You all have to |
| 09:53:21 | 3 | sit down and agree on that discovery schedule, and I expect you |
| 09:53:25 | 4 | all to agree on times to take depositions.  I'm not going to |
| 09:53:32 | 5 | take that up now.  This is simply a status conference. |
| 09:53:36 | 6 | MR. KLAYMAN:  I just wanted -- |
| 09:53:37 | 7 | THE COURT:  I know.  But if you cannot agree on this, |
| 09:53:39 | 8 | I'm going to figure out on who I think is the problem in the |
| 09:53:42 | 9 | agreement, and I will proceed accordingly.  And I want each of |
| 09:53:47 | 10 | you to know I can guess wrong.  It's often the football player |
| 09:53:52 | 11 | who throws the second punch that gets caught, so it behooves |
| 09:53:56 | 12 | you to agree on all of these things. |
| 09:53:59 | 13 | Because there is a motion pending with regard to |
| 09:54:02 | 14 | Mr. David Jones, I just will say I urge you all to perhaps get |
| 09:54:07 | 15 | that discovery finished first, because you may or may not get |
| 09:54:13 | 16 | it before I deal with the motion to dismiss.  Just because I |
| 09:54:16 | 17 | said it wasn't the first thing on my docket doesn't mean it's |
| 09:54:19 | 18 | the last thing on my docket.  Things move on and off my docket |
| 09:54:23 | 19 | all the time, and I'm not going to tell you your motion to |
| 09:54:26 | 20 | dismiss is necessarily going to get put off for a long time. |
| 09:54:30 | 21 | But I don't want to hear about discovery right now. |
| 09:54:32 | 22 | I'm just interested in where we are.  I expect you to get me a |
| 09:54:36 | 23 | scheduling order which will answer those discovery questions, |
| 09:54:39 | 24 | and then I expect you to cooperate with one another on an order |
| 09:54:44 | 25 | of when you're going to do discovery and who you're going to do |

| | | |
|---|---|---|
| 09:54:47 | 1 | it of. |
| 09:54:49 | 2 | MR. KLAYMAN:  Understood, Your Honor.  Thank you. |
| 09:54:59 | 3 | THE COURT:  All right.  Mr. Wolman, Mr. Randazza, |
| 09:54:59 | 4 | Mr. Reeves, Mr. Wachen, Mr. Sapire, anything further from any |
| 09:54:59 | 5 | of the defendants? |
| 09:55:03 | 6 | MR. RANDAZZA:  Your Honor, on behalf Mr. Jones, |
| 09:55:06 | 7 | InfoWars, and Mr. Shroyer, this is Marc Randazza. |
| 09:55:08 | 8 | No.  We're clear and nothing to add. |
| 09:55:11 | 9 | THE COURT:  All right.  Well, thank you-all.  I'm |
| 09:55:13 | 10 | glad you were available.  Everybody have a good day, and I look |
| 09:55:17 | 11 | forward to working with you. |
| 09:55:18 | 12 | (End of transcript) |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1   **UNITED STATES DISTRICT COURT**      )

2   **WESTERN DISTRICT OF TEXAS**         )

3        I, Arlinda Rodriguez, Official Court Reporter, United

4   States District Court, Western District of Texas, do certify

5   that the foregoing is a correct transcript from the record of

6   proceedings in the above-entitled matter.

7        I certify that the transcript fees and format comply with

8   those prescribed by the Court and Judicial Conference of the

9   United States.

10       WITNESS MY OFFICIAL HAND this the 2nd day of June 2020.

11

12                              /S/ Arlinda Rodriguez
                                Arlinda Rodriguez, Texas CSR 7753
13                              Expiration Date:  10/31/2021
                                Official Court Reporter
14                              United States District Court
                                Austin Division
15                              501 West 5th Street, Suite 4152
                                Austin, Texas 78701
16                              (512) 391-8791

17

18

19

20

21

22

23

24

25