Bradley J. Reeves (TX Bar No. 24068266)
REEVES LAW, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701
Telephone: 512-827-2246
brad@brtx.law

Marc J. Randazza (*pro hac vice*)
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Counsel for Defendants,
Infowars, LLC; Free Speech Systems, LLC;
Alex E. Jones; and Owen Shroyer

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

|  |  |
|---|---|
| **DR. JEROME CORSI** and **LARRY KLAYMAN**, <br><br>              Plaintiffs, <br><br>      vs. <br><br> **INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES,** and **OWEN SHROYER**, <br><br>              Defendants. | Civil Action No. 1:20-cv-00298-LY |

## DEFENDANTS INFOWARS, LLC, ALEX E. JONES, AND FREE SPEECH SYSTEMS, LLC'S MOTION TO DISMISS PLAINTIFF JEROME CORSI'S PORTION OF THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

1.0 **INTRODUCTION** ................................................................................................... 1

2.0 **FACTUAL BACKGROUND** .................................................................................... 2

3.0 **LEGAL STANDARD** ............................................................................................... 3

4.0 **ANALYSIS** ................................................................................................................ 4

4.1 THE AMENDED COMPLAINT IS A SHOTGUN PLEADING, ONE PREVIOUSLY THROWN OUT, *SUA SPONTE*, BY A FEDERAL JUDGE ................................................................. 4

4.2 THERE IS NO SIGNIFICANT CONFLICT OF LAWS AS TO THE CLAIMS ........................... 5

4.3 DR. CORSI HAS NO ACTIONABLE DEFAMATION CLAIM ............................................ 6

    *4.3.1 As a Matter of Law, Dr. Corsi Cannot Prove the Statements Are False or Defamatory* .............. 6

    *4.3.2 Dr. Corsi is a Public Figure and the Statements Were Not Published with Actual Malice* ............... 9

4.4 THERE IS NO LIABILITY, AS A MATTER OF LAW, FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ........................................................................................ 11

4.5 MOVING DEFENDANTS DID NOT "ASSAULT" DR. CORSI WITH INSULTS ................... 12

4.6 THERE IS NO PLAUSIBLE LANHAM ACT OR COMMON LAW UNFAIR COMPETITION CLAIM .. 13

4.7 MOVING DEFENDANTS DID NOT ACT IN CONCERT WITH ANY OTHER DEFENDANT ........... 15

4.8 DR. CORSI FAILED TO COMPLY WITH THE TDMA ................................................. 16

5.0 **CONCLUSION** ...................................................................................................... 17

**CASES**

*ADP, LLC v. Kusins,*
 460 N.J. Super. 368, 215 A.3d 924 (Super. Ct. App. Div. 2019)........................................14

*Amazing Spaces, Inc. v. Metro Mini Storage,*
 608 F.3d 225 (5th Cir. 2010) ...............................................................................................14

*Arrowood Indem. Co. v. Gulf Underwriters Ins. Co.,* No. EP-08-CV-285-DB,
 2010 U.S. Dist. LEXIS 152771 (W.D. Tex. Mar. 3, 2010) ...................................................6

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009).................................................................................................................3

*Baber v. Edman,*
 719 F.2d 122 (5th Cir. 1983)................................................................................................17

*Barrett v. Humana Ins. Co.,* No. A-14-CA-919-LY,
 2014 U.S. Dist. LEXIS 168581 (W.D. Tex. Dec. 5, 2014) ..................................................11

*Bass v. Hendrix,*
 931 F. Supp. 523 (S.D. Tex. 1996)........................................................................................11

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007).................................................................................................................3

*Bell v. Itawamba Cty. Sch. Bd.,*
 799 F.3d 379 (5th Cir. 2015)................................................................................................11

*Bolger v. Youngs Drug Prods. Corp.,*
 463 U.S. 60 (1983).................................................................................................................14

*Buckley v. Trenton Sav. Fund Soc'y,*
 111 N.J. 355, 544 A.2d 857 (1988) ......................................................................................11

*Burstyn v. Wilson,*
 343 U.S. 495 (1952)...............................................................................................................14

*Butowsky v. Folkenflik,* Civil Action No. 4:18CV442,
 2019 U.S. Dist. LEXIS 104297 (E.D. Tex. Apr. 17, 2019)..................................................17

*Cain v. Hearst Corp.,*
 878 S.W.2d 577 (Tex. 1994)....................................................................................................7

*Carr v. Brasher,*
 776 S.W.2d 567 (Tex. 1989)................................................................................................6, 7

*Carroll v. Timmers, Chevrolet, Inc.,*
 592 S.W.2d 922, 23 Tex. Sup. Ct. J. 131 (Tex. 1979).........................................................15

*Casa Orlando Apts., Ltd. v. Fannie Mae,*
 624 F.3d 185 (5th Cir. 2010)...................................................................................................5

*Castleman v. Internet Money Ltd.,* No. 07-16-00320-CV,
 2018 Tex. App. LEXIS 8559 (Tex. App. Oct. 18, 2018) .......................................................7

*Cedillos v. Tex. Dep't of Pub. Safety*, No. SA-03-CA-0427-XR,
    2005 U.S. Dist. LEXIS 3846 (W.D. Tex. Mar. 10, 2005) ...................................15

*Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*,
    447 U.S. 557 (1980) .................................................................................13

*Chapin v. Knight-Ridder, Inc.*,
    993 F.2d 1087 (4th Cir. 1993) .....................................................................8

*Chevalier v. Animal Rehab. Ctr.*,
    839 F. Supp. 1224 (N.D. Tex. 1993) ...........................................................5

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) .......................................................................7

*Coronado v. Freedom Communs., Inc.*, No. 13-13-00525-CV,
    2015 Tex. App. LEXIS 10128 (Tex. App. Sep. 30, 2015) ...........................7

*Corsi v. Caputo*,
    2020 U.S. Dist. LEXIS 60958 (D. D.C. Apr. 7, 2020) ................................2

*Corsi v. Stone*,
    2020 U.S. Dist. LEXIS 34852 (D. D.C. Mar. 1, 2020) ................................2

*Croix v. Provident Tr. Grp., LLC*, No. 1:19-CV-102-LY,
    2019 U.S. Dist. LEXIS 212290 (W.D. Tex. Dec. 9, 2019) ..........................5

*Dall. Morning News, Inc. v. Tatum*,
    554 S.W.3d 614 (Tex. 2018) ........................................................................6

*Davis v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 4:18-CV-00075,
    2018 U.S. Dist. LEXIS 109574 (E.D. Tex. June 29, 2018) ........................17

*DeAngelis v. Hill,* 180 N.J. 1, 847 A.2d 1261 (N.J. 2004) ..................................6

*Deepak Land Tr. v. City of San Antonio*, No. SA-08-CV-418-XR,
    2008 U.S. Dist. LEXIS 77432 (W.D. Tex. July 25, 2008) ..........................15

*Elliott v. Tilton*,
    89 F.3d 260 (5th Cir. 1996) ........................................................................15

