IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

DR. JEROME CORSI, et. al.

    Plaintiff(s),

v.

INFOWARS, LLC et. al.,

    Defendant(s)

Case No.: 1:20-cv-00298-LY

**DEFENDANT ROGER STONE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS**

Defendant, Roger Stone, through counsel, files this reply to plaintiffs' opposition to the motion for sanctions, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. §1927.

The motion to dismiss filed by Stone explained how this lawsuit was frivolous and subject to sanctions. *See* ECF No. [70]. The grounds for the Rule 11 motion is that there was no good faith basis for plaintiffs to file this lawsuit in Texas because the defamation and Lanham Act causes of action were well beyond the one-year statute of limitations, and the Lanham Act does not apply to the speech alleged -- it only applies to commercial speech through false advertising. Plaintiffs also leave unanswered the argument that their common law causes of action were frivolous because neither plaintiff allege their damages occurred in Texas. Plaintiffs filed a response in opposition. *See* ECF No. [79]. Their arguments require only a short reply.

The litigation history of the tag-team of Corsi and Klayman in filing repetitious lawsuits is relevant to the Rule 11 inquiry because it demonstrates their improper purpose and motive to harass. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 392 (1990) (citing Fed.R.Civ.P.

11)). Plaintiffs were not trying to extend, modify, or reverse existing law or establish new law. Fed. R. Civ. P. 11(b)(2). Neither plaintiff ever resided in Texas. What likely happened in this case is plaintiffs ran head first in to the Texas Defamation Mitigation Act ("TDMA"), which requires written notice of the precise defamatory statements within a year of publication. *See* ECF No. [70 pg. 11] (Motion) (citing Tex. Civ. Prac. & Rem. Code § 73.055(a)). Plaintiffs also became acquainted with Texas's one year statute of limitations for defamation cases. *See* Motion pg. 12. They also did not consider their common law claims required Texas torts occur in Texas. A quick review of the relevant Texas statutes would have revealed it was too late or impossible to sue Roger Stone in Texas. Counsel for Corsi is a member of the Texas Bar. The parties and the lawyers should have known better.

The reasoning behind plaintiffs' lawsuit in this district offers an additional reason why Rule 11 sanctions are mandatory. Plaintiffs fail to govern their adjectives when they refer to District Judge Altman as a "highly politicized judge" and his Order dismissing plaintiffs' complaint as "bizarre." (Opp. pg. 4). Plaintiffs attribute a bad motive in Judge Altman's *sua sponte* Order advising that plaintiffs' "shotgun" pleading had profound deficiencies. *See* ECF No. [57-2] *Klayman v. InfoWars,* Case No. 20-cv-80614 (S.D. Fla. Apr. 8, 2020). The biggest deficiency being that Roger Stone was not a defendant. *Id.* pg. 1. Without cause, plaintiffs rush to disparage a district judge whose Order was serving as a harbinger to their meritless claim.

Plaintiffs either fundamentally misunderstand what the Lanham Act prohibits or they are impermissibly contorting the statute's meaning in order to attempt to create federal question jurisdiction. (Opp. pg. 5). Not every defamation case is a Lanham Act violation, even if a plaintiff sells goods or services. Plaintiffs cite to *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 686 (N.D. Tex. 2015), for the purposes of wedging in plaintiffs' Lanham claim by

classifying the defendants as a "competitor." (Opp. pg. 5). The competitor in *ADT, LLC* is a company that sells home alarm systems. *Id.* The Lanham Act does not contemplate speaking services or future books written by plaintiffs or being hired as a lawyer. As alleged in the amended complaint, Stone is a political consultant and InfoWars is a nationally syndicated radio show. The Lanham Act protects against infringement of a trademark or sales tactics that cause confusion between competitors. *Id.* (citation omitted). Plaintiffs offer no precedent to support its cause of action. No case stands for the proposition that disparaging another person outside of commercial speech is a violation of the Lanham Act. In *ADT*, the court imposed an injunction because defendants' *sales tactics* caused "actual confusion" among home security customers as to the source, affiliation, connection, or sponsorship of alarm services. *Id.* Meaning, defendants were pretending to work with ADT alarm services, when there was no affiliation. *Id.* No allegations were made that specified consumers thought Roger Stone was actually Corsi or Klayman based upon comments made by Stone on an InfoWars broadcast. *ADT* is inapplicable to plaintiffs' case.

