IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DR. JEROME CORSI, et. al.

        Plaintiff(s),

v.

INFOWARS, LLC et. al.,

        Defendant(s)

Case No.: 1:20-CV-00298-LY

**DEFENDANT ROGER STONE'S MOTION TO STAY DISCOVERY, TO QUASH PLAINTIFFS' DEPOSITION NOTICES AND FOR PROTECTIVE ORDER**

Defendant, Roger Stone, through counsel, files this motion to stay discovery, quash Plaintiffs' notices of deposition filed on February 12, 2021 and for a protective order pending the ruling on the motions to dismiss.

1.      Notice of deposition was filed without conferring with Defendant Stone. *See* ECF Nos. [92, 92-1, 92-2].

2.      The depositions were unilaterally noticed one-a-day, starting on February 24, 25, 26, of several defendants.

3.      The burden of the location of the depositions has been placed on the noticed defendants. This violates Federal Rule of Civil Procedure 30(b)(1). Moreover, the notices make no accommodations to protect the participants from the spread of Covid-19.

4.      Motions to dismiss have been fully briefed and pending since October 14, 2020.

5.      The motions to dismiss and the accompanying Rule 11 motions concern absolute defenses against a shotgun complaint. *See Klayman v. Infowars*, Case No. 20-cv-80614 (S.D. Fla. Apr. 8, 2020) ECF No. [57-2] (complaint is "littered with ostentatious irrelevancy"). Plaintiffs never resided in Texas yet filed common law tort claims against Stone. Plaintiffs untimely filed this lawsuit against Stone well after the statute of limitations for their defamation claims. Also, plaintiffs did not comply with the notice requirement under the Texas Defamation Mitigation Act. Lastly, their Lanham Act claims do not concern a product or service or copyright or trademark. *See* ECF No. 70. Therefore, it is likely plaintiffs do not have standing and the District Court may not have jurisdiction over the remaining claims. Discovery depositions on the merits prior to a ruling on the motions to dismiss are therefore, inappropriate.

6.      Plaintiffs have yet to make any effort to convene a Rule 26(f) conference, a prerequisite to any discovery in this action. Plaintiffs have also failed to serve initial disclosures, pursuant to Rule 26(a).

7.      Plaintiffs set depositions to harass defendants. While Roger Stone's deposition has not been noticed in this case, Klayman has taken Roger Stone's deposition on a consolidated basis in the many other lawsuits filed by both plaintiffs against Stone, alleging the same facts as in this lawsuit. The deposition was video recorded and placed on YouTube and promoted by Klayman's organization, *Freedom Watch*. *See* Exhibit –1.  This is what plaintiffs seek. They want to promote and fundraise on the depositions when it is highly unlikely this lawsuit will survive the pending motions to dismiss.

8.      On October 29, 2020, the Court referred the motions to dismiss to Magistrate Judge Austin. *See* ECF No. [88]. A report and recommendation is likely forthcoming shortly. Depositions are not meant to be used as a tool for political advocates who have filed "shotgun"

lawsuits in order to be granted the subpoena power of the Court. No deposition of any defendant can avoid the failure to notice, failure to file within the statute of limitations, create subject matter jurisdiction under the Lanham Act, or create plaintiffs' citizenship in Texas required before claiming common law claims in Texas. A stay of discovery therefore, will not prejudice plaintiffs.

9.      Discovery costs money. If this Court is ruling on the dispositive motions to dismiss, then taking party depositions is costly to all defendants, but most particularly, Roger Stone who is an individual of limited means, and not a well-heeled corporation.

## ARGUMENT

"Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986) (citing *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985); *Perel v. Vanderford,* 547 F.2d 278, 280 (5th Cir.1977); *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976)). This discretion permits courts to stay discovery pending resolution of dispositive motions. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (affirming stay of discovery pending decision on motions to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (finding no abuse of discretion in staying discovery pending resolution of motion for judgment on the pleadings in defamation action); *Scroggins ,* 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters....  [W]e see no possible abuse of discretion in the order staying general discovery ....").

Other courts have similarly recognized that "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). A peak at the dispositive motions to dismiss reveal that plaintiffs are unlikely to move beyond the pleadings stage. This is because there are too many dispositive issues such as failure to notice, statute of limitations, and failure to meet standing requirements of the Lanham Act. Plaintiffs can vehemently deny that the motions to dismiss will be granted, but it does not justify the short stay pending the Court's ruling on the motions. Plaintiffs will not be prejudiced when they have waited to this point. On the flip side, depositions of parties are costly and time consuming. If the plaintiffs were earnest about taking the depositions for proper purposes, they would have scheduled them with opposing counsel.

