# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **DR. JEROME CORSI** and **LARRY KLAYMAN**, <br><br> Plaintiffs, <br><br> vs. <br><br> **INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES,** and **OWEN SHROYER**, <br><br> Defendants. | Civil Action No. 1:20-cv-00298-LY <br><br> **DEFENDANTS' OPPOSED MOTION FOR PROTECTIVE ORDER** |

Defendants Infowars, LLC ("Infowars"), Alex E. Jones ("Alex Jones"), Free Speech Systems, LLC ("FSS"), and Owen Shroyer ("Shroyer") (collectively, the "Moving Defendants") file this Motion for Protective Order in relation to Plaintiffs' attempts to take the depositions of Defendants Jones and Shroyer. *See* Dkt. Nos. 92, 92-1, and 92-2. The notices are improper, and the Court should issue a protective order staying all discovery and not allow the depositions to proceed.

### 1.0 Introduction and Factual Background

Every defendant has a motion to dismiss that is fully briefed and awaiting adjudication. The parties have not had their Rule 26(f) conference and no discovery has been exchanged. And, yet, Plaintiffs now are attempting to take three depositions before the close of the current fact discovery deadline for purposes unrelated to this litigation. *See* Scheduling Order, Dkt. No. 46; Dkt. Nos. 55, 57, 58, and 59.

This is one of a number of nearly identical cases brought by Plaintiffs Jerome Corsi and Larry Klayman in a vexatious campaign against Roger Stone. In their quest to punish Stone for some perceived slight, they have sued anyone who so much as **stood near** Roger Stone. As set forth in the pending motions to dismiss, none of the speech at issue in this case constitutes actionable defamation, nor may it be repurposed to fit any other tort theory, including intentional infliction of emotional

distress and *assault*. The speech is not commercial speech under the Lanham Act and neither is it unfair competition.

Plaintiffs filed this action nearly two years ago seeking to harass the Moving Defendants for their association with Defendant Stone. Defendants moved to dismiss this action, but their motions remain pending. *See* Dkt. Nos. 55, 57, 58, and 59. Defendants have been waiting for their arguments on the merits to be adjudicated for nearly two years, delayed by transfer of venue and by an amendment that added nothing of substance. The noticed depositions should not be allowed to proceed, and this Court should grant Moving Defendants a protective order preventing the depositions from proceeding and otherwise revise the schedule should some portion of the matter survive the pending dispositive motions.

### 2.0    Legal Standard

Federal Rule of Civil Procedure 26(c) grants a court authority to impose a protective order in a case on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In determining whether a stay is proper, a court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 U.S. Dist. LEXIS 47561, at *3 (W.D. Tex. Apr. 8, 2016). Rule 16 otherwise grants the Court control over its own schedule.

### 3.0    Legal Argument

### 3.1    No 26(f) Conference Has Been Held

The deposition notices are improper because they are premature. Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Despite the fact that this case was initially filed nearly two years ago, Plaintiffs have not attempted to confer pursuant to Fed. R. Civ. P. 26(f), nor have the parties participated in such a conference. Neither have the parties have exchanged initial disclosures under Rule 26(a).

Plaintiffs are aware of this fact. They served discovery requests on September 29, 2020 to the Defendants, who responded with objections noting that a Rule 26(f) conference had not yet taken place. Plaintiffs did not seek to compel responses from the defendants because, simply, they knew that the defendants were correct. Rather than curing the defect and attempting to hold a Rule 26(f) conference, Plaintiffs ignored the issue and waited until the last minute to serve defective deposition notices. Plaintiffs are aware that they could have sought to have the discovery deadline extended, but instead they simply wish to harass the defendants by imposing depositions on them without allowing the other parties to engage in any substantive discovery.

### 3.2    Defendants' Motions to Dismiss are Likely to Succeed

Moving Defendants filed motions to dismiss in this matter and those motions are still pending. *See* Dkt. Nos. 55, 58, and 59. Defendants are likely to succeed on these motions and depositions should not be taken until after those motions are adjudicated.

A stay of discovery, including the noticed depositions, is appropriate. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Texas courts have characterized depositions as "intrusive, expensive, and time-consuming" for any witness. *In re Hewlett Packard*, 212 S.W.3d 356, 362 (Tex. App.—Austin 2006, orig. proceeding).

Defendants' pending motions to dismiss are likely to succeed. Plaintiffs' complaint alleges six causes of action against the defendants: Defamation, Defamation Per Se, Defamation by Implication, Intentional Infliction of Emotional Distress, Assault, and Unfair Competition. *See* Amended Complaint, Dkt. No. 47. The statements at issue in Plaintiffs' Amended Complaint are non-actionable opinion or rhetorical hyperbole and do not state a claim for relief. For the purposes of this Motion, Moving Defendants' motions to dismiss are incorporated herein by reference.

