# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| JEROME CORSI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.1:20-CV-00298-LY |
| | § | |
| INFOWARS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT DAVID JONES'S OPPOSED MOTION
## TO STAY DISCOVERY AND FOR PROTECTIVE ORDER

Defendant Dr. David Jones requests that the Court stay discovery—including Plaintiffs' efforts to depose Dr. Jones and two other Defendants next week—until the Court rules on Defendants' case-dispositive motions to dismiss, which have been fully briefed since October 14, 2020, and joins similar requests filed by the other Defendants (Dkt. 93, 94).

The Court's granting of the motions to dismiss would obviate the need for any discovery in this case, and the significant time and expense associated with it for the parties. This is especially true for Dr. Jones, who is not alleged to have made or disseminated any of the defamatory statements on which Plaintiffs' claims are based. Indeed, as U.S. District Judge Timothy J. Kelly observed in transferring the case to this Court, Plaintiffs "make no allegations about David Jones's conduct at all."

Despite Plaintiffs' failure to offer any legitimate basis for including Dr. Jones as a Defendant in this case, he has been forced to defend against Plaintiffs' misdirected claims (in

multiple courts) for two years, along with the associated time and significant expense. Dr. Jones and the other Defendants filed their initial Rule 12(b)(6) motion to dismiss Plaintiffs' claims on April 8, 2019. After Plaintiffs belatedly amended their Complaint on July 29, 2020 while Defendants' 12(b)(6) motion was pending adjudication by this Court, Defendants were forced to file new 12(b)(6) motions, which have been ready for decision since October 14, 2020, but remain pending due to the Court's busy docket and other demands on the Court's time.

Out of the blue, Plaintiff Klayman now insists on deposing Dr. Jones and two other Defendants. Plaintiffs, however, have made no effort over the past two years to convene a Rule 26(f) conference to discuss a discovery plan for this case, a prerequisite to any discovery. In October 2020, Defendants alerted Plaintiffs to the need for a Rule 26(f) conference prior to commencing discovery. Plaintiffs ignored them.

In response to Plaintiff Klayman's stated intention to take these depositions, undersigned counsel sought Plaintiffs' consent to a stay of discovery noting, "[w]ith the motions to dismiss fully briefed and pending since mid-October and hopefully on the verge of being decided, the most efficient course at this point would be to have the Court stay discovery pending resolution of the motions." Undersigned counsel further proposed, "If any portion of the case survives the motions, then the Court should extend the discovery deadline to permit the parties to complete discovery in an orderly fashion." In response to undersigned counsel's request that Plaintiffs consent to the stay, Plaintiff Klayman responded as follows:

> On Feb 10, 2021, at 15:35, Larry Klayman <klaymanlaw@gmail.com> wrote:
>
> No
>
> LARRY

Plaintiff Klayman, through his associate, then noticed the depositions of Defendants Alex

Jones, Dr. Jones, and Owen Shroyer for next week, on February 24, 25, and 26, respectively. Apart from the Rule 26(d) prohibition against these depositions due to Plaintiffs' failure to hold a Rule 26(f) conference, the deposition notices are defective because they fail to specify a location of the purported depositions. In addition, Plaintiffs have not indicated any special steps they would take to protect the participants from the spread of Covid-19 during what they appear to intend to be in person depositions. Plaintiffs also appear to seek these depositions for an improper purpose.

For these reasons, the Court should stay discovery and issue a protective order against the taking of the depositions of Dr. Jones and fellow Defendants Alex Jones and Owen Shroyer.

## I. THE COURT SHOULD STAY DISCOVERY UNTIL THE 12(b)(6) MOTIONS ARE DECIDED

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). This discretion includes staying discovery in appropriate cases in which dispositive motions are pending. *Id.*; *Dolenz v. Akin*, 129 F.3d 612 (5th Cir. 1997), *cert. denied,* 523 U.S. 1048 (1998). It has commonly been observed that '[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved *before discovery begins.*" *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted; emphasis added).

Thus, this Court has stayed discovery in cases in which a dispositive motion was pending. *See, e.g., Kira, Inc. v All Star Maint.,* No. A-03-CA-950-LY, Order (W.D. Tex. Dec. 3, 2004) (staying discovery pending ruling on 12(c) motion) (Yeakel, J.).[1] The Court should similarly stay discovery here.

For two years, Dr. Jones and the other Defendants have had dispositive motions on file in

---

[1] The Court in *Kira* issued the stay while a scheduling order similar to the one in this case was in effect.

3

one form or another, awaiting adjudication as to Plaintiffs' meritless claims—both in this action and in Plaintiff Klayman's copycat action in Florida. They have incurred significant expense seeking to have a court adjudicate the sufficiency (or, more accurately, insufficiency) of Plaintiffs' claims. This is particularly true for Dr. Jones, whose inclusion in this case remains a mystery.

With the 12(b)(6) motions fully briefed for over four months, the Court presumably is close to ruling. It would, therefore, be wasteful of the parties' resources and the Court's time for the parties to embark on discovery now, as Plaintiffs' eleventh-hour deposition notices seek to do. Because the Rule 12(b)(6) motions focus entirely on the sufficiency and plausibility of the pleading in Plaintiffs' Amended Complaint, no discovery obtained by Plaintiffs will have any bearing on the Rule 12(b)(6) motions. *Petrus,* 833 F.2d at 583; *Smith v. Potter,* 400 F. App'x 806, 813 (5th Cir. 2010) (affirming discovery stay when pending dismissal motion involved issues "largely legal rather than factual in nature").

In determining whether a stay is appropriate, a court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Bickford v. Boerne Ind. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (staying discovery pending decision on motion to dismiss) (quotation omitted).

