```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
 2                          AUSTIN DIVISION

 3  JEROME CORSI, LARRY KLAYMAN,             ) AU:20-CV-00298-LY
                                             )
 4     Plaintiffs,                           )
                                             )
 5  v.                                       ) AUSTIN, TEXAS
                                             )
 6  INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, )
    ALEX E. JONES, DAVID JONES, OWEN SHROYER,)
 7                                           )
       Defendants.                           ) MAY 21, 2020
 8
             *********************************************
 9              TRANSCRIPT OF TELEPHONE CONFERENCE
                  BEFORE THE HONORABLE LEE YEAKEL
10           *********************************************

11  APPEARANCES:

12  FOR THE PLAINTIFFS:   LARRY KLAYMAN
                          KLAYMAN LAW GROUP P.A.
13                        2020 PENNSYLVANIA AVENUE NW, SUITE 800
                          WASHINGTON, D.C. 20006
14
    FOR THE DEFENDANTS:   JAY MARSHALL WOLMAN
15                        RANDAZZA LEGAL GROUP, PLLC
                          100 PEARL STREET, 14TH FLOOR
16                        HARTFORD, CONNECTICUT 06103

17                        BRADLEY JORDAN REEVES
                          REEVES LAW, PLLC
18                        702 RIO GRANDE STREET, SUITE 306
                          AUSTIN, TEXAS 78701
19
                          MARC J. RANDAZZA
20                        RANDAZZA LEGAL GROUP, PLLC
                          2764 LAKE SAHARA DRIVE, SUITE 109
21                        LAS VEGAS, NEVADA 89117

22                        DAVID SCOTT WACHEN
                          WACHEN LLC
23                        11605 MONTAGUE COURT
                          POTOMAC, MARYLAND 20854
24

25
```

```
 1                         GREGORY P. SAPIRE
                           SOLTERO SAPIRE MURRELL PLLC
 2                         7320 NORTH MOPAC EXPRESSWAY, SUITE 309
                           AUSTIN, TEXAS 78731-2311
 3
     COURT REPORTER:       ARLINDA RODRIGUEZ, CSR
 4                         501 WEST 5TH STREET, SUITE 4152
                           AUSTIN, TEXAS 78701
 5                         (512) 391-8791

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Proceedings recorded by computerized stenography, transcript

25   produced by computer.
```

```
09:44:34   1   months here doesn't mean anything.  I realize this case may
09:44:38   2   have sat around in the previous court for a while.  That's not
09:44:43   3   your fault; that's not my fault.  I got it for new when it got
09:44:49   4   filed this year, and that's what I'm picking up with.
09:44:54   5              You're going to have to figure how much time you want
09:45:00   6   because once I get it set, once I fill in after a subsequent
09:45:06   7   conference your trial month and final pretrial conference date
09:45:16   8   and time, you're not likely to get a continuance or a
09:45:20   9   postponement.
09:45:21  10              So sit down, presume for the moment that the motion
09:45:28  11   to dismiss is denied, and schedule your case accordingly.  And
09:45:33  12   then if the motions to dismiss are granted, then it just got
09:45:36  13   easier for everybody.  So put those dates firmly in your mind
09:45:45  14   because, as I said, once I have scheduled you for final
09:45:50  15   pretrial conference and trial, I am not likely to change those
09:45:55  16   dates.
09:45:55  17              You'll hear about this again.  I've told you about
09:45:59  18   the large dockets we have.  It creates far too big a ripple
09:46:03  19   effect through my docket if I start trying to reset things, so
09:46:08  20   I simply don't do it.
09:46:10  21              Each of you needs to understand you only have one
09:46:12  22   role in this case, and that's to resolve it.  And you can do in
09:46:17  23   one of three ways -- and you will hear this again -- you could
09:46:21  24   settle it or I could grant a well-taken dispositive motion for
09:46:26  25   one or more defendants, be it a motion to dismiss or a motion
```

```
09:46:32   1   for summary judgment or any other nature of dispositive motion,
09:46:37   2   or you can try the case.  And I don't care which of the three
09:46:40   3   alternatives it is.
09:46:42   4            I like to try lawsuits.  If I had my way and could
09:46:47   5   pass one law, I would do away with motion practice altogether,
09:46:51   6   and you would either settle your case or try your case, the way
09:46:55   7   it was in the olden days.  And it was a much better system
09:47:00   8   before we developed this cottage industry about discovery and
09:47:04   9   motions practice.
09:47:05  10            So I'm not going to get you back here before your
09:47:07  11   trial and knock you around about why you haven't settled.
09:47:12  12   You're not going to be pushed as you go along to get your case
09:47:16  13   settled.  If you get it settled, that will be fine.  But that
09:47:20  14   is not anything that particularly bothers me.
09:47:23  15            I also don't care about controversial cases or
09:47:28  16   parties, and I don't care how long it takes to try a case.
09:47:31  17   Lengthy cases do not bother me.  However, I will tell you now
09:47:36  18   that you will get put on a clock.  At the appropriate point in
09:47:43  19   this case we will discuss how much time you're going to get to
09:47:46  20   try in your case, so you need to factor into what you're doing
09:47:49  21   that you're not going to get unlimited time to try your case.
09:47:52  22            So how long do you think you need to get in a
09:47:56  23   scheduling order for me?
09:48:02  24            MR. KLAYMAN:  Your Honor, I think we can do it in
09:48:04  25   ten days.
```