# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DR. JEROME CORSI, et al** | § | |
| | § | |
| V. | § | 1-20-CV-298-LY |
| | § | |
| **INFOWARS, LLC, et al.** | § | |

## ORDER

Before the Court is Defendant Roger Stone's Motion to Stay Discovery, to Quash Plaintiffs' Deposition Notices and for Protective Order (Dkt. No. 93), and Defendant David Jones's Opposed Motion to Stay Discovery and for Protective Order (Dkt. No. 95). The Court held a hearing on the motions on March 23, 2021. As discussed at the hearing, all of the defendants in the case have filed motions to dismiss.[1] Each of the motions are fully briefed and ripe for consideration.

In light of the potential dispositive nature of the motions to dismiss, and in the interest of justice and judicial efficiency, the Court hereby **GRANTS** both motions to stay (Dkt. Nos. 93 and 95) and **ORDERS** that discovery is **STAYED** pending the resolution of the motions to dismiss (Dkt. Nos. 55, 57, 58, 59, 70), or further order of the Court. As noted on the record, the Court would not customarily stay discovery due to a pending 12(b)(6) motion, but because the motions appear to have merit, such a stay is warranted here.

The Court also notes that the day after the hearing the Plaintiffs filed a "Notice of Pending Filing" (Dkt. No. 99), in which they give notice that they will be filing a motion "to request that the

---

[1] Defendant Owen Shroyer's Motions to Dismiss for Failure to State a Claim and for Attorney's Fees (Dkt. No. 55), Defendant David Jones's Motion to Dismiss for Failure to State a Claim (Dkt. No. 57), Defendants Free Speech Systems, LLC, Infowars, LLC and Alex E. Jones's Motions to Dismiss for Failure to State a Claim as to Jerome Corsi (Dkt. No. 58) and Larry Klayman (Dkt. No. 59), and Defendant Roger Stone's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Dkt. No. 70).

presiding judge rule on the pending motions to dismiss or alternatively to assign a new magistrate judge to this case." *Id.* at 1. The basis of this request is what Plaintiffs' view as "prejudicial remarks by Magistrate Judge Austin which more than suggest and create more than even an appearance that he has prejudged this matter, even though he has apparently yet to conduct a thorough review of pending motions to dismiss and their oppositions by Plaintiffs." *Id.* In fact, as the Court stated at the hearing multiple times, the undersigned had, prior to the hearing, read all of the motions to dismiss, the responses, and the replies, as well as all of the attachments. Thus, far from "prejudging" those matters, the undersigned expressed his preliminary opinion that the motions appeared to have merit. Though it should not be necessary to state this, a judge expressing his view of the merits of a lawsuit is not making "prejudicial remarks." He is simply doing his job.

Finally, the Court must also correct a misimpression the Plaintiffs' tried to leave in the filing. Plaintiffs criticize the undersigned for not yet having issued a report and recommendation on the motions to dismiss, and contend the undersigned suggested "that it would be a considerable time until the case is tried in any event and that he is retiring at the end of May." *Id.* at 2. In fact, the context for the Court bringing up his retirement date was the Court's statement that it would give the motions "priority as much as possible," but in any event he could assure the parties that, because he is retiring on May 31, 2021, a report and recommendation would be completed "before then."

SIGNED this 26th day of March, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE