IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEROME CORSI AND LARRY KLAYMAN, § § | | |
| PLAINTIFFS, § | | |
| § | | |
| V. § | | |
| § | CAUSE NO. 1:20-CV-298-LY | |
| INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; ALEX E. JONES; DAVID JONES; OWEN SHROYER; AND ROGER STONE, § § § § | | |
| DEFENDANTS. § | | |

## ORDER

Before the court in the above-styled and numbered cause is Plaintiffs Jerome Corsi and Larry Klayman's Motion to Have Presiding Judge Decide Outstanding Motions to Dismiss filed April 13, 2021 (Doc. #101), Defendants Free Speech Systems, LLC, Infowars, LLC, Alex E. Jones, and Owen Shroyer's response filed April 15, 2021 (Doc. #103), Defendant David Jones's response filed April 15, 2021 (Doc. #104), Defendant Roger Stone's response filed April 15, 2021 (Doc. #105), and Corsi and Klayman's reply filed April 19, 2021 (Doc. #106).

The court construes the motion as a motion to recuse United States Magistrate Judge Andrew Austin. *See* 28 U.S.C. § 455.[1] Corsi and Klayman allege that Judge Austin demonstrated prejudice against them and the subject matter of this suit through comments that they assert are a "prejudgment." To obtain recusal a movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1165 (5th Cir. 1982).

---

[1] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must recuse himself if he has personal bias or prejudice against a party. *Id.* at § 455(b)(1).

The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (citations omitted). For Corsi and Klayman to prevail on the motion to recuse, they must do more than identify judicial conduct that is apparently prejudicial or partial—they must identify prejudicial or partial conduct that is extrajudicial in nature, that is conduct not within the judicial context. *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 (5th Cir. 1980); *see also Litkey v. United States*, 510 U.S. 540, 554 (1994) ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Additionally, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Litekey*, 510 U.S. at 555; *see also Trust Co. of La. v. N.N.P., Inc.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (holding that adverse rulings, even those involving admonishments, do not demonstrate trial judge's impartiality and or warrant recusal).

The court will deny Corsi and Klayman's motion to recuse because their allegations of bias and prejudice are speculative and fail to show that a reasonable person would harbor doubts about impartiality in this case. Moreover, Corsi and Klayman have not shown that the alleged bias is personal rather than judicial in nature. Accordingly,

**IT IS ORDERED** that Corsi and Klayman's motion (Doc. #101) is **DENIED**.

SIGNED this _26th_ day of April, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE