IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DR. JEROME CORSI, et. al. <br><br> Plaintiff(s), <br><br> v. <br><br> INFOWARS, LLC et. al., <br><br> Defendant(s) | Case No.: 1:20-CV-00298-LY |

**DEFENDANT ROGER STONE'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE REPORT AND RECOMMENDATIONS**

Defendant, Roger Stone, through counsel, files this response to plaintiffs' motion to vacate Report and Recommendations of Magistrate Judge Austin filed on May 25, 2021. (ECF No. 109) ("Motion").

**ARGUMENT**

The repetitive and acerbic campaign continues by Plaintiffs against Defendant Roger Stone and now, the magistrate judge. Selecting the inappropriate knee jerk response to the report and recommendation is so natural to plaintiffs one might conclude they prefer attacking the integrity of the Court when they simply could follow the rules and they would receive a *de novo* review by the district judge, pursuant to Federal Rule of Civil Procedure 73(b).

The magistrate reviewed and analyzed the pleadings, and issued a report and recommendation regarding the motions to dismiss based upon the filings. *See* (ECF No. 100 at 2; ECF No. 108 (R&R)). This Court can review the operative complaint and determine for itself

whether it survives the motions to dismiss. (*See* ECF No. 70) (Stone's motion to dismiss). There were no factual findings to be made by the magistrate. Like any motion to dismiss, a judge is confined to the four corners of the operative complaint. *Blankenship v. Buenger*, 653 Fed. Appx. 330, 337 (5th Cir. 2016); *Sinclair v. Petco Animal Supplies Stores, Inc.*, 581 Fed. Appx. 369, 371 n. 1 (5th Cir. 2014). Plaintiffs, nonetheless, did not heed the warnings provided under the federal rules and this Court's Order. (ECF No. 108 at 18) (R&R – "warnings"); (ECF No. 88) (Order appointing magistrate). Plaintiffs instead resort to scandalous accusations and histrionics.

This Court previously denied plaintiffs' motion to have the presiding judge decide the outstanding motion to dismiss. (ECF No. 107) (Order denying). But for some extra invective, the new motion is the same as the previous motion. (*Compare* ECF No. 107 *with* ECF No. 109). A magistrate judge and a sitting district judge were attacked in the motion.[1] Defendant Stone adopts the codefendants responses to the motion and his own response in docket entry 105. We leave the options of sanctions to the Court.

The operative complaint filed by plaintiffs is a shotgun pleading. The Court can determine that for itself. The district judge in the Southern District of Florida found this complaint was a shotgun complaint and plaintiffs did not take the advice and amend. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). The magistrate was persuaded by that court's opinion and considered plaintiffs warned well enough that they should not be given grace to amend their complaint again. The magistrate's process did not make the magistrate's report "cooked." Motion at 2.

Plaintiffs, post-ruling, again moves to disqualify the magistrate, but not pursuant to any statute. *See* 28 U.S.C. § 455. Plaintiffs do not claim any extrajudicial source or pervasive bias. *See id.* The character attack about the magistrate came only after he reviewed the motions to

---

[1] Klayman is the person who referred the District Judge to the Judicial Counsel. Motion at 7.

dismiss and the operative complaint, and announced his justification for granting defendants' motion to stay discovery. (ECF No. 101) (Order). And now, after the issuance of the report and recommendation, plaintiffs raised their scandalous language. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (citation omitted). Indeed, if viewed in context, the magistrate judge was doing his job. *See United States v. Pearson,* 203 F.3d 1243, 1277 (10th Cir. 2000) (judge's comments relating to a party's pleadings did not warrant recusal after judge's comments reviewed in context). The magistrate did review the motions to dismiss and recommended granting them. No other comment made evidences any bias outside a review of the pleadings.

  Lastly, Plaintiffs "wonder" what the motivation or incentive for the magistrate to state that sanctions might be appropriate in light of the recommendation to dismiss the lawsuit. Motion at 3. The pending Rule 11 motions are the motivation. (ECF Nos. 87; 58). The case for Stone was clear on the pleadings. (ECF No. 70). Plaintiffs have a fundamental misunderstanding of the Lanham Act. It does not apply to ordinary speech; it applies to trademarks, copyrights, and commercial speech. (ECF No. 108 at 6-7). The statute of limitations is one year on all defamation related claims. (ECF No. 108 at 14-15). The limitations period expired before Stone was sued in this Court. Plaintiffs do not allege they were injured in Texas. They also do not allege facts of outrageous conduct. (ECF No. 108 at 15-16). The magistrate considered the intentional infliction of emotional distress claim as a precluded "gap filler tort." *Id.* at 16. Their claims of assault do not specify plaintiffs as the victims. *Id.* Their common law claims should

therefore be dismissed. No number of affidavits can amend the pleadings; no level of purported outrage by plaintiffs makes their lawsuit sufficiently state a claim.

