IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DR. JEROME CORSI, et. al.<br><br>      Plaintiff(s),<br><br>v.<br><br>INFOWARS, LLC et. al.,<br><br>      Defendant(s) | Case No.: 1:20-CV-00298-LY |

**DEFENDANT ROGER STONE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE ANDREW W. AUSTIN**

Defendant, Roger Stone, through counsel, files this response to plaintiffs' objections to Report and Recommendations of Magistrate Judge Austin filed on June 8, 2021. (ECF No. 115) ("Objections").

**ARGUMENT**

In spite of Plaintiffs' previously filed, self-styled and self-authorized motion to vacate the report and recommendations, (ECF No. [109]), Plaintiffs filed a successive filing -- objections to the report and recommendations. The Court may consider docket entry 109 as the objections and could strike the successive "objections." ECF No. [115]. Regardless, there is nothing substantively different between the motion to vacate and the objections to the report and recommendations.

The magistrate reviewed and analyzed the pleadings, and issued a report and recommendations regarding the motions to dismiss based upon the filings. *See* (ECF No. 100 at

2; ECF No. 108 (R&R)). This Court can review the operative complaint and determine for itself whether it survives the motions to dismiss. (*See* ECF No. 70) (Stone's motion to dismiss). There were no factual findings to be made by the magistrate. Like any motion to dismiss, a judge is confined to the four corners of the operative complaint. *Blankenship v. Buenger*, 653 Fed. Appx. 330, 337 (5th Cir. 2016); *Sinclair v. Petco Animal Supplies Stores, Inc.*, 581 Fed. Appx. 369, 371 n. 1 (5th Cir. 2014). Indeed, Plaintiffs did not file their highlighted affidavits with the operative complaint. Plaintiffs, nonetheless, continue argue that filing of affidavits could overcome deficient pleadings. Objections at 3. The operative complaint filed by plaintiffs is a shotgun pleading. See ECF No. [70 at 17] (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006)). Plaintiffs never correct the pleading in any way. Plaintiffs were given *two* warnings that their complaint is deficient. ECF No. [108 at 7 n. 2] (R&R). Instead, plaintiffs elected to attack a district judge, and then the magistrate judge who agreed with the district judge's assessment plaintiffs' complaint is a "shotgun" complaint. *See* ECF No. [109] (Motion to vacate).

This district court made a remark at a status conference, in which Stone was not yet a defendant, that the court likes trying cases. Objections at 2. Plaintiffs cling to this as if that avoids the requirement of a proper and sufficient complaint stating a claim under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). It does not. *See* ECF No. [70 at 4, 9] (motion to dismiss discussion of law). Affidavits, swearing to allegations in the complaint, also do not avoid insufficient pleadings and does not avoid the absolute defense of the statute of limitations or insufficiently pleading causes of action. *See* R&R at 14-16; ECF No. [70 at 11-16]. Plaintiffs claim Florida law should be applied because some defendants requested an anti-SLAPP statute be enforced. Stone did not move for application of Florida's anti-SLAPP statute. Likewise, Stone

did not suggest that Florida law or a statute of limitations from Florida should apply in Texas against Stone.

Again, plaintiffs fundamentally misunderstand the Lanham Act. They think that because they are "media personalities" they are in competition with Stone and the other defendants for purposes of the Lanham Act. *See* Objections at 14, 18-21. Plaintiff ignores their own cited authority. Objections at 20. The Lanham Act prescribes liability for "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). A radio talk show does not qualify as "commercial advertising or promotion." R&R at 6-7 (citing *Farah v. Esquire Magazine,* 736 F.3d 528, 541 (D.C. Cir. 2013) ("The mere fact that the parties may compete in the *marketplace of ideas* is not sufficient to invoke the Lanham Act.") (Klayman & Corsi case). Indeed, plaintiffs already know this because they have attempted to sue others under the same theory and failed. Plaintiffs never attempt to distinguish *Farah* from this case. Thus, for the reasons set forth in Stone's motion for sanctions, Rule 11 should apply in the event this Court adopts the magistrate's report and recommendations. *See* ECF No. [84].

## **CONCLUSION**

This Court should overrule Plaintiffs' objections to the report and recommendations or strike it or deny it as moot, since it is a successive filing.

