IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | |
|---|---|
| JEROME CORSI AND LARRY KLAYMAN<br>PLAINTIFFS,<br><br>V.<br><br>INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, OWEN SHROYER, AND ROGER STONE,<br>DEFENDANTS. | § § § § § § § § § § § § | CAUSE NO. 1:20-CV-298-LY |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the court in the above-styled and numbered cause of action are Defendant Owen Shroyer's Motion to Dismiss for Failure to State a Claim and for Attorneys' Fees and Costs Under Fla. Stat. § 768.295 filed August 26, 2020 (Doc. #55), Shroyer's Motion for Sanctions Against Dr. Jerome Corsi Pursuant to Fed. R. Civ. P. 11 filed August 26, 2020 (Doc. #56), Defendant David Jones's Motion to Dismiss Amended Complaint for Failure to State a Claim filed September 2, 2020 (Doc. #57), Defendants Infowars, LLC, Alex E. Jones, and Free Speech Systems, LLC's (collectively referred to as "Infowars") Motion to Dismiss Plaintiff Jerome Corsi's Portion of the Amended Complaint for Failure to State a Claim filed September 2, 2020 (Doc. #58), Infowars's Motion to Dismiss Plaintiff Larry Klayman's Portion of the Amended Complaint for Failure to State a Claim filed September 2, 2020 (Doc. #59), Defendant Roger Stone's Motion to Dismiss filed September 16, 2020 (Doc. #70), Stone's Motion for Sanctions filed October 13, 2020 (Doc. #84), and associated response and reply briefs.

On October 29, 2020, the district court referred all pending and future motions in this case to a United States Magistrate Judge for resolution and report and recommendation. *See* 28 U.S.C.

§ 636(b); Fed. R. Civ. P. 72; Loc. R. W.D. Tex. App'x C, R. 1. The magistrate judge signed a report and recommendation on May 24, 2021 (Doc. #108), recommending that this court grant Infowars, David Jones, Shroyer, and Stone's motions to dismiss, dismiss Corsi and Klayman's claims with prejudice for failure to state a claim, and deny Shroyer and Stone's motions for sanctions without prejudice to being refiled.

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within 14 days after being served with a copy of the report and recommendation and thereby secure *de novo* review by the district court. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Corsi and Klayman filed objections to the report and recommendation on June 8, 2021 (Doc. #115). Stone responded to Corsi and Klayman's objections to the report and recommendation on June 15, 2021 (Doc. #117), David Jones responded to the objections to the report and recommendation on June 21, 2021 (Doc. #118), and Infowars and Shroyer responded to the objections to the report and recommendation on June 22, 2021 (Doc. #119). Corsi and Klayman replied to Stone's response to the objections on June 22, 2021 (Doc. #120) and replied to David Jones's response to the objections on June 24, 2021 (Doc. #121). In light of the objections, the court undertakes a *de novo* review of the record and applicable law.

Corsi and Klayman's Motion for Status Conference and to Vacate Report and Recommendation of the United States Magistrate Andrew W. Austin was filed May 27, 2021 (Doc.

#109). David Jones responded to Corsi and Klayman's motion for status conference and to vacate report and recommendation on June 10, 2021 (Doc. #116). In light of the court overruling Corsi and Klayman's objections and adopting the magistrate judge's report and recommendation, the court will deny Corsi and Klayman's motion for a status conference and to vacate the report and recommendation.

Corsi and Klayman first argue that the magistrate judge erred when ignoring affidavits submitted by Corsi, Klayman, and Kelly Morales. The magistrate judge correctly pointed out that the inquiry on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019). The affidavits referenced in Corsi and Klayman's objections were attached to Corsi and Klayman's opposition briefs and not included with the amended complaint. The magistrate judge is correct to focus on the actual pleadings and the application of the Rule 12(b)(6) legal standard.

Corsi and Klayman next argue that the magistrate judge erroneously recommended dismissing the defamation claims against Shroyer and David Jones based on a lack of personal involvement because allegations in the complaint that defendants were working "in concert" to defame Corsi and Klayman were ignored. The court disagrees. In reviewing the pleadings, the magistrate judge determined that Corsi and Klayman's claims of alleged concerted action or conspiracy were insufficient to survive dismissal because the assertions were wholly conclusory and unsupported by any facts. In their objections, Corsi and Klayman provide no basis to sustain this objection and merely reassert the same insufficient, conclusory claims while referencing affidavits outside of the scope of a Rule 12(b)(6) inquiry.

3

Corsi and Klayman also assert that the magistrate judge erred in finding they did not allege actual malice, an alternative reason provided in the report and recommendation that dismissal of the defamation claims is appropriate. Specifically, Corsi and Klayman argue that Infowars, David Jones, Shroyer, and Stone acted with actual malice since they knew that the alleged defamatory statements were false because of their long histories and familiarity with Corsi and Klayman. The court disagrees. Again, Corsi and Klayman base this objection on affidavits outside of the scope of a Rule 12(b)(6) inquiry and offer no evidence from the pleadings that plausibly supports the claim that Infowars, David Jones, Shroyer, and Stone knew the complained-of statements were falsely made or with reckless disregard for the truth.

Next, Corsi and Klayman object to the magistrate judge's determination that they did not adequately plead Intentional Infliction of Emotional Distress ("IIED"). Corsi and Klayman rely on a comment directed at Corsi by Stone, saying, "I look forward to our confrontation. I will demolish you." However, Corsi and Klayman provide no argument to counter the magistrate judge's determination that the IIED is not "merely incidental to the commission of some other tort," and is thus appropriate for dismissal. Even if the referenced comment by Stone were enough of a factual allegation to necessarily support an IIED claim, the magistrate judge's determination that the "gravamen" of Corsi and Klayman's IIED claim is defamation would still warrant dismissal in this case.

The court is of the opinion that the remaining objections do not raise issues that were not adequately addressed in the report and recommendation. Therefore, finding no error, the court accepts and adopts the report and recommendation filed in this case for substantially the reasons stated therein. Accordingly,

**IT IS ORDERED** that Corsi and Klayman's motion for status conference and to vacate the report and recommendation (Doc. #109) is **DENIED**.

**IT IS FURTHER ORDERED** that Corsi and Klayman's objections (Doc. #115) to the report and recommendation of the United States Magistrate Judge are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. #108) is **ACCEPTED AND ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Shroyer and Stone's motions for sanctions (Docs. #56, 84) are **DENIED** without prejudice to refiling.

**IT IS FURTHER ORDERED** that Infowars, David Jones, Shroyer, and Stone's motions to dismiss (Docs. #55, 57, 58, 59, 70) are **GRANTED**.

**IT IS FINALLY ORDERED** that all of Corsi and Klayman's claims against Infowars, David Jones, Shroyer, and Stone are **DISMISSED WITH PREJUDICE.**

A final judgment shall be rendered subsequently.

SIGNED this 25th day of June, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE