IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2021 SEP 16 PM 3:32
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| JEROME CORSI AND LARRY KLAYMAN, § § § § § § § § § § § § | |
| PLAINTIFFS, | |
| V. | CAUSE NO. 1:20-CV-298-LY |
| INFOWARS, LLC; FREE SPEECH SYSTEMS, LLC; ALEX E. JONES; DAVID JONES; OWEN SHROYER; AND ROGER STONE, | |
| DEFENDANTS. | |

## ORDER

Before the court is Plaintiffs' Motion for Reconsideration filed June 25, 2021 (Doc. #124).[1] Plaintiffs Jerome Corsi and Larry Klayman seek reconsideration of this court's June 25, 2021 order adopting the magistrate judge's Report and Recommendation (Doc. #122). Plaintiffs also seek reconsideration of the court's Final Judgment dismissing Plaintiffs' claims with prejudice for failure to state a claim (Doc. #123).

Motions for reconsideration are made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Additionally, relief under Rule 59(e) is appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group,*

---

[1] Plaintiffs initially filed a "Motion for Reconsideration and Reply to the Infowars Defendants' Response to Objections to Report and Recommendation of Magistrate Judge Andrew W. Austin" in a single document. The clerk of this court issued a deficiency notice advising Plaintiffs to file the reply separately from the motion for reconsideration.

*Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the court's order. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration of an order is an extraordinary remedy that should be used sparingly. *See Templet*, 367 F.3d at 479.

Having considered the arguments raised in the motion for reconsideration, the court finds that there has been no showing that the court's June 25, 2021 order and final judgment included any manifest errors of law or fact or that there has been presented any newly discovered evidence. Further, the court concludes that the magistrate judge rendered thorough findings and conclusions in the Report and Recommendation, which this court approved and adopted. Thus, the court will deny Plaintiffs' motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration filed June 25, 2021 (Doc. #124) is **DENIED**.

Signed this __16th__ day of September, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE