UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DR. JEROME CORSI** and **LARRY KLAYMAN**,

Plaintiffs,

vs.

**INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES,** and **OWEN SHROYER**,

Defendants.

Civil Action No. 1:20-cv-00298-LY

**Opposition to Supplement to Cross Motion for Fees**

Mr. Klayman and Mr. Biswas have made a mockery of this docket. The Magistrate Judge filed his Report & Recommendation at ECF 108. We are now on ECF 164, and that number is artificially low, because this case originated in DDC. Now, in ECF 164, we have a "supplement" to a cross-motion for fees, which was itself frivolous. Of course, it is not actually a supplement to the cross motion,[1] but rather an extremely late[2] sur-reply[3] to Infowars Defendants' motion for attorneys' fees that tries to address the fatal defects in their Opposition that Plaintiffs noted in their Reply. The "supplement" is a mere recitation of arguments already made in their Opposition, or that they could have made in their Opposition. They do not identify any new factual or legal

---

[1] Plaintiffs' cross motion, such as it is, consists of less than one page of text and provides no legal authority, whether statute, rule, or case law, to support it. (ECF 145 at 23-24.)

[2] Plaintiffs filed their cross motion on August 2, 2021, and Infowars Defendants filed their response to it on August 6, 2021. (ECF 149 at 9.) Plaintiffs' reply was due no later than 7 days thereafter, or August 13, 2021. *See* L.R. CV-7(E)(2). Instead of filing a reply, they filed their rogue "supplement" 69 days after their reply was due.

[3] As has become a pattern for Plaintiffs, their "supplement" contains no acknowledgment of how late it is, and they have not made any request for leave to file a document other than a reply. *See* L.R. CV-7(E)(1) (providing that "[a] party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed"). The Court should strike Plaintiffs' "supplement" without addressing its substance.

developments that justify filing a supplement months after they were to file a reply.

If there is a case in history where a litigant so spectacularly failed in his case, yet was entitled to attorneys' fees, then certainly Mr. Klayman or Mr. Biswas would have cited it. We have no citation for the proposition that a vexatious litigant who fails in every single aspect of his case, would then be entitled to fees. Mr. Klayman and Mr. Biswas instead resort to ad hominem attacks and bigoted implications. The counsel for Infowars Defendants declines to dignify any of this with a response, unless the Court would like one.

If the Court would like one, then the Court should grant Mr. Klayman and Mr. Biswas' request for a hearing. At that hearing, all of the undersigned attorneys will be present to respond to any claims the Court deems worthy of inquiry.

In the meantime, this Honorable Court could at any time put an end to this. The Defendants respectfully request that it do so.

Dated: October 22, 2021

Respectfully submitted,

/s/Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Bradley J. Reeves (TX Bar No. 24068266)
REEVES LAW, PLLC
702 Rio Grande Street, Suite 306
Austin, TX 78701
Telephone: 512-827-2246
brad@brtx.law

Attorneys for Defendants
Infowars, LLC; Free Speech Systems, LLC;
Alex E. Jones; and Owen Shroyer

Civil Action No. 1:20-cv-00298-LY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on October 22, 2021 by CM/ECF, the court's electronic filing system.

/s/ Marc J. Randazza
Marc J. Randazza