*Farah v. Esquire Magazine*,
    736 F.3d 528 (D.C. Cir. 2013) ............................................................9, 11, 13

*Garrison v. Louisiana*,
    379 U.S. 64 (1964) .....................................................................................10

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974) .....................................................................................9

*Green v. CBS Inc.*,
    286 F.3d 281 (5th Cir. 2002) .......................................................................6

*Gte Sw. v. Bruce*,
    998 S.W.2d 605 (Tex. 1999) .......................................................................12

*Harte-Hanks Communications, Inc. v. Connaughton*,
    491 U.S. 657 (1989) ...................................................................................10

*Hearst Newspapers, LLC v. Status Lounge, Inc.,*
  541 S.W.3d 881, 891 (Tex. App. 2017) ......................................................................17

*Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.,*
  53 S.W.3d 799 (Tex.App.—Austin 2001, pet. denied) .............................................14

*Horsley v. Rivera,*
  292 F.3d 695 (11th Cir. 2002) ....................................................................................8

*Hustler Magazine v. Falwell,*
  485 U.S. 46 (1988) ....................................................................................................11

*Jews For Jesus, Inc. v. Rapp,*
  997 So. 2d 1098 (Fla. 2008) ........................................................................................6

*Juneau v. State,*
  49 S.W.3d 387, 391 (Tex. App.--Fort Worth 2000, pet. ref'd) ..................................13

*KBMT Operating Co., LLC v. Toledo,*
  492 S.W.3d 710 (Tex. 2016) ........................................................................................7

*Kincheloe v. Caudle,* No. A-09-CA-010 LY,
  2009 U.S. Dist. LEXIS 96371 (W.D. Tex. Oct. 16, 2009) .......................................13

*Klayman v. Segal,*
  783 A.2d 607 (D.C. 2001) ............................................................................................7

*Leang v. Jersey City Bd. of Educ.,*
  198 N.J. 557, 969 A.2d 1097 (2009) ..........................................................................13

*Louis v. Mobil Chem. Co.,*
  254 S.W.3d 602, 609 (Tex. App. 2008) ......................................................................12

*Lynch v. Cannatella,*
  810 F.2d 1363 (5th Cir. 1987) ...................................................................................15

*Mack v. Nelson,* No. A-12-CV-016-LY,
  2012 U.S. Dist. LEXIS 193538, (W.D. Tex. July 6, 2012) .......................................12

*Merkle v. Gragg,* No. SA-19-CV-00640-XR,
  2019 U.S. Dist. LEXIS 204920 (W.D. Tex. Nov. 26, 2019) ........................................2

*Morgan v. City of Alvin,*
  175 S.W.3d 408, 418 (Tex. App.--Houston [1st Dist.] 2004, no pet.).......................12

*Morgan v. Union Cty. Bd. of Chosen Freeholders,*
  268 N.J. Super. 337, 633 A.2d 985 (Super. Ct. App. Div. 1993)..............................15

*Nat'l Assoc. of Mfrs. v. S.E.C.,*
  800 F.3d 518 (D.C. Cir. 2015) ...................................................................................14

*Nat'l Auto Div., LLC v. Collector's All., Inc.,* No. A-3178-14T3,
  2017 N.J. Super. Unpub. LEXIS 234 (Super. Ct. App. Div. Jan. 31, 2017)...............15

*Nat'l Union Fire Ins. Co. v. Am. Eurocopter Corp.,*
  692 F.3d 405 (5th Cir. 2012) ........................................................................................5

*Natividad v. Alexsis, Inc.,*
   875 S.W.2d 695 (Tex. 1994) .................................................................................... 11

*New York Times v. Sullivan,*
   376 U.S. 254 (1964) .............................................................................................. 10

*O'Hair v. Skolrood,* Civil Action No. A-89-CA-769,
   1990 U.S. Dist. LEXIS 14928 (W.D. Tex. May 4, 1990) ......................................... 10

*Palomo v. United States,* No. 1:96cv329GR,
   1997 U.S. Dist. LEXIS 24103 (S.D. Miss. Mar. 14, 1997) ......................................... 6

*Peter Scalamandre & Sons v. Kaufman,*
   113 F.3d 556, 561 (5th Cir. 1997) ........................................................................... 10

*Porter v. Charter Med. Corp.,*
   957 F. Supp. 1427 (N.D. Tex. 1997) ....................................................................... 17

*Porterfield v. Galen Hosp. Corp.,*
   948 S.W.2d 916 (Tex. App.--San Antonio 1997, writ denied) ................................... 12

*Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prods.,*
   410 F. App'x 738 (5th Cir. 2010) .............................................................................. 1

*Randall's Food Mkts. v. Johnson,*
   891 S.W.2d 640 (Tex. 1995) ............................................................................... 7, 11

*Rehak Creative Servs. v. Witt,*
   404 S.W.3d 716, 729 (Tex. App. 2013) ...................................................................... 8

*Rescar, Inc. v. Ward,*
   60 S.W.3d 169 (Tex. App. 2001) .............................................................................. 12

*Ross v. Abbott,* No. 1:12-CA-540-LY,
   2013 U.S. Dist. LEXIS 203997 (W.D. Tex. July 19, 2013) ......................................... 6

*S&T Aircraft Accessories v. Bonnington,* No. 03-98-00648-CV,
   2000 Tex. App. LEXIS 73 (Tex. App. Jan. 6, 2000) ................................................. 12

*Schnare v. Ziessow,*
   104 F. App'x 847, 852 (4th Cir. 2004) ....................................................................... 8

*Seven-Up Co. v. Coca-Cola Co.,*
   86 F.3d 1379 (5th Cir. 1996) ................................................................................... 14

*Sistrunk v. Haddox,* No. 18-516,
   2020 U.S. Dist. LEXIS 88178 (W.D. La. May 19, 2020) ............................................. 4

*St. Amant v. Thompson,*
   390 U.S. 727 (1968) .............................................................................................. 10

*Tidwell v. State,*
   187 S.W.3d 771 (Tex. App. 2006) ............................................................................ 13

*Tobinick v. Novella,*
   848 F.3d 935 (11th Cir. 2017) ................................................................................. 14

*Toyota Motor Co. v. Cook,*
  581 S.W.3d 278 (Tex. App. 2019) ..................................................................6

*Triplex Communications, Inc. v. Riley,*
  900 S.W.2d 716, 38 Tex. Sup. Ct. J. 765 (Tex. 1995) ............................15

*Trostle v. Combs,*
  104 S.W.3d 206 (Tex. App. -- Austin 2003, no pet.) ...........................15

*Tubbs v. Nicol,*
  675 F. App'x 437, 439 (5th Cir. 2017) ..........................................16, 17

*Twyman v. Twyman,*
  855 S.W.2d 619 (Tex. 1993) ......................................................................11

*United States v. Stone,*
  2019 U.S. Dist. LEXIS 28860, *2 (D.D.C. Feb. 15, 2019) ....................9

*USA v. Stone,*
  Case No. 1:19-cr-00018 (D.D.C. Feb. 28, 2019) .....................................3