Plaintiffs cite to *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 66 (1983), and conflate "commercial speech" with speech that is commercial under the Lanham Act. *Bolger* is not a Lanham Act case. Plaintiffs did not allege that any defendants' speech was made as part of an advertisement to sell a product or service. Plaintiffs only accuse defendants of disparaging them on an InfoWars radio show. Commercials, advertising a product or service, have a different meaning than First Amendment "commercial speech." *Id.* (citing *New York Times v. Sullivan,* 376, 385 (1973) (not all advertisements are commercial speech). Appearing on a radio show may promote a person and a product associated with that person, such as a book or law practice, but the show itself is not governed by the Lanham Act.

Finally, plaintiffs claim that Stone was put on notice he would be subject to sanctions if he filed "this frivolous motion." (Opp. pg. 11). Plaintiffs did not specify which motion. Plaintiffs may want credit for attempting to consolidate the multitude of lawsuits they filed around the country and cast Stone as the irrational litigator because he did not agree to waive absolute legal defenses provided under Texas law. Regardless, Rule 11 requires written notice like the TDMA. Rule 11(c)(2) also provides for a twenty-one day safe harbor provision, which plaintiffs were given and Stone was not. If Stone's motion to dismiss is granted, the Rule 11 motion must be granted. Stone cannot be sanctioned for violation of Rule 11 or 28 U.S.C. § 1927, under any circumstance.

## CONCLUSION

The motion for sanctions should be granted.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
One Financial Plaza
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida 33394
Tele: (954) 530-5301
Email: Buschel@BGlaw-pa.com

Attorneys for Roger J. Stone

By: __/s/ Robert Buschel_____
    ROBERT C. BUSCHEL
    (admitted W.D. Texas)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on November 3, 2020 by CM/ECF, the court's electronic filing system.

By: __/s/ Robert Buschel_____
    ROBERT C. BUSCHEL

# 1:20-cv-00298-LY
Corsi et al v. Infowars, LLC et al

| | | |
|---|---|---|
| **Sanjay Biswas**<br>Sanjay Biswas Attorney at Law PC<br>11720 Duxbury Drive<br>Frisco, TX 75035<br>972-866-5879<br>800-506-6804 (fax)<br>sanjaybiswas41@gmail.com<br>  *Assigned: 07/29/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **Jerome Corsi**<br>*(Plaintiff)* |
| | | **Larry Klayman**<br>*(Plaintiff)* |
| **Larry Klayman**<br>Klayman Law Group P.A.<br>2020 Pennsylvania Ave. NW #800<br>Washington, DC 20006<br>561-558-536<br>202-318-8839 (fax)<br>leklayman@gmail.com<br>  *Assigned: 03/07/2019*<br>  *ATTORNEY TO BE NOTICED* | representing | **Jerome Corsi**<br>*(Plaintiff)* |
| | | **Larry Klayman**<br>*(Plaintiff)* |
| **Marc J. Randazza**<br>Randazza Legal Group, PLLC<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117<br>702-420-2001<br>702-297-6584 (fax)<br>mjr@randazza.com<br>  *Assigned: 07/24/2019*<br>  *PRO HAC VICE*<br>  *ATTORNEY TO BE NOTICED*<br>cell is 702-757-1001 | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)* |
| | | **Alex E. Jones**<br>*(Defendant)* |
| | | **David Jones**<br>*(Defendant)* |
| | | **Owen Shroyer** |

| | | |
|---|---|---|
| | | *(Defendant)* |
| **Bradley Jordan Reeves**<br>Reeves Law, PLLC<br>702 Rio Grande St., Suite 306<br>Austin, TX 78701<br>512-827-2246<br>512-318-2484 (fax)<br>brad@brtx.law<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)* |
| | | **Alex E. Jones**<br>*(Defendant)* |
| | | **Owen Shroyer**<br>*(Defendant)* |
| **Gregory P. Sapire**<br>Soltero Sapire Murrell PLLC<br>7320 North MoPac Expy.<br>Suite 309<br>Austin, TX 78731-2311<br>512-431-9518<br>512-359-7996 (fax)<br>greg@ssmlawyers.com<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **David Scott Wachen**<br>Wachen LLC<br>11605 Montague Court<br>Potomac, MD 20854<br>(240) 292-9121<br>301-259-3846 (fax)<br>david@wachenlaw.com<br>  *Assigned: 04/24/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001<br>(305) 437-7662 (fax)<br>jmw@randazza.com<br>  *Assigned: 04/04/2019*<br>  *LEAD ATTORNEY* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |

*ATTORNEY TO BE NOTICED*

**Infowars, LLC**
*(Defendant)*

**Alex E. Jones**
*(Defendant)*

**David Jones**
*(Defendant)*

**Owen Shroyer**
*(Defendant)*