Since this case is about whether speech is protected by the First Amendment or defamatory, concerns about wasting time and money are particularly pressing in defamation cases against the media, like this one, because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.,* 816 F.3d 686, 702 (11th Cir. 2016); *see also Weyrich v. New Republic, Inc.,* 235 F.3d 617, 628 (D.C. Cir. 2001) ("[T]rial courts are understandably wary of allowing unnecessary discovery where First Amendment values might be threatened.").

No doubt, at this late stage in the pleadings, plaintiffs see an opportunity to drum up video and transcripts to disparage party defendants. *See* Exhibit – 1. This is what plaintiffs do for a living – fight political wars on the internet and publish books. This is an improper use of the Court's subpoena power. The Court should strike their notices and grant a protective order.

4

## CONCLUSION

The unilaterally set notices for deposition, ECF Nos. [92, 92-1, 92-2] should be quashed

and a protective order issued that stays discovery in this case until the Court rules on the motions

to dismiss.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
501 E. Las Olas Blvd., Suite 304
Fort Lauderdale, FL. 33301
Tele: (954) 530-5301
Email: Buschel@BGlaw-pa.com

Attorneys for Roger J. Stone


By: __/s/_Robert Buschel_____
       ROBERT C. BUSCHEL
       (admitted W.D. Texas)


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was filed and served

upon all parties of record on February 16, 2021 by CM/ECF, the court's electronic filing system.

By: __/s/_Robert Buschel_____
       ROBERT C. BUSCHEL

**1:20-cv-00298-LY**
Corsi et al v. Infowars, LLC et al


**Sanjay Biswas**
Sanjay Biswas Attorney at Law PC
11720 Duxbury Drive
Frisco, TX 75035
972-866-5879
800-506-6804 (fax)
sanjaybiswas41@gmail.com
 *Assigned: 07/29/2020*
 *ATTORNEY TO BE NOTICED*

representing

**Jerome Corsi**
*(Plaintiff)*


**Larry Klayman**
*(Plaintiff)*


**Larry Klayman**
Klayman Law Group P.A.
2020 Pennsylvania Ave. NW #800
Washington, DC 20006
561-558-536
202-318-8839 (fax)
leklayman@gmail.com
 *Assigned: 03/07/2019*
 *ATTORNEY TO BE NOTICED*

representing

**Jerome Corsi**
*(Plaintiff)*


**Larry Klayman**
*(Plaintiff)*


**Marc J. Randazza**
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
702-420-2001
702-297-6584 (fax)
mjr@randazza.com
 *Assigned: 07/24/2019*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*
cell is 702-757-1001

representing

**Free Speech Systems, LLC**
*(Defendant)*


**Infowars, LLC**
*(Defendant)*

**Alex E. Jones**
*(Defendant)*

**David Jones**
*(Defendant)*

**Owen Shroyer**
*(Defendant)*

6

| | | |
|---|---|---|
| **Bradley Jordan Reeves**<br>Reeves Law, PLLC<br>702 Rio Grande St., Suite 306<br>Austin, TX 78701<br>512-827-2246<br>512-318-2484 (fax)<br>brad@brtx.law<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)*<br>**Alex E. Jones**<br>*(Defendant)*<br>**Owen Shroyer**<br>*(Defendant)* |
| **Gregory P. Sapire**<br>Soltero Sapire Murrell PLLC<br>7320 North MoPac Expy.<br>Suite 309<br>Austin, TX 78731-2311<br>512-431-9518<br>512-359-7996 (fax)<br>greg@ssmlawyers.com<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **David Scott Wachen**<br>Wachen LLC<br>11605 Montague Court<br>Potomac, MD 20854<br>(240) 292-9121<br>301-259-3846 (fax)<br>david@wachenlaw.com<br>  *Assigned: 04/24/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001<br>(305) 437-7662 (fax)<br>jmw@randazza.com<br>  *Assigned: 04/04/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |

8

**Infowars, LLC**
*(Defendant)*

**Alex E. Jones**
*(Defendant)*

**David Jones**
*(Defendant)*

**Owen Shroyer**
*(Defendant)*