Even while Moving Defendants' motions to dismiss have been pending, Plaintiff Corsi, represented by Plaintiff Klayman, has again lost a case in another court on his attenuated theory of defamation by association. *See* Order Granting Defendants' Motion to Dismiss, *Jerome Corsi v. Newsmax Media, Inc.*, et al., Case No. 20-CV-81396-RAR (S.D. Fla. Feb. 12, 2021), attached as

Defendant's Opposed Motion for Protective Order
1:20-cv-00298-LY

**Exhibit 1**.  In that case, as here, Corsi filed a defamation action against hosts of televised program for the content of a third-party's speech.  The court in the *Newsmax* action dismissed Corsi's claims against the news organization and the hosts, finding that the statements by a third party in their presence was not sufficient to sustain a defamation claim.  Here, claims are even made where defendants were not present.  Thus, as there is a strong likelihood of success on the pending dispositive motions, a stay is warranted until the proper scope of discovery, if any, can be determined.

This Court has previously stayed discovery in matters where a dispositive motion on the pleadings was pending.[1]  *See, e.g., Kira v. All Star Maintenance*, Case No. 1:03-cv-00950-LY (W.D. Tex. Dec. 3, 2004).  The Fifth Circuit Court of Appeals has held repeatedly that district courts properly acted properly in entering stays of discovery while motions to dismiss were pending in a case.  *See, e.g., Dolenz v. Akin*, 129 F.3d 612 (5th Cir. 1997).  A stay is especially proper where, as here, "the issues to be examined in the motion to dismiss for lack of jurisdiction … [are] largely legal rather than factual in nature."  *Smith v. Potter*, 400 Fed. Appx. 806, 813 (5th Cir. 2010).  At the time Defendants agreed to the schedule, they did not know their then-pending motion to dismiss would be deemed mooted by the filing of a nearly identical amended complaint or that, at the time discovery was to close, motions to dismiss would still be pending.  As the pending dispositive motions may not be adjudicated without sufficient time before the deadline expires, discovery will close before the parties know whether any of Plaintiff's claims can proceed and, if so, before Defendants will have even answered the amended complaint.

---

[1]  Although the Scheduling Order disfavors modifying the trial date, all civil and criminal jury trials from March 13, 2020 through March 31, 2021 have been continued.  *See, e.g.* Thirteenth Supplemental Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Feb. 2, 2021); Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. Mar. 13, 2020).  Simply put, even if jury trials resumed April 1, 2021, which is unlikely, the >1 year backlog of criminal jury trials, with defendants otherwise constitutionally entitled to a speedy trial, renders it doubtful a jury trial in this matter could be held in August 2021, let alone before the end of this calendar year.

Defendant's Opposed Motion for Protective Order
1:20-cv-00298-LY

### 3.3 The Notices are Defective

The deposition notices are otherwise objectionable and depositions cannot proceed as noticed. Federal Rule of Civil Procedure 30 controls how depositions may be taken in a civil lawsuit. Fed. R. Civ. P. 30(b)(1) requires that a deposition notice "must state the time and place of the deposition and, if known, the deponent's name and address." The Local Rules of this Court further require that "[a] notice for a deposition shall be in the form prescribed in Federal Rule of Civil Procedure 30, and in addition shall state the identity of persons who will attend other than the witness, parties, spouses of parties, counsel, employees of counsel, and the officer taking the deposition." *See* Rule CV-30.

The notices fail to identify the identities of any other person who will attend the depositions aside from the deponent and fail for that reason as well. Notably, as addressed in Defendant Stone's motion (Doc. No. 93), these depositions are likely to be used by Plaintiff Klayman as a fundraising mechanism. This is not a proper purpose for depositions and essentially invites the world at large to appear and attend, in violation of the local rule requiring advance notice of identity. The notices served by the Plaintiffs do not conform with either Fed. R. Civ. P. 30(b)(1) or Local Rule CV-30 and are defective.

### 4.0 Conclusion

Plaintiffs' late-served notice of taking deposition are improper, and the Court should not allow the depositions to proceed while Moving Defendants' motions to dismiss are still pending. Counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and no agreement could be made because Plaintiffs object to the relief requested herein.

WHEREFORE, Defendants respectfully request this Honorable Court issue a protective order staying the depositions and discovery pending the outcome of the motions to dismiss and to reset the scheduling order deadlines as necessary thereafter.

Dated: February 17, 2021.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Bradley J. Reeves (TX Bar No. 24068266)
REEVES LAW, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701
Telephone: 512-827-2246
brad@brtx.law

Attorneys for Defendants
Infowars, LLC; Free Speech Systems,
LLC; Alex E. Jones; and Owen Shroyer

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on February 17, 2021 by CM/ECF, the court's electronic filing system.

/s/ Marc J. Randazza
Marc J. Randazza