Given Plaintiffs' failure to allege any specific action by Dr. Jones to harm them, among numerous other infirmities in Plaintiffs' claims, Dr. Jones has a reasonable probability of succeeding on his motion to dismiss, thereby obviating the need for him to incur further burdens and expenses by having to participate in discovery in this matter. Indeed, a stay will allow both sides to avoid the time and expense of discovery if the Court grants the motions to dismiss.

On the other hand, it is hard to conceive of any harm that would occur by deferring discovery until after the 12(b)(6) motions are decided. Plaintiffs have showed no urgency in

pursuing discovery in this matter, which they filed two years ago. Leaving aside their failure to even seek a Rule 26(f) conference to discuss a discovery plan for the case, last week was the first time they expressed any interest in taking a deposition. If any portion of the case against Dr. Jones survives the 12(b)(6) motion, undersigned counsel will cooperate with Plaintiffs and any remaining Defendants in an orderly plan for discovery at that time.[2]

Accordingly, the Court should stay discovery until it rules on the 12(b)(6) motions.

## II. The Court Should Issue a Protective Order as to Plaintiffs' Planned Depositions

Rule 26(c) permits a court to issue a protective order from discovery on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Apart from Defendants' request for a stay, the Court should issue a protective order to prevent Plaintiffs from deposing Dr. Jones and two other Defendants next week for at least four reasons.

First, Rule 26(d) provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Because the parties have yet to confer in accordance with Rule 26(f), Plaintiffs' proposed depositions are, at best, premature. Indeed, the parties have not even exchanged Rule 26(a) initial disclosures, a precursor to further discovery.

Second, Plaintiffs' deposition notices fail to comply with Rule 30(b)(1), which requires a notice to "state the time and place of the deposition." None of Plaintiffs' three deposition notices identifies the place of the deposition. They simply say, "Any location of deponent's choice." Thus, they fail to notify the deponent, his counsel, other counsel, the court reporter, and other participants of where they are to appear for the deposition.

Third, Plaintiffs' deposition notices appear to contemplate in-person depositions, which

---

[2] Given that Defendants have not even answered the Complaint due to the pendency of their 12(b)(6) motions, the case schedule likely will need to be adjusted if any portion of the case survives the 12(b)(6) motions.

5

are inappropriate and unnecessary during the height of the Covid-19 pandemic and would expose the participants to unnecessary risk of contracting or spreading the coronavirus. Due to his age, Dr. Jones is among those most at risk.

Fourth, it appears that Plaintiffs may be pursuing these depositions for an improper purpose. After months of doing nothing to prosecute this case while the 12(b)(6) motions were pending, Plaintiffs contacted Defendants' counsel out of the blue last week to insist on taking these depositions. As discussed in Defendant Stone's motion (Dkt. 93), Plaintiff Klayman took the deposition of Mr. Stone in a related case and then promptly posted it on his website, apparently to embarrass Mr. Stone, to raise money, and for other purposes unrelated to the litigation. It appears that Plaintiff Klayman has a similar intention here.[3]

Accordingly, Dr. Jones and the other Defendants have demonstrated good cause for a protective order directed at Plaintiffs' efforts to depose Dr. Jones and other Defendants next week.

### III. Undersigned Counsel Conferred in Good Faith with Plaintiffs' Counsel Prior to Filing this Motion

In accordance with Local Rule CV-7(i), undersigned counsel attempted in good faith to confer and resolve this matter by agreement with the other side prior to filing this Motion.

On February 10, 2021, Plaintiff Klayman's associate emailed Defendants' counsel that "Mr. Klayman will be filing notices of deposition for Mr. Alex Jones, Mr. David Jones, and Mr. Owen Shroyer for February 24, 25, and 26 respectively." In response, undersigned counsel emailed Plaintiff Klayman and Plaintiff Corsi's counsel that afternoon as follows:

> With the motions to dismiss fully briefed and pending since mid-October and hopefully on the verge of being decided, the most efficient course at this point would be to have the Court stay discovery pending resolution of the motions. If any portion of the case survives the motions, then the Court should extend the discovery deadline to permit the parties to complete discovery in an orderly fashion.

---

[3] Given this history and if discovery proceeds in the future, the Court should issue a confidentiality order to protect the parties from Plaintiffs' apparent desire to use discovery for purposes unrelated to the litigation. Undersigned counsel is preparing a proposed Agreed Confidentiality and Protective Order based on the Court's form.

Defendants intend to file a motion to the effect. Will you consent and join the motion?

Plaintiff Klayman simply responded "[n]o," without further elaboration. Plaintiff Corsi's counsel responded, "I don't consent to the stay or the extension."

## CONCLUSION

For these reasons, the Court should stay discovery until it rules on Defendants' 12(b)(6) motions to dismiss, issue a protective order preventing Plaintiffs from deposing Defendants Alex Jones, David Jones, and Owen Shroyer on February 24, 25, and 26, 2021, respectively, and order such other and further relief that the Court deems just and proper.

Dated: February 17, 2021

Respectfully submitted,

*s/David S. Wachen*
David S. Wachen
Admitted *Pro Hac Vice*
WACHEN LLC
11605 Montague Court
Potomac, MD 20854
(240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

Gregory P. Sapire
State Bar of Texas No. 00791601
SOLTERO SAPIRE MURRELL PLLC
7320 N MoPac Expy., Ste. 309
Austin, TX 78731
(737) 202-4875
(f) (512) 359-7996
greg@ssmlawyers.com

**COUNSEL FOR DEFENDANT DAVID JONES**

## **Certificate of Service**

On February 17, 2021, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

                                              *s/David S. Wachen*
                                              David S. Wachen