## CONCLUSION

This Court should deny the motion to vacate the report and recommendation. We remind the Court that Stone has filed a motion under Rule 11 and 28 U.S.C. § 1927. Plaintiffs' meritless and disparaging claims require the Court's attention in light of their latest successive and procedurally infirm filing.

        Respectfully submitted,

        BUSCHEL GIBBONS, P.A.
        501 E. Las Olas Blvd., Suite 304
        Fort Lauderdale, FL. 33301
        Tele: (954) 530-5301
        Email: Buschel@BGlaw-pa.com

        Attorneys for Roger J. Stone

        By: __/s/__Robert Buschel_____
            ROBERT C. BUSCHEL
            (admitted W.D. Texas)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on June 3, 2021 by CM/ECF, the court's electronic filing system.

        By: __/s/__Robert Buschel_____
            ROBERT C. BUSCHEL

## 1:20-cv-00298-LY
Corsi et al v. Infowars, LLC et al

| | | |
|---|---|---|
| **Sanjay Biswas**<br>Sanjay Biswas Attorney at Law PC<br>11720 Duxbury Drive<br>Frisco, TX 75035<br>972-866-5879<br>800-506-6804 (fax)<br>sanjaybiswas41@gmail.com<br> *Assigned: 07/29/2020*<br> *ATTORNEY TO BE NOTICED* | representing | **Jerome Corsi**<br>*(Plaintiff)* |
| | | **Larry Klayman**<br>*(Plaintiff)* |
| **Larry Klayman**<br>Klayman Law Group P.A.<br>2020 Pennsylvania Ave. NW #800<br>Washington, DC 20006<br>561-558-536<br>202-318-8839 (fax)<br>leklayman@gmail.com<br> *Assigned: 03/07/2019*<br> *ATTORNEY TO BE NOTICED* | representing | **Jerome Corsi**<br>*(Plaintiff)* |
| | | **Larry Klayman**<br>*(Plaintiff)* |
| **Marc J. Randazza**<br>Randazza Legal Group, PLLC<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117<br>702-420-2001<br>702-297-6584 (fax)<br>mjr@randazza.com<br> *Assigned: 07/24/2019*<br> *PRO HAC VICE*<br> *ATTORNEY TO BE NOTICED*<br>cell is 702-757-1001 | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)* |
| | | **Alex E. Jones**<br>*(Defendant)* |
| | | **David Jones**<br>*(Defendant)* |
| | | **Owen Shroyer**<br>*(Defendant)* |

| | | |
|---|---|---|
| **Bradley Jordan Reeves**<br>Reeves Law, PLLC<br>702 Rio Grande St., Suite 306<br>Austin, TX 78701<br>512-827-2246<br>512-318-2484 (fax)<br>brad@brtx.law<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)*<br>**Alex E. Jones**<br>*(Defendant)*<br>**Owen Shroyer**<br>*(Defendant)* |
| **Gregory P. Sapire**<br>Soltero Sapire Murrell PLLC<br>7320 North MoPac Expy.<br>Suite 309<br>Austin, TX 78731-2311<br>512-431-9518<br>512-359-7996 (fax)<br>greg@ssmlawyers.com<br>  *Assigned: 04/02/2020*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **David Scott Wachen**<br>Wachen LLC<br>11605 Montague Court<br>Potomac, MD 20854<br>(240) 292-9121<br>301-259-3846 (fax)<br>david@wachenlaw.com<br>  *Assigned: 04/24/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001<br>(305) 437-7662 (fax)<br>jmw@randazza.com<br>  *Assigned: 04/04/2019*<br>  *LEAD ATTORNEY*<br>  *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |

**Infowars, LLC**
*(Defendant)*

**Alex E. Jones**
*(Defendant)*

**David Jones**
*(Defendant)*

**Owen Shroyer**
*(Defendant)*