                                              Respectfully submitted,

                                              BUSCHEL GIBBONS, P.A.
                                              501 E. Las Olas Blvd., Suite 304
                                              Fort Lauderdale, FL. 33301
                                              Tele: (954) 530-5301
                                              Email: Buschel@BGlaw-pa.com

                                              Attorneys for Roger J. Stone

                                       By: __/s/__Robert Buschel_____
                                                   ROBERT C. BUSCHEL
                                                   (admitted W.D. Texas)

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on June 15, 2021 by CM/ECF, the court's electronic filing system.

By:   /s/ Robert Buschel
      ROBERT C. BUSCHEL

## 1:20-cv-00298-LY
Corsi et al v. Infowars, LLC et al

| | | |
|---|---|---|
| **Sanjay Biswas**<br>Sanjay Biswas Attorney at Law PC<br>11720 Duxbury Drive<br>Frisco, TX 75035<br>972-866-5879<br>800-506-6804 (fax)<br>sanjaybiswas41@gmail.com<br>  *Assigned: 07/29/2020*<br>  ATTORNEY TO BE NOTICED | representing | **Jerome Corsi**<br>*(Plaintiff)* |
| | | **Larry Klayman**<br>*(Plaintiff)* |
| **Larry Klayman**<br>Klayman Law Group P.A.<br>2020 Pennsylvania Ave. NW #800<br>Washington, DC 20006<br>561-558-536<br>202-318-8839 (fax)<br>leklayman@gmail.com<br>  *Assigned: 03/07/2019*<br>  ATTORNEY TO BE NOTICED | representing | **Jerome Corsi**<br>*(Plaintiff)* |
| | | **Larry Klayman**<br>*(Plaintiff)* |
| **Marc J. Randazza**<br>Randazza Legal Group, PLLC<br>2764 Lake Sahara Drive, Suite 109<br>Las Vegas, NV 89117<br>702-420-2001<br>702-297-6584 (fax)<br>mjr@randazza.com<br>  *Assigned: 07/24/2019*<br>  PRO HAC VICE<br>  ATTORNEY TO BE NOTICED<br>cell is 702-757-1001 | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)* |
| | | **Alex E. Jones**<br>*(Defendant)* |
| | | **David Jones**<br>*(Defendant)* |
| | | **Owen Shroyer**<br>*(Defendant)* |

| | | |
|---|---|---|
| **Bradley Jordan Reeves**<br>Reeves Law, PLLC<br>702 Rio Grande St., Suite 306<br>Austin, TX 78701<br>512-827-2246<br>512-318-2484 (fax)<br>brad@brtx.law<br> *Assigned: 04/02/2020*<br> *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |
| | | **Infowars, LLC**<br>*(Defendant)*<br>**Alex E. Jones**<br>*(Defendant)*<br>**Owen Shroyer**<br>*(Defendant)* |
| **Gregory P. Sapire**<br>Soltero Sapire Murrell PLLC<br>7320 North MoPac Expy.<br>Suite 309<br>Austin, TX 78731-2311<br>512-431-9518<br>512-359-7996 (fax)<br>greg@ssmlawyers.com<br> *Assigned: 04/02/2020*<br> *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **David Scott Wachen**<br>Wachen LLC<br>11605 Montague Court<br>Potomac, MD 20854<br>(240) 292-9121<br>301-259-3846 (fax)<br>david@wachenlaw.com<br> *Assigned: 04/24/2019*<br> *LEAD ATTORNEY*<br> *ATTORNEY TO BE NOTICED* | representing | **David Jones**<br>*(Defendant)* |
| **Jay Marshall Wolman**<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>(702) 420-2001<br>(305) 437-7662 (fax)<br>jmw@randazza.com<br> *Assigned: 04/04/2019*<br> *LEAD ATTORNEY*<br> *ATTORNEY TO BE NOTICED* | representing | **Free Speech Systems, LLC**<br>*(Defendant)* |

**Infowars, LLC**
*(Defendant)*

**Alex E. Jones**
*(Defendant)*

**David Jones**
*(Defendant)*

**Owen Shroyer**
*(Defendant)*