*Walker v. Beaumont Indep. Sch. Dist.,*
  938 F.3d 724 (5th Cir. 2019) ..............................................................10, 16

*Weiland v. Palm Beach Cty. Sheriff's Office,*
  792 F.3d 1313 (11th Cir. 2015) ..................................................................4

*WFAA-TV, Inc. v. McLemore,*
  978 S.W.2d 568 (Tex. 1998) ........................................................................6

*Wimm v. Jack Eckerd Corp.,*
  3 F.3d 137 (5th Cir. 1993) ...........................................................................2

*Woolley v. Clifford Chance Rogers & Wells, L.L.P.,*
  2004 U.S. Dist. LEXIS 97, 2004 WL 57215 (N.D. Tex. Jan. 5, 2004) ................16

*Yiamouyiannis v. Thompson,*
  764 S.W.2d 338 (Tex. App. 1988) .............................................................7

**STATUTES**

15 U.S.C. § 1125 ................................................................................................13

15 U.S.C. § 1117 ................................................................................................17

28 U.S.C. § 1927 ..........................................................................................4, 17

N.J. Stat. § 2A:43-2 .........................................................................................16

Tex. Civ. Prac. & Rem. Code § 16.002 ......................................................16

Tex. Civ. Prac. & Rem. Code § 73.055 ......................................................16

Tex. Penal Code § 1.07 ...................................................................................13

Texas Penal Code § 22.01 ..............................................................................12

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws § 145 ..............................................................5

Restatement (Second) of Torts § 46 cmt. d (1965)......................................................... 11, 12

Restatement (Second) of Torts § 558 (1977)...................................................................6

**RULES**

Fed. R. Civ. P. 10 ............................................................................................................ 4, 7

Fed. R. Civ. P. 8 ................................................................................................................4

Fed. R. Civ. P. 15 ..............................................................................................................2

Fed. R. Civ. P. 12 ....................................................................................................... 2, 3, 5

Fed. R. Civ. P. 11 ..............................................................................................................17

<u>**DEFENDANTS INFOWARS, LLC, ALEX E. JONES, AND FREE SPEECH SYSTEMS,**</u>
<u>**LLC'S MOTION TO DISMISS PLAINTIFF JEROME CORSI'S PORTION OF THE**</u>
<u>**AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**</u>

Defendants Infowars, LLC ("Infowars"), Alex E. Jones ("Mr. Jones"), and Free Speech Systems, LLC ("FSS") (collectively, the "Moving Defendants") bring this Motion to Dismiss against Plaintiff Jerome Corsi for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).

**1.0     Introduction**

This is one of a number of nearly identical cases brought by Plaintiffs Jerome Corsi and Larry Klayman in a vexatious campaign against Roger Stone.  In their quest to punish Stone for some perceived slight, they have sued anyone who so much as **stood near** Roger Stone.  This is not hyperbole, as this is all some of the Defendants in this case did – yet Klayman persists in suing them under bizarre theories that should not find any shelter in this Court.  This motion only seeks dismissal of Dr. Corsi's claims, but Moving Defendants also seek dismissal of Mr. Klayman's claims by a contemporaneously filed separate motion.  These motions are filed separately, because the complaint is such a jumbled mess, Plaintiffs have absolutely no reason to be in the same complaint, and the only way to disambiguate the shotgun pleading is by separate motions as to separate plaintiffs.

None of the speech at issue constitutes actionable defamation, nor may it be repurposed to fit any other tort theory, including intentional infliction of emotional distress and *assault*.  The speech is not commercial speech under the Lanham Act and neither is it unfair competition.  Further, given how unsupportable the Lanham Act claim is, this case should be deemed an "exceptional case" with fees awarded to Moving Defendants.  Dr. Corsi unreasonably multiplied the proceedings, filing an Amended Complaint to add Roger Stone as a defendant, more than a year after the original motion to dismiss was fully briefed. *See* Dkt. Nos. 7 & 10-12.[1]

---

[1]     On July 30, 2020, the Court dismissed the motion without prejudice in light of the filing of the Amended Complaint.  Dkt. No. 48.  Although the Scheduling Order (Dkt. No. 46) set a deadline of Nov. 1, 2020 to file amended pleadings, Plaintiffs failed to seek leave of court as required by Fed. R. Civ. P. 15(a)(2).  *See Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prods.,* 410 F. App'x 738, 740 (5th Cir. 2010) (pre-deadline motions are governed by Rule 15(a)(2).  Factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part

## 2.0 Factual Background

Corsi generally alleges that Jones broadcast radio and internet programs through Infowars and FSS, and that he owns, controls, and operates these companies.[2]  Dr. Corsi makes factual allegations as to Moving Defendants, asserting that they committed defamation, intentional infliction of emotional distress, unfair competition, and even *assault*.  Facts alleged against Moving Defendants are:

a) Mr. Jones:

    I.  October 26, 2018 Video:  Says Dr. Corsi "**seemed** to be mentally degraded to the point of **what I would call** dementia"; says he saw Dr. Corsi at a steakhouse "on the ground" where staff "thought he was dead in the elevator"; says he thinks Dr. Corsi suffered a stroke with the result that "whatever comes out of his mouth ain't the truth."  Dkt. No. 47 at ¶¶ 42-44.

    II.  January 21, 2019 Video:   Allegedly accused Dr. Corsi of being a "spook" and "not being able to walk."  *Id.* at ¶¶ 67-68.

---

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  There was no need to amend the complaint to add Stone to this action—both Dr. Corsi and Mr. Klayman already had pending actions against Stone for the very statements at issue here.  *See Corsi v. Stone,* Case No. CACE-20-004473 (17th Jud. Cir., Fla., filed Mar. 11, 2020) and *Klayman v. Stone,* Case No. 19-002672 CACE (17th Jud. Cir., Fla, Amd. Compl. Filed Aug. 29, 2019).  Notably, Mr. Stone is likely not susceptible to personal jurisdiction in Texas for statements made by him in Florida just as he was not susceptible to jurisdiction in D.C. *See Corsi v. Stone,* 2020 U.S. Dist. LEXIS 34852, *7 (D. D.C. Mar. 1, 2020) and *Corsi v. Caputo,* 2020 U.S. Dist. LEXIS 60958 (D. D.C. Apr. 7, 2020).  Both undue delay and futility of amendment, as the Amended Complaint does not survive Rule 12(b)(6) analysis, should have precluded the filing of the Amended Complaint.  To the extent applicable, Moving Defendants request the Court strike the improper amendment under Rule 12(f) and Rule 15.

2    Dr. Corsi also claims that Defendants worked in concert with non-party Roger Stone in violation of 18 U.S.C. § 1512.  *See* Amd. Complaint at ¶ 36.  No actual cause of action is asserted; moreover, this statute does not confer a private right of action.  *See Merkle v. Gragg*, No. SA-19-CV-00640-XR, 2019 U.S. Dist. LEXIS 204920, at *42 (W.D. Tex. Nov. 26, 2019).  To the extent Dr. Corsi rests on allegations made in other litigation (Dkt. No. 47 at ¶ 36), no actual allegations regarding the claims at issue were presented in those matters.

b) Infowars and FSS:[3]

   I.   January 17, 2019 Video: Roger Stone allegedly said that Dr. Corsi was "willing to bear false witness." *Id.* at ¶ 64.

   II.  January 21, 2019 Video: Roger Stone allegedly said that Dr. Corsi was "lying" about Mr. Stone, Infowars, Alex Jones, and David Jones, and that Dr. Corsi was "deep state," calling him a "fraudster" who "made up lies" in an "alcoholic haze." *Id.* at ¶¶ 65-66.

While no Moving Defendant was involved in Mr. Stone's statements made on Defendant Owen Shroyer's broadcasts, it is necessary to address them in the unlikely event the Court gives credence to the theory of all Defendants acting in "in concert" with one another. In a January 18, 2019 video on Mr. Shroyer's program, Mr. Stone allegedly said Dr. Corsi was "fired from World Net Daily"; that Dr. Corsi perjured himself; that Dr. Corsi had a "feeble alcohol affected memory"; that Dr. Corsi "was perfectly prepared to bear false witness"; that Dr. Corsi made up a story; and that Dr. Corsi is "lying because his lips are moving." Dkt. No. 47 at ¶¶ 49-54.

No other pertinent factual allegations are asserted.[4] Dr. Corsi otherwise makes a series of conclusory allegations as to their purported competition with Defendants. *Id.* at ¶¶ 63 & 70-74.

## 3.0    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. No one can even see the glow of distant lights of plausibility from this case.

---

[3]    No employee or agent of any Moving Defendant made these statements, but Dr. Corsi asserts that they are liable for Mr. Stone's statements made on the Infowars broadcast.

[4]    Dr. Corsi includes significant unrelated matter, turning his Complaint into a "free for all." *See USA v. Stone*, Case No. 1:19-cr-00018 (D.D.C. Feb. 28, 2019) (striking filing from Mr. Klayman on behalf of Dr. Corsi and admonishing them upon the filing of improper matter).

## 4.0    Analysis

### 4.1    The Amended Complaint is a Shotgun Pleading, One Previously Thrown Out, *Sua Sponte*, by a Federal Judge

Mr. Klayman filed a nearly identical complaint in the Southern District of Florida.  *See* Dkt. No. 34-1.[5]  *Sua sponte*, Judge Altman issued an Order Requiring More Definite Statement, requiring Mr. Klayman to "remove all references to irrelevant, conclusory, and scandalous material" and, if he were to replead the Lanham Act claim, show cause that he had standing to do so.  *See* Dkt. No. 34-2, *Klayman v. Infowars,* Case No. 20-80614-CIV (S.D. Fla. Apr. 13, 2020).  The complaint was deemed a "shotgun pleading", violating Fed. R. Civ. P. 8 & 10(b).  The case upon which Judge Altman relied, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015), has been favorably cited in this Circuit.  *See, e.g., Sistrunk v. Haddox*, No. 18-516, 2020 U.S. Dist. LEXIS 88178, at *32-33 (W.D. La. May 19, 2020).  Rather than comply with the order, Mr. Klayman dismissed that action.  *See* Dkt. Nos. 34-3 & 34-4.  It appears Dr. Corsi was functionally a plaintiff in that matter, and he decided to pursue the same complaint here – forum shopping his ludicrous claims to a court he apparently presumed would not hold him to the same standard.  A state court in Florida recently saw the same claims, at least as to Defendant Stone, and granted a Florida Anti-SLAPP motion against Corsi.  That complaint and the subsequent order are attached for reference.  *See* **Exhibit 1**, Complaint, and **Exhibit 2**, Order.  While this is not Stone's Motion, the Court should wonder why the same claims against Stone were brought in multiple courts, and only tacked on to this case as it awaited adjudication of a Motion to Dismiss – if this is not a violation of 28 U.S.C. § 1927, then that statute must be meaningless.

The Amended Complaint contains identical material the Southern District of Florida found irrelevant, conclusory, and scandalous.  It also fails to make the additional showing of standing under

---

[5]    Though Dr. Corsi is not named as a plaintiff in the caption of this complaint, it exhaustively recounts Dr. Corsi's grievances with Mr. Stone and repeatedly refers to Dr. Corsi as a plaintiff in the body of the complaint.  *See* Dkt. 34-1 at ¶¶ 3, 15, 27, & 48.

the Lanham Act claim. This Court should respect and follow the decision of Judge Altman and dismiss the amended complaint.[6]

## 4.2    There is No Significant Conflict of Laws as to the Claims

This case was filed in D.C., transferred to Texas due to improper venue, asserting claims regarding speech that occurred in Texas and Florida regarding individuals from Florida and New Jersey.[7]  "The choice-of-law rules of the transferee state apply if a diversity suit was transferred from a district court that had no personal jurisdiction over the defendant or where venue was otherwise improper."  *Nat'l Union Fire Ins. Co. v. Am. Eurocopter Corp.*, 692 F.3d 405, 408 n.3 (5th Cir. 2012). Texas choice of law rules, therefore, apply.  As this Court has found:

> In a diversity case, federal courts apply the choice of law rules of the forum state.  *Casa Orlando Apts., Ltd. v. Fannie Mae*, 624 F.3d 185, 190 (5th Cir. 2010).  Texas courts follow the "most significant relationship" test in the Restatement (Second) of Conflict of Laws ("Restatement").  *Id.* (citations omitted).  The choice of law is evaluated issue by issue.  *Id.* at 191.  In a tort case, the primary factors for choice of law are: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."  *Id.* (citing Restatement (Second) of Conflict of Laws § 145).

*Croix v. Provident Tr. Grp., LLC*, No. 1:19-CV-102-LY, 2019 U.S. Dist. LEXIS 212290, at *12-13 (W.D. Tex. Dec. 9, 2019).  "As the Restatement commentary notes, the place of injury will not play an important role in a choice of law analysis in the case of multistate defamation."  *Chevalier v. Animal Rehab. Ctr.*, 839 F. Supp. 1224, 1229 (N.D. Tex. 1993) citing Restatement § 154 cmt. e.  The alleged statements were made primarily in Texas and Florida and are alleged to have been broadcast from Texas.  The relationship among the parties is centered on Texas—in fact, Plaintiffs bring joint claims in their Amended Complaint, not accounting for Dr. Corsi and Mr. Klayman being from New Jersey and Florida, essentially asserting that a single law governs the claims brought by both.  The only commonality between them is Texas.

---

[6]    Although the Court could issue an order under Rule 12(f) requiring a more definite statement, Dr. Corsi has had his chances and he has taken enough bites at the apple.

[7]    The original motion to dismiss was brought under the law of the forum—the District of Columbia.  Plaintiffs did not object.

However, this analysis need not be generally undertaken. "[F]or a court to conduct a choice of law analysis, it must be presented with a true conflict of laws. A 'true conflict' arises when the law of two or more forums conflicts in such a way that the difference has a significant effect upon the outcome of the case." *Arrowood Indem. Co. v. Gulf Underwriters Ins. Co.*, No. EP-08-CV-285-DB, 2010 U.S. Dist. LEXIS 152771, at *9 (W.D. Tex. Mar. 3, 2010) (internal citation omitted). Further, any choice of law analysis must be done on an issue-by-issue basis. *See Toyota Motor Co. v. Cook*, 581 S.W.3d 278, 284 (Tex. App. 2019); *see also Palomo v. United States,* No. 1:96cv329GR, 1997 U.S. Dist. LEXIS 24103, at *6 (S.D. Miss. Mar. 14, 1997) ("Texas law also utilizes depeçage, an issue by issue analysis in choice of law decisions.").

### 4.3 Dr. Corsi has No Actionable Defamation Claim

The first three causes of action sound in defamation. "Under Texas law a defamation cause of action requires the plaintiff to prove: (1) the defendant published a false statement; (2) defamatory to the plaintiff, in that it damaged the plaintiff's reputation, exposing him to financial injury; and (3) the defendant made the statement negligently as to its truth. *Green v. CBS Inc.*, 286 F.3d 281, 283 (5th Cir. 2002); *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)." *Ross v. Abbott*, No. 1:12-CA-540-LY, 2013 U.S. Dist. LEXIS 203997, at *21 (W.D. Tex. July 19, 2013) (Yeakel, J.). New Jersey and Florida law do not present a true conflict. *See DeAngelis v. Hill,* 180 N.J. 1, 847 A.2d 1261, 1267-68 (N.J. 2004) (citing Restatement (Second) of Torts § 558 (1977)) and *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Dr. Corsi cannot meet these elements.

#### 4.3.1 As a Matter of Law, Dr. Corsi Cannot Prove the Statements Are False or Defamatory

The statements at issue are generally neither false nor defamatory, whether viewed directly or by implication.[8] "[D]efamatory statements must be false in order to be actionable." *Cain v. Hearst*

---

[8] "In a defamation-by-implication case, the defamatory meaning arises from the statement's text, but it does so implicitly." *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 627 (Tex. 2018). It requires "extrinsic evidence" to show that the "gist" of the story is wrong, where material facts are omitted or

*Corp.*, 878 S.W.2d 577, 580 (Tex. 1994). "Truth is a complete defense to defamation." *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). "A statement need not be perfectly true; as long as it is substantially true, it is not false." *KBMT Operating Co., LLC v. Toledo*, 492 S.W.3d 710, 714 (Tex. 2016). The words must be "reasonably susceptible of a defamatory meaning" and "verifiably false and not merely an opinion masquerading as a verifiable fact." *Castleman v. Internet Money Ltd.*, No. 07-16-00320-CV, 2018 Tex. App. LEXIS 8559, at *8 (Tex. App. Oct. 18, 2018). Rhetorical hyperbole is the objectively verifiable and, therefore, does not constitute actionable defamation. *See Coronado v. Freedom Communs., Inc.*, No. 13-13-00525-CV, 2015 Tex. App. LEXIS 10128, at *6-7 (Tex. App. Sep. 30, 2015). "[W]hether the publication is a protected expression of opinion or an actionable statement of fact is a question of law for the court." *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989). Just as Mr. Klayman could not meet his burden in *Klayman v. Segal,* 783 A.2d 607 (D.C. 2001), Dr. Corsi cannot do so here.

As to the statements by Mr. Jones in the October 26, 2018, video,[9] these are all substantially true, non-defamatory, and/or statements, in their context, of opinion or rhetorical hyperbole.

    1)      "when I was in DC about six months ago with dr. [sic] Corsi he **seemed to** mentally be extremely degraded to the point of what I would call dementia." See Amd. Complaint at ¶ 42 and Dkt. No. 7-2. Although Dr. Corsi refers to this statement as "false," he does not assert a particular falsehood. He does not assert it is factually false that Mr. Jones observed Dr. Corsi at that time and place. The remainder is Mr. Jones's opinion based on his observation, *i.e.*, what it "**seemed.**" *Accord Yiamouyiannis v. Thompson*, 764 S.W.2d 338, 341 (Tex. App. 1988) ("In distinguishing between fact and

---

facts are juxtaposed in a misleading way to "create a substantially false and defamatory impression." *Id.* at 627-628 (internal citation omitted). Dr. Corsi fails to plead any omission or juxtaposition as to truthfully stated facts that give a false impression. Moving Defendants further note that there do not appear to be any cases recognizing defamation by implication as a theory under New Jersey law.

[9]   Dr. Corsi's claims arise from the video at the URL cited at footnote 9 of their Complaint. A copy of the closed captions embedded in that video at that URL appears at Dkt. No. 7-2. In deciding a motion to dismiss "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *see also* Fed. R. Civ. P. 10(c).

opinion, the court should … (3) consider the entire context of the article or column, including cautionary language[.]")

2)     "[Corsi]'s on the ground at another table we had to help him out of there man they thought he was dead in the elevator." *See* Amd. Complaint at ¶ 43 and Dkt. No. 7-2.  Whether or not third parties thought Dr. Corsi was dead, which he discloses was based on them "listening to his chest," is merely a report of their opinions.  Neither is there any defamatory meaning in a statement about whether Dr. Corsi may have passed out.

3)     "[Corsi] had a stroke or whatever's going on with Corsi that whatever comes out of his mouth ain't the truth." *See* Amd. Complaint at ¶ 44 and Dkt. No. 7-2.  Although, in isolation, these might sound like false statements of fact, in context Mr. Jones had earlier said "*I think he's got dementia or a stroke I mean I don't know*," describing him as having had "*a really sharp brain until about a year ago*," and then relaying his grandfather's mental demise following a heart attack.  *See* Dkt. No. 7-2. Thus, Mr. Jones did not call Dr. Corsi an intentional liar, but rather one who he believes Corsi said things in error based on his observations of Corsi's health conditions.  When "the bases for the … conclusion are fully disclosed, no reasonable reader would consider the term anything but the opinion of the author drawn from the circumstances related." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993).  "Viewing the challenged statements as a whole and in context," the Court should "conclude that a person of ordinary intelligence would perceive these words as nothing more than rhetorical hyperbole." *Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 729 (Tex. App. 2013).  The reasonable listener would this expression as an "expression of outrage." *Schnare v. Ziessow*, 104 F. App'x 847, 852 (4th Cir. 2004) citing *Horsley v. Rivera*, 292 F.3d 695, 701-02 (11th Cir. 2002).

Similarly, in the January 21, 2019, video,[10] Mr. Jones is accused of calling Dr. Corsi a "spook, back and forth with different agencies." Amd. Complaint at ¶ 67.  There is nothing defamatory about

---

[10]     Dr. Corsi's claims arise from the video at the URL cited in footnote 13 of their Complaint. A copy of the first 53 minutes of the closed captions embedded in that video at that URL appears at Dkt. No. 7-3.

working with the intelligence community. On the contrary – most reasonable people would find such facts to be flattering.

Moreover, in context, Mr. Jones was reporting on what FBI agents and others had relayed to him. *See* Dkt. No. 7-3. Further, Mr. Jones did not accuse Corsi of "not being able to walk"; what he actually said was that Corsi is "*super smart unless you catch him when he can't walk.*" Compare Amd. Complaint at ¶ 68 with Dkt. No. 7-3. Expressing an opinion as to when someone might not seem terribly smart is not actionable defamation.

The remaining allegations stem from statements by Roger Stone that Dr. Corsi is not telling the truth. However, Dr. Corsi admitted "My recollections and Roger's differ on this. Now, I'm not maintaining that my recollection is true and his is false. … My recollections are not always accurate against an objective sense of truth[.]"[11] Thus, the statements as to him are substantially true.

### 4.3.2  Dr. Corsi is a Public Figure and the Statements Were Not Published with Actual Malice

Dr. Corsi is a public figure, whether he be deemed a general public figure "for all purposes and in all contexts" or a limited-purpose public figure who "voluntarily injects himself or is drawn into a particular public controversy and therefore becomes … a public figure for a limited range of issues." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351(1974).

Dr. Corsi is a general public figure or, at a minimum, a limited purpose public figure. "Jerome Corsi is a 'world-renowned author of several New York Times bestsellers[.]'" *Farah v. Esquire Magazine*, 736 F.3d 528, 531 (D.C. Cir. 2013) (quoting Corsi's own claims). Dr. Corsi has otherwise voluntarily injected himself into the high-profile prosecution of Roger Stone.[12] *See*, *e.g., United States v. Stone*, 2019 U.S. Dist. LEXIS 28860, *2 (D.D.C. Feb. 15, 2019). Thus, the public figure standard applies.

---

[11] *See* <https://play.acast.com/s/skullduggery/coulterandcorsi-thedeplorablesedition>

[12] To determine whether an individual is a limited-purpose public figure:

(1) The controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution; (2) the plaintiff must have more than a trivial or tangential role in the

A public figure defamation plaintiff must "sufficiently allege[] actual malice in order to state a defamation claim." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 744 (5th Cir. 2019). "A statement is made with 'actual malice' when it is made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *O'Hair v. Skolrood*, Civil Action No. A-89-CA-769, 1990 U.S. Dist. LEXIS 14928, at *7-8 (W.D. Tex. May 4, 1990) quoting *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964)). Notably,

> "Proving actual malice is a heavy burden. … Proof that a defendant spoke out of dislike, or with ill will towards another, also does not automatically meet the test of actual malice, even if his statements are shown to be false. *Garrison v. Louisiana*, 379 U.S. 64, 73 (1964). … That a defendant publishes statements anticipating financial gain likewise fails to prove actual malice: a profit motive does not strip communications of constitutional protections. *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989). As long as a defendant does not act knowing his statement is false or with reckless disregard of its truth, actual malice will not be present. …
>
> "A 'reckless disregard' for the truth, however, requires more than a departure from reasonably prudent conduct." *Harte-Hanks*, 491 U.S. at 688. The standard for reckless disregard "is a subjective one--there must be sufficient evidence to permit the conclusion that the defendant actually had a 'high degree of awareness of … probable falsity'." *Harte-Hanks*, 491 U.S. at 688 (quoting *Garrison*, 379 U.S. at 74, 85 S. Ct. at 215-16). …
>
> In short, "the actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." *Harte-Hanks*, 491 U.S. at 666, 109 S. Ct. at 2685. Culpability on the part of the defendant is essential. "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant [v. Thompson,* 390 U.S. 727, 731 (1968)]."

*Peter Scalamandre & Sons v. Kaufman*, 113 F.3d 556, 561 (5th Cir. 1997). Dr. Corsi cannot meet this burden.

There are no plausible allegations that Moving Defendants acted with actual malice in merely having Mr. Stone on the programs, rendering them responsible for any of those statements. As to

---

controversy; and (3) the alleged defamation must be germane to the plaintiff's participation in the controversy.

*Trotter v. Jack Anderson Enters.*, 818 F.2d 431, 433-34 (5th Cir. 1987). The Special Counsel's investigation and prosecution of Mr. Stone was a public controversy. Dr. Corsi's role is non-trivial. And, the record shows that he tried to have an impact on the outcome of it. The statements at issue were directly germane to Dr. Corsi's role in the controversy.

Mr. Jones's own statements, they were based on his perceptions of Dr. Corsi and what others reported to him. There is no basis to suggest he acted in reckless disregard of the truth, especially where Dr. Corsi himself admits that his memory could be faulty. Thus, the defamation claims must be dismissed.

### 4.4 There is No Liability, as a Matter of Law, for Intentional Infliction of Emotional Distress

As he cannot recover for defamation, Dr. Corsi cannot recover for intentional infliction of emotional distress. A "plaintiff may not circumvent the protections accorded by the First Amendment by pleading a cause of action, such as intentional infliction of emotional distress, instead of a claim for defamation." *Bass v. Hendrix*, 931 F. Supp. 523, 530 (S.D. Tex. 1996). The constitutional limitations equally apply to IIED claims. *See Bell v. Itawamba Cty. Sch. Bd.,* 799 F.3d 379, 421 (5th Cir. 2015) citing *Hustler Magazine v. Falwell*, 485 U.S. 46 (1988). Such was fatal to Dr. Corsi's claims, brought by Mr. Klayman, in *Farah v. Esquire Magazine*, 736 F.3d 528, 540 (2013).

Notwithstanding the failure of this claim under the First Amendment, it fails on the merits. To bring a claim for intentional infliction of emotional distress, a plaintiff must show "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)." *Barrett v. Humana Ins. Co.*, No. A-14-CA-919-LY, 2014 U.S. Dist. LEXIS 168581, at *4 (W.D. Tex. Dec. 5, 2014) adopted 2014 U.S. Dist. LEXIS 191225 (W.D. Tex. Dec. 22, 2014)(Yeakel, U.S.D.J.); *accord Buckley v. Trenton Sav. Fund Soc'y,* 111 N.J. 355, 365-67, 544 A.2d 857 (1988). "The conduct must go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. Moreover, the plaintiff's emotional distress must be so severe that no reasonable person could be expected to endure it." *Id.* (citation omitted).

> To be extreme and outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)); Restatement (Second) of Torts § 46 cmt. d (1965). Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct. *Natividad*, 875 S.W.2d at 699. Similarly, **mere insults, indignities, threats, annoyances, petty**

**oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct**. *See Porterfield v. Galen Hosp. Corp.*, 948 S.W.2d 916, 920 (Tex. App.--San Antonio 1997, writ denied); RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965).

*Gte Sw. v. Bruce*, 998 S.W.2d 605, 611-12 (Tex. 1999) (emphasis added).

The statements about Dr. Corsi are mere insults and indignities, at best. The only so-called threat, in paragraph 66, was Mr. Stone saying "I look forward to our confrontation. I will demolish you [Dr. Corsi]." No physicality is threatened; the confrontation referred to is a verbal one and there is no basis to suggest otherwise. Even if someone could possibly interpret "demolish" as a threat, "mere threats do not rise to the level of extreme and outrageous conduct." *Louis v. Mobil Chem. Co.*, 254 S.W.3d 602, 609 (Tex. App. 2008). Neither is the Instagram image noted at paragraphs 94-95 extreme or outrageous conduct. It is not a death threat—it was a rhetorical device. *See S&T Aircraft Accessories v. Bonnington,* No. 03-98-00648-CV, 2000 Tex. App. LEXIS 73, at *14 n.2 (Tex. App. Jan. 6, 2000) (finding "[t]hrowing paper at an employee, frightening her with snake rattles, calling her obscene names, pilfering and vandalizing her belongings, ostracizing her, and mutilating her photograph on an employee bulletin board" not extreme or outrageous).[13]

In addition to the absence of extreme or outrageous conduct directed toward Dr. Corsi, no severe harm was pleaded. Further, "feelings of anger, depression, and humiliation (even when embarrassed in front of one's children), are insufficient to constitute severe distress." *Rescar, Inc. v. Ward*, 60 S.W.3d 169, 181 (Tex. App. 2001). Dr. Corsi's allegations here are perfunctory. *See* Amd. Complaint at ¶ 96. Thus, this claim must be dismissed.

**4.5    Moving Defendants Did Not "Assault" Dr. Corsi with Insults**

Moving Defendants are not liable for assault. They made no threats of imminent bodily injury. Under the law:

The elements of assault are the same in both civil and criminal cases. *Morgan v. City of Alvin*, 175 S.W.3d 408, 418 (Tex. App.--Houston [1st Dist.] 2004, no pet.). Under Texas Penal Code § 22.01(a), a person commits assault if the person (1) intentionally,

---

[13]    The tort is, also, a gap-filler tort; a claim cannot lie where the facts are not independent of the Dr. Corsi's defamation claim. *See Mack v. Nelson*, No. A-12-CV-016-LY, 2012 U.S. Dist. LEXIS 193538, at *7-8 (W.D. Tex. July 6, 2012) (Yeakel, U.S.D.J.).

Motion to Dismiss Against Jerome Corsi
1:20-cv-00298-LY

knowingly, or recklessly causes bodily injury to another, (2) intentionally or knowingly threatens another with imminent bodily injury, or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. Tex. Penal Code § 22.01(a)(1)-(3) (Vernon 2007). Thus, an assault under § 22.01(a)(1), requires that the actor "caus[e] bodily injury" to another. *Juneau v. State*, 49 S.W.3d 387, 391 (Tex. App.-Fort Worth 2000, pet. ref'd). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* at 390-91 (citing Tex. Penal Code § 1.07(a)(8)).

*Kincheloe v. Caudle*, No. A-09-CA-010 LY, 2009 U.S. Dist. LEXIS 96371, at *64 (W.D. Tex. Oct. 16, 2009); *accord Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591, 969 A.2d 1097 (2009). "The gist of the offense of assault, as set out in Section 22.01(a)(2), is that one acts with intent to cause a reasonable apprehension of imminent bodily injury." *Tidwell v. State*, 187 S.W.3d 771, 775 (Tex. App. 2006).

Dr. Corsi does not plead an actual threat, let alone intent, on the part of Moving Defendants. There are no credible allegations that Moving Defendants called anyone "to arms" with "deadly violence" as stated in Paragraph 100 of the Complaint. Though it purports to refer to matters "set forth above," none are. Amd. Complaint at ¶ 100. Verbally mocking someone and posting a meme on Instagram are not threats of physical harm. Nor is there any allegation that Moving Defendants bear any responsibility for Mr. Stone's statements. Dr. Corsi does not allege intent and none can be implied. Compare *Kincheloe, supra* at *64-65 (dismissing assault claim in the absence of a threat of imminent bodily injury.). Thus, the assault claim should be dismissed.

### 4.6    There is No Plausible Lanham Act or Common Law Unfair Competition Claim

In his final cause of action, Dr. Corsi asserts claims of common law unfair competition and violation of 15 U.S.C. § 1125(a). As set forth above, Moving Defendants did not make any provably false statements of fact. Moreover, as Dr. Corsi should be aware, Section 1125(a) "appl[ies] only to commercial speech." *Farah v. Esquire Magazine*, 736 F.3d 528, 541 (D.C. Cir. 2013). "The mere fact that the parties may compete in the marketplace of ideas is not sufficient to invoke the Lanham Act." *Id.* Commercial speech is "expression related solely to the economic interests of the speaker and its audience." *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 561 (1980). The "core notion" of commercial speech is speech that does "'no more than propose a commercial

transaction,'" *Nat'l Assoc. of Mfrs. v. S.E.C.,* 800 F.3d 518, 523 n.12 (D.C. Cir. 2015) (quoting *Bolger v. Youngs Drug Prods. Corp.,* 463 U.S. 60, 66 (1983)). "The Supreme Court has identified three factors in looking beyond the core notion of commercial speech: (1) that the material was "conceded to be advertisements," (2) it contained a "reference to a specific product," and (3) the speaker "has an economic motivation" for distributing the material. No one factor is dispositive." *Tobinick v. Novella,* 848 F.3d 935, 950 (11th Cir. 2017) quoting *Bolger,* 463 U.S. at 66-67; *see also Seven-Up Co. v. Coca-Cola Co.,* 86 F.3d 1379, 1383 (5th Cir. 1996) ("A representation constitutes a 'commercial advertising or promotion' under section 43(a)(1)(B) if it is: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services.") These factors do not support a claim that the speech is commercial.

First, Moving Defendants do not concede the speech to be advertisements. This is the same foolishness the plaintiff in the *Tobinick* case tried to use. Second, as in *Tobinick,* the speech does not discuss any products or services for sale. Third, there is no basis to suggest an economic motivation for the speech. Compare *Tobinick,* supra at 952 ("Even if Dr. Novella receives some profit for his quasi-journalistic endeavors as a scientific skeptic, the articles themselves, which never propose a commercial transaction, are not commercial speech simply because extraneous advertisements and links for memberships may generate revenue"); *Burstyn v. Wilson,* 343 U.S. 495, 501 (1952) ("That books, newspapers, and magazines are published and sold for profit does not prevent them from being a form of expression whose liberty is safeguarded by the First Amendment"). Thus, the claim under the Lanham Act must fail.

The common-law tort of unfair competition in Texas is essentially the same as such a claim under the Lanham Act. *See Amazing Spaces, Inc. v. Metro Mini Storage,* 608 F.3d 225, 235 n.7 (5th Cir. 2010) (citing *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.,* 53 S.W.3d 799, 806 n.3 (Tex.App.—Austin 2001, pet. denied)). Similarly, under New Jersey law, "[t]his common law business tort is an amorphous area of law and is generally defined as the misappropriation of one's property by another which has some sort of commercial or pecuniary value." *ADP, LLC v. Kusins,* 460 N.J. Super. 368, 414, 215 A.3d 924, 951 (Super. Ct. App. Div. 2019) (internal quotation marks and

ellipses omitted). It does not exist as a cause of action outside the context of intellectual property. *See Nat'l Auto Div., LLC v. Collector's All., Inc.,* No. A-3178-14T3, 2017 N.J. Super. Unpub. LEXIS 234, at *11 (Super. Ct. App. Div. Jan. 31, 2017). As discussed above, Moving Defendants do not compete with Dr. Corsi and he does not allege any consumer confusion. Since Moving Defendants committed none of these acts, the claim for common law unfair competition fails no matter which state's law applies. Moreover, any flavor of Dr. Corsi's common-law unfair competition claims fail to meet the actual-malice requirement. As a result, the sixth cause should be dismissed.

### 4.7 Moving Defendants did not Act in Concert with any other Defendant

The bare assertions that Defendants acted "in concert" is not sufficient to bring any of the claims. "Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987). "The Fifth Circuit has held that, as a matter of law, a corporation cannot conspire with itself, and acts of agents of corporations are seen as acts of the corporation itself for this purpose. *Elliott v. Tilton,* 89 F.3d 260, 265 (5th Cir. 1996)." *Deepak Land Tr. v. City of San Antonio,* No. SA-08-CV-418-XR, 2008 U.S. Dist. LEXIS 77432, at *6 (W.D. Tex. July 25, 2008). There are no allegations as to Infowars or FSS independent of the natural-person defendants. Thus, absent any viable claim against the individuals, the claims against Infowars and FSS must fail as well.

"Under Texas law, a civil conspiracy requires (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 719-20, 38 Tex. Sup. Ct. J. 765 (Tex. 1995). For a conspiracy claim, there must be an injury resulting from an act done pursuant to a common purpose. *Trostle v. Combs,* 104 S.W.3d 206, 214-15 (Tex. App. -- Austin 2003, no pet.) (*citing Carroll v. Timmers, Chevrolet, Inc.,* 592 S.W.2d 922, 925, 23 Tex. Sup. Ct. J. 131 (Tex. 1979))." *Cedillos v. Tex. Dep't of Pub. Safety,* No. SA-03-CA-0427-XR, 2005 U.S. Dist. LEXIS 3846, at *23-24 (W.D. Tex. Mar. 10, 2005); *accord Morgan v. Union Cty. Bd. of Chosen Freeholders,* 268 N.J. Super. 337, 364-65, 633 A.2d 985, 998 (Super. Ct. App. Div. 1993).

The Amended Complaint consists of bald assertion after bald assertion. Although the Amended Complaint asserts Defendants acted in concert or as surrogates for Stone, with the word

"concert" appearing 38 times, no facts alleging how they acted in concert or how they were surrogates are set forth. In fact, Dr. Corsi, represented by Mr. Klayman, lost on this very "surrogacy" theory only last month in a similar claim in the absence of "a scintilla of admissible evidence to support" it. *See* Dkt. No. 55-3. Beyond the absence of any unlawful acts for the reasons set forth above, there are no allegations as to any object to be accomplished or a meeting of the minds. Thus, Moving Defendants are not liable for anything done by any other defendant.

### 4.8    Dr. Corsi Failed to Comply with the TDMA

Dr. Corsi cannot maintain his action for defamation as he failed to comply with the pre-suit notification provisions of the Texas Defamation Mitigation Act ("TDMA"). The TDMA

> provides that "[a] person may maintain an action for defamation only if … the person has made a timely and sufficient request for correction, clarification, or retraction from the defendant." [Tex. Civ. Prac. & Rem. Code §] 73.055(a). If a plaintiff does not make such a request before the statute of limitations expires, she may not state a claim for defamation. *See id.* at § 73.055(b).

*Tubbs v. Nicol*, 675 F. App'x 437, 439 (5th Cir. 2017). The statute of limitations for defamation in Texas is a year. Tex. Civ. Prac. & Rem. Code § 16.002. It has been over a year since the alleged statements were made, and there was no valid request for correction, clarification, or retraction.

This is not a case where Dr. Corsi can dismiss, send a TDMA request, and re-file. "The Fifth Circuit has held that Texas applies its own statute of limitations, regardless [of] what substantive law applies." *Woolley v. Clifford Chance Rogers & Wells, L.L.P.*, 2004 U.S. Dist. LEXIS 97, 2004 WL 57215, at *3 (N.D. Tex. Jan. 5, 2004) (citations omitted). Texas has a one-year statute of limitations for defamation claims. *See* Tex. Civ. Prac. & Rem. Code § 16.002(a). It applies to all of the common law claims, as this "one-year limitation likewise applies to other causes of action for which the gravamen of the complaint is injury to a plaintiff's reputation because of allegedly defamatory statements." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741-42 (5th Cir. 2019) (citations omitted). The claims accrue on the "first date of publication," even on the internet. *See id.* at 742 (citations omitted).

The New Jersey iteration, N.J. Stat. § 2A:43-2, with which Dr. Corsi similarly failed to comply, restricts damages to those "specially alleged in the complaint." Dr. Corsi pleads no special damages

and, thus, there are no damages recoverable. "For procedural matters, … Texas, generally speaking, applies the law of the forum state." *Porter v. Charter Med. Corp.*, 957 F. Supp. 1427, 1432 n.2 (N.D. Tex. 1997) (collecting cases). The Texas statute is a "procedure."[14] *Butowsky v. Folkenflik*, Civil Action No. 4:18CV442, 2019 U.S. Dist. LEXIS 104297, at *132-33 (E.D. Tex. Apr. 17, 2019); *Hearst Newspapers, LLC v. Status Lounge, Inc.*, 541 S.W.3d 881, 891 (Tex. App. 2017).

## 5.0 Conclusion

In light of the foregoing, Defendants Alex Jones, Infowars, and FSS respectfully request this Honorable Court dismiss the matter as to them for failure to state a claim and award them their attorneys' fees and costs under Rule 11, 28 U.S.C. § 1927 and the Court's inherent power,[15] and under the fee-shifting provision of the Lanham Act, 15 U.S.C. § 1117(a).

Dated: September 2, 2020.

Respectfully submitted,

/s/Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Bradley J. Reeves (TX Bar No. 24068266)
REEVES LAW, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701
Telephone: 512-827-2246
brad@brtx.law

Attorneys for Defendants
Infowars, LLC; Free Speech Systems, LLC;
Alex E. Jones; and Owen Shroyer

---

[14]   It is, however, sufficiently substantive for *Erie* purpose to apply in diversity cases, as other pre-suit notice requirements are enforceable. *See Baber v. Edman,* 719 F.2d 122, 123 (5th Cir. 1983) (finding Texas pre-suit notice in medical malpractice cases to apply in diversity actions); *Davis v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 4:18-CV-00075, 2018 U.S. Dist. LEXIS 109574, at *5-7 (E.D. Tex. June 29, 2018) (same regarding Texas Deceptive Trade Practice Act requirement and collecting cases). The Fifth Circuit has applied the TDMA pre-suit notice requirement. *Tubbs v. Nicol*, 675 F. App'x 437, 439 (5th Cir. 2017).

[15]   Upon dismissal, Moving Defendants will seek fees under these provisions by separate motion.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on September 2, 2020 by CM/ECF, the court's electronic filing system.

/s/ Marc J. Randazza
Marc J. Randazza